**\*\*E-filed 12/28/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DEMAS WAI YAN, <br><br> Debtor. | No. C 11-1814 RS <br><br> Bankruptcy No. 04-33526 TEC <br> Adversary Proceeding No. 10-3152 TEC |
| DEMAS YAN, <br><br> Appellant, <br> v. <br><br> TONY FU, <br><br> Appellee. | **ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |

Demas Yan appeals a decision of the Bankruptcy Court dismissing with prejudice his cross-complaint in an action brought against him by Tony Fu, which had been removed from state court. Disputes between Yan and Fu originally arose in the context of their involvement in a condominium construction project at 663 Chenery Street in San Francisco between 2001 and 2003. Those disputes, which grew to include numerous other individuals related to Yan and Fu, have been the subject of numerous adversary proceedings in Yan's bankruptcy, and have generated at least four

1 separate appeals in this Court in addition to this one. See C 09-3930 RS, C 11-2211 RS, C 11-3071
2 RS, and C 11-3914 RS.

3 In the matter at hand, the Bankruptcy Court determined that the claims in Yan's cross-
4 complaint all arose pre-petition, and therefore are property of the bankruptcy estate. Yan
5 acknowledges that his allegations include matters dating from before he filed his petition for
6 bankruptcy. Yan insists, however, that under California law, his claims for intentional infliction of
7 emotional distress and breach of fiduciary duty both accrued upon "completion of the last act"
8 supporting the causes of action.[1] Yan reasons that because his cross-complaint asserts that the
9 allegedly wrongful conduct took place "[a]round the period from 2000 up to July 2010," "[f]rom
10 2004 to 2007," and, "[f]rom approximately 2002 to July 2010," the causes of action he advances
11 necessarily accrued after his bankruptcy petition was filed in 2006.

12 Neither of the cases cited by Yan support his proposition the statute of limitations does not
13 accrue until completion of the "last act" of wrongdoing. *See Cantu v. Resolution Trust Corp.*, 4 Cal.
14 App. 4th 857, 889 (1992) ("A cause of action for intentional infliction of emotional distress accrues,
15 and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a
16 result of outrageous conduct on the part of the defendant."); *Di Grazia v. Anderlini*, 22 Cal. App.
17 4th 1337, 1349 (1994) (rejecting argument that limitations period for breach of fiduciary duty claim
18 against trustee of express trust began to run upon mere suspicion of wrongdoing, but holding that
19 claim accrues upon "known breach."). It appears Yan may be attempting to rely on the principle
20 that in certain narrow circumstances involving an ongoing course of related wrongful conduct, a
21 plaintiff may recover damages for acts taking place outside the limitations period provided they are
22 "sufficiently linked" to events occurring within the statutory period. *See Richards v. CH2M Hill,
23 Inc.*, 26 Cal.4th 798, 811-817 (2001) (discussing the "continuing violation" doctrine in the context
24 of employee discrimination and harassment). While various theoretical approaches have been
25 applied in such contexts to allow plaintiffs to seek redress for claims that otherwise would be time-
26 barred, *see id.*, nothing in the facts here would support a conclusion that Yan's claims did not accrue

---

[1] The cross-complaint also contains a claim for "fraudulent transfer." Yan's briefing, however, includes no argument regarding this claim, and it does not appear to present any substantively distinct issues or warrant separate consideration.

2

until some point in time after his bankruptcy filing. Yan admittedly alleges conduct took place prior to 2006, which he contends constituted breaches of fiduciary duty and intentional infliction of emotional distress. Even assuming some form of the "continuing violation" doctrine were available in the setting of this commercial dispute to make recovery for those acts possible notwithstanding the bar of the statute of limitations, it would not somehow transform them into post-petition claims.[2]

While Yan has argued that Fu engaged in additional acts of misconduct after the bankruptcy filing in 2006, he has failed to show any error in the bankruptcy court's conclusion that the cross-complaint, as pleaded, failed to plead such acts with sufficient clarity and factual support. Moreover, the bankruptcy court gave Yan the opportunity to amend his cross-complaint to set forth facts that would show acts constituting either a breach of fiduciary duty or intentional infliction of emotional distress that took place post-petition, and Yan declined to do so. Accordingly, the decision of the bankruptcy court is affirmed.

IT IS SO ORDERED.

Dated: 12/28/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[2] Yan insists that he held but a single claim for breach of fiduciary duty and a single claim for intentional infliction of emotional distress, rather than a series of claims arising from each separate act of wrongdoing occurring over the three to ten-year period he alleges. Yan has not suggested, however, that some element of either claim was not satisfied until the occurrence of some specific event after 2006. Putting aside the issues of the statute of limitations and the bankruptcy petition filing date, it might be customary and proper as a matter of pleading form to group all of the allegedly wrongful acts into a single count each for "breach of fiduciary duty" and "intentional infliction of emotional distress." Doing so, however, would not mean that each separate event had not given rise to actionable claims.

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS DOCUMENT WAS MAILED TO:**

Tony Fu
5813 Geary Blvd.
PMB 188
San Francisco, CA 94121

Demas Wai Yan
595 Market St No. 1350
San Francisco, CA 94105

DATED: 12/28/11

/s/ Chambers Staff
Chambers of Judge Richard Seeborg