Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:   (916) 446-0790
Facsimile:    (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>　　　　　Appellant,<br><br>vs.<br><br>TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,<br><br>　　　　　Appellees. | CASE NO. 3:11-cv-01814-RS<br><br>**REPLY TO YAN DECLARATION IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:   August 10, 2017<br>Time:  9:00 a.m.<br>Ctrm:  F |

## I.   INTRODUCTION

Judgment creditor Crystal Lei ("Lei") hereby responds to the declaration of Demas Yan ("Yan") in response to order to show cause filed herein on July 27, 2017 (docket no. 53). The Yan declaration, which contains one statement which is patently untrue and another which is completely irrelevant, does not begin to explain his abject failure to produce the myriad of documents that were required to be produced pursuant to a subpoena at a Court ordered debtor's examination. Yan has already been held in contempt by a federal court and this Court should also hold Yan in contempt based on his continuing and willful failure to comply with Court orders.

///

///

---

REPLY TO YAN DECLARATION IN
RESPONSE TO ORDER TO SHOW CAUSE

1

*Yan v. Fu, et al.*
Case No. 3:11-cv-01814-RS

## II.  YAN'S LATE AND DE MINIMIS DOCUMENT PRODUCTION DOES NOT BEGIN TO COMPLY WITH THE SUBPOENA

In his declaration in response to the order to show cause, Yan asserts that he complied with the subpoena by producing a few bank statements.  Lei's application for order to show cause re contempt acknowledged the production of those bank statements (which only cover a portion of 2016 and 2017), but there is absolutely no explanation as to why numerous other documents called for by the subpoena were not produced, including but not limited to documents relating to a sale of a condominium in Hong Kong in 2015, tax returns, and other documents as specifically described in the subpoena and a follow up letter to Yan from the office of the undersigned counsel (the subpoena and the letter were appended as <u>Exhibits B</u> and <u>D</u> to the declaration of Mark A. Serlin in support of application for order to show cause re contempt filed herein on July 19, 2017 (docket no. 50-1)).  Yan makes no effort to claim that he does not have possession, custody, or control of such documents (and as a practicing attorney, it would be simply incredible if he did not have them).  In sum, Yan seems to think that a one sentence declaration stating that he produced a few documents of his own choosing complies with the subpoena.   Such is the epitome of contempt.

Quite apart from the foregoing, Yan has manifestly committed perjury in his testimony at the debtor's examination.  Specifically, he claimed that his address was 1433 7th Avenue, San Francisco, California 94122 and that his wife, Meiling Fang, was separated from him and had been for years.  He claimed to know nothing about her income or her whereabouts.  Per the accompanying supplemental declaration of Mark A. Serlin submitted concurrently herewith, that representation is almost certainly false.  The United States Postal Service has confirmed that Meiling Fang receives mail at 1433 7th Avenue, San Francisco, California 94122 and public record searches also indicate that such is her current residential address.  Additionally, Yan's claim to have no memory whatsoever as to who purchased his Hong Kong condominium or for how much or where the money went is simply not credible.  Indeed, it is hard to imagine a more perjurious testimony, especially coming from a practicing attorney.

In light of the foregoing, it is appropriate that the Court hold Yan in contempt and sanction him $500.00 per day for each day of non-production of the subpoenaed documents for a period of

30 days and after that, to confinement in the San Francisco County Jail until he irrevocably agrees to produce all of the documents that were subpoenaed. Such sanctions are clearly warranted to provide the necessary encouragement for compliance with this Court's order in the form of the previously issued and served subpoena. To do anything less would simply encourage Yan's contemptuous behavior. Notably, the California Court of Appeals has also directed Yan to produce tax returns in a published opinion (see accompanying Serlin declaration at ¶2, Exhibit A).

### III.   CONCLUSION

Yan's response to the order to show cause demonstrates beyond all doubt that contempt sanctions are amply warranted for Yan's willful and continuing failure to respond to a court order in the form of a duly issued and served subpoena. The Court should hold Yan in contempt and issue sanctions against Yan as requested.

DATED: August 1, 2017                                          SERLIN & WHITEFORD, LLP

By:        */s/ Mark A. Serlin*
           MARK A. SERLIN, Attorneys for Judgment
           Creditor CRYSTAL LEI

S:\Active Files\LEI & FU\federal court action\court docs\contempt.reply.docx