Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:   (916) 446-0790
Facsimile:    (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>    Appellant,<br><br>vs.<br><br>TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,<br><br>    Appellees. | CASE NO. 3:11-cv-01814-RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RENEWED APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT AGAINST DEMAS YAN** |

## I.  INTRODUCTION

Judgment creditor Crystal Lei ("Lei") has applied once again for issuance of an order to show cause re contempt against Demas Yan ("Yan"), the judgment debtor herein. Yan, an attorney subject to pending charges in the California State Bar Court, has acted in complete contempt of this Court and has willfully flouted multiple Court orders for production of documents. It is therefore necessary and appropriate that this Court issue an order to show cause as to why Yan should not be held in contempt and for sanctions of $6,407.50 for attorneys' fees and costs incurred by Lei in obtaining documents which should have already been produced and for additional sanctions of $500.00 per day until Yan produces the documents which have now twice been ordered produced by this Court.

## II.     FACTUAL SYNOPSIS

Based on a lengthy order which, among other things, disqualified Yan from ever appearing before the Ninth Circuit Court of Appeal again, Yan was ordered to pay sanctions to Lei for egregious behavior in the amount of $35,004.71.   Yan has failed and refused to pay that amount or any portion thereof.   Lei obtained a debtor's examination order directed to Yan and personally served it upon him together with a subpoena duces tecum for production of documents.   Yan failed to submit any objection to any of the documents requested in the subpoena, but failed to produce any documents at the debtor's examination.   At a subsequent hearing, the Court determined to order Yan to produce various documents which had already been subpoenaed and not produced.   Such documents included, *inter alia*, tax returns for 2014, 2015, and 2016.   The Court ordered Yan to produce the documents to Lei by August 31, 2017.

Instead of producing the ordered documents, Yan submitted an informal objection to the production of tax returns and produced virtually none of the documents which he was ordered to produce other than some bank statements.   Yan's response was not signed under penalty of perjury and contains nothing but legal arguments and totally implausible assertions of lack of ability to produce documents.   The subpoena, the Court's order for production, and Yan's response are appended as exhibits to the accompanying declaration of the undersigned counsel.

## III.     ALL OBJECTIONS TO THE SUBPOENA WERE WAIVED BY FAILURE TO TIMELY SUBMIT OBJECTIONS AND/OR A MOTION TO QUASH

Yan failed to submit any objection to the subpoena prior to its return date, namely the date of the debtor's examination, which was June 27, 2017.   Nonetheless, Yan failed to bring any documents to the debtor's examination whatsoever.   Those documents clearly included tax returns which, as the Court noted at the hearing held on August 10, 2017, Yan had already been ordered to produce pursuant to a published decision of the California Court of Appeals.   The Court directly ordered Yan to produce his tax returns for the years 2014, 2015, and 2016.   At the hearing held on August 10, 2017, Yan claimed that such tax returns would improperly divulge information about a third party, namely his wife, but never raised any Fifth Amendment privilege. Instead, having been required to bring the tax returns to the debtor's examination by the subpoena

and then again by this Court's order entered August 10, 2017, Yan decided to claim a Fifth Amendment privilege on the last possible day for compliance with the Court order.

It has long been the rule that failure to timely object to a subpoena waives all grounds for objection including privilege.  U.S. ex rel Schwartz v. TRW, Inc. 211 F.R.D. 388, 392 (C.D. Cal. 2002).  Similarly, the Ninth Circuit Court of Appeals has held that an election not to assert a privilege in the face of a subpoena is properly viewed as a waiver of such privilege.  In re Pacific Pictures Corp., 679 F.3d 1121, 1130 (9th Cir. 2012), citing In re Grand Jury Proceedings, 219 F.3d 175, 187 (2nd Cir. 2000).   The Ninth Circuit has also held that failure to assert a Fifth Amendment privilege waives a later invocation of such privilege.  United States v. Anderson, 79 F.3d 1522, 1527 (9th Cir. 1996).

In the instant matter, despite a subpoena duly served under Rule 45, Yan failed to submit any objection thereto by the production date, much less did he file a motion to quash.  In accordance with the foregoing authorities, such failure constitutes a waiver of any right to claim a Fifth Amendment privilege.  Quite simply, Yan, a practicing attorney, cannot claim a Fifth Amendment privilege at this late date after having failed to assert it at any time prior to the return date for the subpoena as required under Rule 45.

## IV.   THE FIFTH AMENDMENT PRIVILEGE DOES NOT APPLY TO SELF-PREPARED TAX RETURNS

As a threshold matter, California law does not allow the assertion of a Fifth Amendment privilege in a debtor's examination absent a real danger of criminal prosecution.  Troy v. Superior Court (1986) 186 Cal.App.3d 1006, 1011.  Federal law is similar.  Barker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981).

The active production privilege under the Fifth Amendment does not apply to required records.  Specifically, the Fifth Amendment does not protect production of records which are required to be maintained by law.  U.S. v. Clark, 574 F.Supp.2d 262, 267 (D. Conn. 2008); In re Sambrano Corporation 411 B.R. 562, 566 (Bankr. W.D. Tex 2010), citing AAOT Foregin Econ. Ass'n (VO). Tech v. Int'l Dev. & Trade Servs. 1999 WL 970402 at *6, 1999 U.S. Dist. Lexis 16617 at *19-20 (S.D.N.Y. Oct. 21 1999).  To qualify as a required record, a document must

satisfy a three part test: (1) it must be legally required for regulatory purposes, (2) it must be the kind that the regulated party customer normally keeps, and (3) it must be assumed the public aspect which renders it analogous to public documents.  (Id.)  Accordingly, the required record exception has been applied to require the production of documents such as tax returns in the face of a claim of Fifth Amendment production privilege.  U.S. v. Clark, supra.  See also United States v. Sideman & Bancroft, LLP 704 F.3d 1197, 1202-1205 (9th Cir. 2013) which held that tax returns are properly compelled turned over notwithstanding a claim of Fifth Amendment privilege based on the required records exception to Fifth Amendment production privilege.

## V. SANCTIONS ARE AMPLY WARRANTED

Lei has been put to enormous expense to obtain documents which should have been produced pursuant to the subpoena in the first instance.  Quite simply, Yan's refusal to produce subpoenaed documents both pursuant to the duly served subpoena and this Court's order is both contemptuous and bad faith.  Therefore, sanctions under FRCP 37 and U.S.C. § 1927 are entirely appropriate.  Per the accompanying declaration of Mark A. Serlin, Lei has incurred attorneys' fees and costs of $6,407.50 in seeking to compel production of documents which should have been produced long ago and thus sanctions in that amount are amply warranted.   In addition, in order to induce compliance with this Court's order and purge the contempt, sanctions of $500.00 per day for each day of continued non-production are amply warranted.  United States v. Bright 596 F.3d 683, 696 (9th Cir. 2010).

## VI. CONCLUSION

For the foregoing reasons, it is appropriate and necessary that Yan be held in contempt for his willful and knowing failure to comply with this Court's order and the subpoena and sanctions payable to Lei in the amount of $6,407.50 plus $500.00 per day for each day of non-production after the Court ordered production date of August 31, 2017 should be ordered.

DATED: September 5, 2017                               SERLIN & WHITEFORD, LLP


By: _____/s/ Mark A. Serlin_____
    MARK A. SERLIN, Attorneys for Judgment
    Creditor CRYSTAL LEI