Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:     (916) 446-0790
Facsimile:     (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

               Appellant,

vs.

TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,

               Appellees.

CASE NO. 3:11-cv-01814-RS

**DECLARATION OF MARK A. SERLIN IN SUPPORT OF RENEWED APPLICATION FOR ISSUANCE OF ORDER TO SHOW CAUSE RE CONTEMPT AGAINST DEMAS YAN**

I, Mark A. Serlin, declare as follows:

1.      I am an attorney duly licensed to practice law by the State of California and am authorized to practice before this Court.  I am counsel to judgment creditor Crystal Lei in the above-captioned matter.   I make this declaration based on personal knowledge, and if called as a witness to testify as to matters stated herein, I would be willing and competent to do so.

2.      Attached hereto as <u>Exhibit A</u> is a prior declaration (docket no. 50-1) which I submitted in support of the prior application for issuance of order to show cause re contempt against Demas Yan ("Debtor").

3.      Attached hereto as <u>Exhibit B</u> is the Court's order dated August 10, 2017 (docket no. 60) compelling Debtor to produce various documents, including but not limited to tax returns.

---

4.      Attached hereto as <u>Exhibit C</u> is Debtor's response to the Court's order (without the voluminous bank record exhibits).

5.      My client has incurred $6,332.50 of attorneys' fees (14.9 hours at $425.00/hour) and costs (process service fee) of $75.00 for a total of $6,407.50 appearing at the debtor's examination at which Debtor failed to produce any documents as well as preparing the prior application for issuance of order to show cause and the instant application.

6.      Based on applicable Ninth Circuit authority, I believe that it is appropriate and necessary that the Court impose sanctions of $500.00 per day against Debtor for each day after August 31, 2017 (the production date ordered by this Court) which he fails and refuses to produce tax returns and other documents which he was ordered to produce pursuant to this Court's order. Notably, Debtor does not dispute that he sold a condominium in Hong Kong for millions of Hong Kong dollars and he has failed to produce any documents relating thereto even though he has been a licensed practicing attorney since 2008 and it is simply not credible that he has no documents relating to a real estate sales transaction which occurred in 2015.   Moreover, although claiming attorney-client privilege for his accounts receivable, Debtor has failed to provide any privilege log whatsoever.

7.      Finally, Debtor failed to submit any objection, much less a motion to quash, to any portion of the subpoena duces tecum which required production of documents at the debtor's examination held in this Court on June 27, 2017.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Sacramento, California on September 5, 2017.

                          */s/ Mark A. Serlin*
                          MARK A. SERLIN

S:\Active Files\LEI & FU\federal court action\court docs\2contempt.mas decl.docx

Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:     (916) 446-0790
Facsimile:     (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN, | CASE NO. 3:11-cv-01814-RS |
| Appellant, | |
| vs. | **DECLARATION OF MARK A. SERLIN IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE RE CONTEMPT** |
| TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN, | |
| Appellees. | |

I, Mark A. Serlin, declare as follows:

1.     I am an attorney duly licensed to practice law by the State of California and am authorized to practice in this Court.   I am counsel to judgment creditor Crystal Lei ("Lei") in the above-captioned matter.   I make this declaration based on personal knowledge, and if called as a witness to testify as to matters stated herein, I would be willing and competent to do so.

2     On May 12, 2017, I caused a debtor's examination order and subpoena duces tecum to be personally served on judgment debtor Demas Yan ("Yan"); a true copy of that proof of service is attached hereto as <u>Exhibit A</u>.   The subpoena, a true copy of which is attached hereto as <u>Exhibit B</u>, required Yan to bring various documents with him to the examination.

///

---

# Exhibit A

3.      On June 27, 2017, Yan appeared for the debtor's examination.   However, despite his express acknowledgment that he received the subpoena duces tecum, he failed to bring any documents with him whatsoever.   A true copy of the debtor's examination transcript with salient provisions highlighted is attached hereto as <u>Exhibit C</u>.

4.      On June 29, 2017, I sent to Yan via email a letter again demanding production of the documents which were required to be produced pursuant to the subpoena; a true and correct copy of that letter is attached hereto as <u>Exhibit D</u>.

5.      I did not receive any documents from Yan until July 14, 2017.   The documents produced on July 14, 2017 were only a handful of bank statements from his business account for the year 2017 and no personal bank statements or any of the other subpoenaed documents were produced.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed at Sacramento, California on July 19, 2017.

<u>      /s/ Mark A. Serlin      </u>
MARK A. SERLIN

S:\Active Files\LEI & FU\federal court action\court docs\contempt.mas decl.docx

1  Mark A. Serlin, CSBN: 122155
   SERLIN & WHITEFORD, LLP
2  700 E Street
   Sacramento, CA 95814
3  Telephone:    (916) 446-0790
   Facsimile:    (916) 446-0791
4  Email: mserlin@globelaw.com

5  Attorneys for Judgment Creditor
   CRYSTAL LEI
6

7

8                  UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DEMAS YAN,                          )   CASE NO. 3:11-cv-01814-RS
                                        )
12              Appellant,              )
                                        )
13  vs.                                 )   **PROOF OF SERVICE OF ORDER OF**
                                        )   **EXAMINATION ON DEMAS YAN**
14                                      )
15  TONY FU, CRYSTAL LEI, WEI SUEN,     )
    BRYANT FU, and STELLA HONG          )   Date:   June 27, 2017
16  CHEN,                               )   Time:  9:00 a.m.
                                        )   Ctrm:  F
17              Appellees.              )
                                        )
18  ─────────────────────────────────

19

20

21

22

23

24

25

26

27

28

───────────────────────────────────────────────────────────
PROOF OF SERVICE                      1          *Yan v. Fu, et al.*
                                                 Case No. 3:11-cv-01814-RS

**Exhibit A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS)<br>SERLIN & WHITEHEAD<br>700 E STREET<br>SACRAMENTO, CA   95814 | | TELEPHONE NO.<br>(916)  446-0790 | FOR COURT USE ONLY |
|---|---|---|---|
| ATTORNEY FOR (NAME) | | REFERENCE NUMBER<br>00267524-01 | |
| Insert name of court, judicial district or branch court, if any, and post office and street address<br>UNITED STATES DISTRICT COURT, | | | |
| SHORT NAME OF CASE<br>YAN vs. FU | | | |
| PROOF OF SERVICE | DATE: | TIME: | DEPT/DIV:   CASE NUMBER:<br>3:11-CV-01814-RS |

I am and was on the dates herein mentioned over the age of eighteen years and not a party to this action;

I served the:
APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION; CIVIL SUBPOENA
(DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND
THINGS AT TRIAL OR HEARING AND DECLARATION;

   Name: DEMAS YAN

   Date of Delivery: May 12, 2017    HDATE:
   Time of Delivery: 09:28 am

   Place of Service: 400 MCALLISTER ST. #302
                     SAN FRANCISCO, CA 94102                    (Business)

Manner of Service:     Personal Service - By Personally Delivering copies to the
                       person on whom the service is required.

Fee for service:     $  75.00

_____

JUDICIAL COUNCIL FORM, RULE #982 (A)(23)

[X]  Registered: . . San Francisco . . . County,
     Number: . . . . . . 1180 . . . . . . . . . .
     Expiration Date:   10/14/2018
              PREFERRED LEGAL SERVICES, INC.
              601 Van Ness Ave, Suite J
              San Francisco, CA 94102
              (415) 882-2250
                        302/00267524-01

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.
on: . . . . . . . . . . May. 12. , 2017 . . . . . . . .
at: . . . . . . . . . . . San Francisco . . . . , California.

Signature: _____

   Name: NATE FREED
   Title: (i)registered California process server

Case 3:11-cv-01814-RS   Document 50-1   Filed 07/19/17   Page 5 of 15

**SUBP-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mark A. Serlin, CSBN: 122155<br>SERLIN & WHITEFORD, LLP<br>700 E Street<br>Sacramento, CA 95814 | |

TELEPHONE NO. (916) 446-0790     FAX NO. (916) 446-0791
E-MAIL ADDRESS: mserlin@globelaw.com
ATTORNEY FOR (Name): Crystal Lei

NAME OF COURT: U.S. District Court
STREET ADDRESS: 450 Golden Gate Avenue
MAILING ADDRESS: 450 Golden Gate Avenue
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Gordon D. Schaber Courthouse

PLAINTIFF/PETITIONER: Demas Yan

DEFENDANT/RESPONDENT: Tony Fu, et al.

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | CASE NUMBER:<br>3:11-cv-01814-RS |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of witness, if known):
Demas Yan

1.  **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

    a. Date: June 27, 2017     Time: 9:00 a.m.     ☐ Dept.:     ☐ Div.:     ☒ Room: F
    b. Address: 450 Golden Gate Avenue, 15th Floor, San Francisco, CA 94102

2.  **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, AND CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

3.  **YOU ARE** (item a or b must be checked):
    a.  ☒ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.
    b.  ☐ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4.  **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**
    a. Name of subpoenaing party or attorney: Mark Serlin     b. Telephone number: (916) 446-0790

5.  **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: May 9 , 2017

Mark A. Serlin                           ▶
_____                    _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Judgment Creditor Crystal Lei
_____
(TITLE)

(Declaration in support of subpoena on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUBP-002 [Rev. January 1, 2012] | CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION | Code of Civil Procedure,<br>§ 1985 et seq.<br>Legal<br>Solutions<br>Plus |
|---|---|---|

Page 1 of 3

**Exhibit B**

**SUBP-002**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Demas Yan | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Tony Fu, et al. | 3:11-cv-01814-RS |

The production of the documents, electronically stored information, or other things sought by the subpoena on page one is supported by *(check one)*:

[X] the attached affidavit or ☐ the following declaration:

### DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS AT TRIAL OR HEARING
(Code Civ. Proc., §§ 1985,1987.5)

1. I, the undersigned, declare I am the ☐ plaintiff ☐ defendant ☐ petitioner ☐ respondent
   ☐ attorney for *(specify)*:   ☐ other *(specify)*:

   in the above-entitled action.

2. The witness has possession or control of the documents, electronically stored information, or other things listed below, and shall produce them at the time and place specified in the Civil Subpoena for Personal Appearance and Production of Records at Trial or Hearing on page one of this form *(specify the exact documents or other things to be produce; if electronically stored information is demanded, the form or forms in which each type of information is to be produced may be specified)*:

   ☐ Continued on Attachment 2.

3. Good cause exists for the production of the documents, electronically stored information, or other things described in paragraph 2 for the following reasons:

   ☐ Continued on Attachment 3.

4. The documents, electronically stored information, or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

   ☐ Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

see attached declaration
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF ☐ SUBPOENAING PARTY   ☐ ATTORNEY FOR SUBPOENAING PARTY)

---

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the date on which you are to appear. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civil Code, § 54.8.)



---

(Proof of service on page 3)

**CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents, Electronically Stored Information, and Things at Trial or Hearing and DECLARATION**

Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:    (916) 446-0790
Facsimile:    (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>        Appellant,<br><br>vs.<br><br>TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,<br><br>        Appellees. | CASE NO. 3:11-cv-01814-RS<br><br>**DECLARATION OF MARK A. SERLIN IN SUPPORT OF SUBPOENA DUCES TECUM SERVED ON DEMAS YAN**<br><br>Date:   June 27, 2017<br>Time:  9:00 a.m.<br>Ctrm:  F |

I, Mark A. Serlin, declare:

1.    I am an attorney duly licensed to practice law by the State of California and am counsel to judgment creditor Crystal Lei ("Lei") in the above-referenced matter.  I make this declaration based on personal knowledge, and if called as a witness to testify as to matters stated herein, I would be willing and competent to do so.

2.    Judgment debtor Demas Yan ("Debtor") has been ordered to appear for a debtor's examination pursuant to Code of Civil Procedure § 708.110, *et seq.*  The debtor's examination is necessary in order for Lei to determine the assets of the Debtor so Lei may take steps to enforce the judgment against Debtor.

///

3.     In that regard, it is necessary and appropriate that Lei have access to documents in Debtor's possession, custody, and/or control which reflect upon the Debtor's assets.   The documents to be produced at the debtor's examination are as follows:

**DEFINITIONS AND INSTRUCTIONS**

Unless the context indicates otherwise, the following words and phrases will be defined and used herein as follows:

A.     Debtor Demas Yan is referred to herein as "DEBTOR" and use of the term "DEBTOR" refers to all of DEBTOR's past and present attorneys, accountants, employees, agents, representatives, corporations, predecessor or successor corporations, partnerships and anyone else acting on DEBTOR's behalf or otherwise subject to its control.

B.     "PERSON" as used herein refers to and includes any natural individual, governmental entity or business entity, including a corporation or partnership, association or other entity or combination thereof, and all corporations, divisions, or entities affiliated with, owned or controlled directly or indirectly by, or owning or controlling directly or indirectly any such entities, as well as directors, officers, employees, agents, attorneys or other representatives thereof, or third parties retained by any of the above.

C.     "DOCUMENT" as used herein refers to and includes any kind of written, typewritten or printed material, any kind of graphic material, or any kind or electronic or mechanically recorded material, including facsimiles and computer discs, however produced or reproduced, whether draft or final, whether signed or unsigned, including each original and nonidentical copy, whether different from the original by means of notes made on such copy or otherwise, and if the original is not in existence, the best copy or reproduction thereof.

D.     "COMMUNICATION" as used herein refers to any transmission or transfer or information of any kind orally, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

E.     The phrases "RELATING TO", "RELATED TO" and "RELATES TO" as used herein mean summarizing, describing, regarding, containing any record of, reference to or indication of, or referring to in any way.

1    The time period covered by these document requests is January 1, 2012 through and

2  including the examination date.

3                                    **DOCUMENTS TO BE PRODUCED**

4    1.    All bank statements for any and all deposit accounts held by DEBTOR.

5    2.    All check registers for any and all checking accounts over which DEBTOR has had

6  any control and/or signature authority.

7    3.    All DOCUMENTS evidencing title to any real property in which DEBTOR has any

8  interest.

9    4.    All DOCUMENTS RELATING TO any real property in which DEBTOR holds or

10  held any interest, in whole or in part.

11    5.    All DOCUMENTS RELATING TO the value of any interest in any real property

12  owned by DEBTOR.

13    6.    All lease DOCUMENTS by which DEBTOR has leased space.

14    7.    All DOCUMENTS RELATING TO any rental of real property by DEBTOR.

15    8.    All financial statements of DEBTOR.

16    9.    All DOCUMENTS RELATING TO any loans by any PERSON to DEBTOR.

17    10.   All DOCUMENTS RELATING TO any loans by DEBTOR to any PERSON.

18    11.   All DOCUMENTS of title for any vehicles owned or leased in whole or in part by

19  DEBTOR.

20    12.   All registration certificates for any vehicles owned or leased in whole or in part by

21  DEBTOR.

22    13.   All DOCUMENTS evidencing any securities accounts owned or controlled by

23  DEBTOR.

24    14.   All DOCUMENTS RELATING TO any corporation, partnership, and/or limited

25  liability company owned or controlled, in whole or in part, by DEBTOR.

26    15.   All pleadings in any legal proceeding in which DEBTOR is a party.  For the

27  purposes of this request, the term "pleading" includes any complaint, cross-complaint, amended

28  complaint, answer, amended answer, petition, response to a petition, order, and/or judgment.

1     16.    All stock certificates for stock owned by DEBTOR.

2     17.    All bonds owned by DEBTOR.

3     18.    All financial DOCUMENTS for any and all businesses owned and/or operated by
4 DEBTOR, in whole or in part.  Without limiting the generality of the foregoing, the
5 DOCUMENTS in this category include profit and loss statements, cash flow statements, accounts
6 receivable aging reports, general ledgers, and the like.

7     19.    All loan DOCUMENTS for any obligation owed by DEBTOR, including but not
8 limited to any promissory notes, credit agreements, and applications for such credit.

9     20.    All DOCUMENTS evidencing any security agreement in which DEBTOR grants
10 any PERSON a security interest in any property.

11     21.    All DOCUMENTS which reflect any deposit accounts held or controlled by
12 DEBTOR or over which DEBTOR has/had signature authority.

13     22.    All DOCUMENTS RELATING TO any judgments in favor of DEBTOR, whether
14 unsatisfied in whole or in part.

15     23.    All DOCUMENTS RELATING TO any trust in which DEBTOR is a trustor,
16 trustee, or beneficiary.

17     24.    All reports prepared by any bookkeepers, accountants, or certified public
18 accountants employed by DEBTOR or any business owned or controlled by DEBTOR.

19     25.    All DOCUMENTS RELATING TO any safe or safe deposit box owned or held by
20 DEBTOR or any entity owned or controlled by DEBTOR.

21     26.    All DOCUMENTS RELATING TO any rare coins, stamps, jewelry, antiques,
22 and/or works of art in which DEBTOR has an interest.

23     27.    All DOCUMENTS RELATING TO any sources of income of DEBTOR,
24 including, but not limited to, management contracts and the like.

25     28.    All DOCUMENTS RELATING TO any policies of insurance (including, but not
26 limited to, life insurance) in which DEBTOR has any interest.

27     29.    All DOCUMENTS RELATING TO any IRA, pension, or other retirement fund or
28 plan in which DEBTOR has any interest.

1      30.    All DOCUMENTS RELATING TO any transfer of assets by DEBTOR to any

2   PERSON other than in the normal course of DEBTOR's business.

3      31.    All DOCUMENTS RELATING TO the closure of any business operated by

4   DEBTOR.

5      32.    All DOCUMENTS RELATING TO the closure of any bank accounts held or

6   controlled by DEBTOR.

7      33.    All DOCUMENTS RELATING TO any storage facility used by DEBTOR to store

8   any assets or records.

9      34.    All DOCUMENTS RELATING TO any COMMUNICATIONS between

10  DEBTOR and any financial institution at which DEBTOR has held any account including, without

11  limitation, all correspondence, notes of conversations, and DOCUMENTS transmitted by

12  facsimile.

13      I declare under penalty of perjury that the foregoing is true and correct and that this

14  declaration was executed at Sacramento, California, on May 9, 2017.

15

16                                              _____
                                                MARK A. SERLIN
17

18

19

20

21

22

23

24

25

26   S:\Active Files\LEI & FU\federal court action\court docs\oex subpoena.mas decl.docx

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - - -

DEMAS YAN,                    )

     Appellant,    )       CASE NO.

vs.                          )   3:11-CV-01814-RS

TONY FU, CRYSTAL LEI,  )

WEI SUEN, BRYANT FU,  )

and STELLA HONG CHEN,  )

     Appellees.     )

- - - - - - - - - - - - -

ORDER OF EXAMINATION RE:

DEMAS YAN

TUESDAY, JUNE 27, 2017

VOLUME 1; PAGES 1 - 80

HANNAH KAUFMAN & ASSOCIATES, INC.
Certified Shorthand Reporters
San Francisco Executive Park
150 Executive Park Blvd., Suite4600
San Francisco, California 94134-3333
(415) 337-2077

Reported by:
CANDACE HOLROYD, CSR 137

**Exhibit C**

Hannah Kaufman & Associates, Inc.

1     any rent for the 7th Avenue property?

2         A.    No, I don't.

3         Q.    Was it within the last year?

4         A.    No.

5         Q.    Okay.  Mr. Yan, you were served with a subpoena

6     duces tecum to bring records, various documents to this

7     examination.  Did you bring any documents with you

8     today?

9         A.    Not in the paper form.

10        Q.    Did you bring them in any form?

11        A.    I have it in electronic form.  But also, before

12    I begin, I want to lay the groundwork here.

13            What was the -- so, what is the justification

14    for this examination?  What judgment are you claiming

15    that I owe?

16        Q.    Well, there is the judgment that was entered by

17    the Ninth Circuit that was entered on June 24th, 2016,

18    for $37,000 and change.

19        A.    Okay.  That one I have no issues with.

20        Q.    Okay.  Well, you haven't paid it.  That's why we

21    are here.

22        A.    Another reason why I am here?

23        Q.    No, that is the one.

24            Have you got a payment?  We can end this right

25    now.  Just cut the check.

Order of Examination

```
 1                    CERTIFICATE OF REPORTER
 2
 3          I, Candace Holroyd, Certified Shorthand Reporter
 4   No. 1370, do hereby certify the following:
 5          That the within-entitled ORDER OF EXAMINATION OF
 6   DEMAS YAN was reported by me at the time and place
 7   mentioned herein;
 8          That I am not of counsel or attorney for any of
 9   the parties in the caption, nor in any way interested in
10   the outcome of the cause named in said caption;
11          That the proceeding was transcribed by computer
12   by me or under my supervision to the best of my ability,
13   and that the within transcript is complete and correct.
14
15   DATED: 7-1-2017
16                          CANDACE HOLROYD, CSR 1370
17
18
19
20
21
22
23
24
25
```



# SERLIN & WHITEFORD, LLP
## ATTORNEYS AT LAW

700 E Street                                          Mark A. Serlin
Sacramento, CA 95814                                  mserlin@globelaw.com

Telephone (916) 446-0790                              Kevin P. Whiteford
Telecopier (916) 446-0791                             kwhiteford@globelaw.com

June 29, 2017

**VIA EMAIL**

Demas Yan
100 Pine Street #1250
San Francisco, CA 94111

Re:   **Demas Yan v. Tony Fu, et al.**
      U.S. District Court, Northern District Case No. 3:11-cv-01814-RS

Dear Mr. Yan:

You're lucky that the Court did not hold you in contempt for failure to bring documents which we properly subpoenaed to the debtor's examination earlier this week.  In any case, you need to produce the documents that you promised to send me via email forthwith.  Those documents should include the last 3 years of your tax returns, any and all documents pertaining to the Fung judgment assignment, all documents relating to the sale of your condominium in Hong Kong, all documents relating to any bank accounts over which you have signature authority, all documents relating to payments for office rent, utilities, and the like, all documents reflecting billing statements sent to clients, all documents relating to accounts receivable of yours, all credit card bills, and all other documents required by the subpoena.  At the risk of stating the obvious, any objections that might have been made to the subpoena have long since been waived by reason of your failure to either file objections or file a motion to quash.  If the documents required by the subpoena are not produced forthwith, I will seek a contempt order against you.

Very truly yours,

MARK A. SERLIN

MAS/ms

Cc:    Clients
S:\Active Files\LEI & FU\federal court action\corres\yan.ltr1.docx

**Exhibit D**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

          Appellant,

    v.

CRYSTAL LEI, et al.,

          Appellees.

Case No. 11-cv-01814-RS   (JSC)

**ORDER COMPELLING YAN TO PRODUCE DOCUMENTS**

These proceedings arise out of Crystal Lei's attempt to collect a judgment she obtained against Demas Yan to cover attorneys' fees and costs she incurred in connection with a Ninth Circuit appeal pursued by Yan. After Yan did not bring subpoenaed documents to his judgment debtor exam, the Court ordered him to produce the subpoenaed documents. He subsequently produced a few documents, but failed to produce the majority. Accordingly, at the judgment creditor's request, the Court issued an Order to Show Cause why Mr. Yan should not be held in contempt. The Court held a hearing on August 10, 2017 at which Mr. Yan appeared in person.

As discussed on the record at the hearing, Mr. Yan is ordered to produce the following documents to the judgment creditor's counsel on or before August 31, 2017:

- Tax returns for the years 2016, 2015 and 2014
- Documents pertaining to the Fung judgment assignment to the extent he has any interest in the judgment
- Documents relating to the sale of the Hong Kong condominium he listed on his bankruptcy disclosures
- Documents relating to payments for office rent and expenses from 2014 to the present

**Exhibit B**

1   • Monthly bank statements from 2014 to the present

2   • Documents evidencing loans made by or to Mr. Yan from 2014 to the present

3   • Documents evidencing trusts in which Mr. Yan is the trustor, trustee or beneficiary

4      from 2014 to the present

5   • Documents identifying deposit accounts to which Mr. Yan has signature authority

6      from 2014 to the present

7   • Documents evidencing any sources of income from 2014 to the present (but not

8      including attorney-client documents).

9      The Order to Show Cause (Dkt. No. 52) is discharged.  Should the judgment creditor wish

10  to bring a further ex parte motion for an order to show cause, the creditor's motion must set forth

11  the authority for the requested order and proposed remedies.

12      **IT IS SO ORDERED.**

13  Dated: August 10, 2017

14

15  JACQUELINE SCOTT CORLEY
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2

1

2                              UNITED STATES DISTRICT COURT

3                              NORTHERN DISTRICT OF CALIFORNIA

4

5    YAN,
                                              Case No.  3:11-cv-01814-RS   (JSC)
                    Plaintiff,
6

7           v.                                **CERTIFICATE OF SERVICE**

8    FU,

                    Defendant.
9

10

11          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

     District Court, Northern District of California.
12

13

14          That on August 10, 2017, I SERVED a true and correct copy(ies) of the attached, by

15   placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

     receptacle located in the Clerk's office.
17

18   Demas W Yan
     300 Frank H. Ogawa Plaza
19   #218
     oakland, CA 94612
20

21   Tony  Fu
     5813 Geary Boulevard
22   PMB 188
     San Francisco, CA 94121
23

24   Dated: August 10, 2017

25                                            Susan Y. Soong
                                              Clerk, United States District Court
26

27                                            By:_____
                                              Lashanda Scott, Deputy Clerk to the
28                                            Honorable JACQUELINE SCOTT CORLEY

                                              3

From: Dennis Yan [mailto:anewlaw@gmail.com]
Sent: Thursday, August 31, 2017 11:03 AM
To: Mark Serlin
Subject: RESPONSE TO ORDER TO PRODUCE DOCUMENTS

1.Tax returns for 2014-2016:

Response - On advise of counsel, I assert the Fifth Amendment privilege. Privilege against self-incrimination apples to testimony as well as compel production of documents. Act of Production is tantamount to testimony as to existence, custody, and authentication of documents. United States v. Doe 465 U.S. 605 (1984). "The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." In re Master Key Litig., 507 F.2d 292, 293 (9th Cir. 1974) (citing Hoffman v.
United States, 341 U.S. 479, 486-87 (1951)); Isaacs v. United States,
256 F.2d 654, 658 (8th Cir. 1958).  There is no requirement that a criminal action be ongoing, and in fact, one may assert the privilege against self-incrimination even when "the federal government and the states do not appear particularly interested in bringing criminal actions." Master Key, 507 F.2d at 293.  Moreover, the fact that the Fifth Amendment privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection. Lefkowitz v. Cunningham, 431 U.S. 801, 805 (1977).

2.  Documents pertaining to Fung judgment assignment Response - I have no documents other than communications subject to attorney-client privilege.

3.  Documents related to Hong Kong condo.
Response - I have no documents in my possession, custody or control..

4.  Documents related to payments for office rent 2014 to present.
Response - I have no documents for payments other than information reflected in bank statements provided.

5.  Monthly bank statements 2014 to present.
Response - see attached.

6.  Documents evidencing trusts.
Response - I have no documents in my possession, custody or control..

7.  Documents identifying deposit accounts.
Response - I have no other documents other than those in response to no. 5.

8.  Documents evidencing sources of income 2014 to present.
Response - i have no documents that are not attorney-client privileged.

**Exhibit C**