Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:    (916) 446-0790
Facsimile:     (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>　　　　Appellant,<br><br>vs.<br><br>TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,<br><br>　　　　Appellees. | CASE NO. 3:11-cv-01814-RS<br><br>**REPLY TO DEMAS YAN'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:   October 27, 2017<br>Time:   11:00 a.m.<br>Ctrm:   F |

　　　Judgment creditor Crystal Lei ("Lei") hereby replies to the response of judgment debtor Demas Yan ("Yan") to the order to show cause and related declaration filed on October 12, 2017 (docket nos. 65 and 65-1).  Yan's response is further evidence of his manifest contempt of orders of this Court.  In a nutshell, Yan clearly believes that producing documents after this Court has made an express order compelling such production is something which remains in Yan's sole and absolute discretion.  Particularly egregious is the claim that Lei did not meet and confer after receiving Yan's woefully deficient document production; such was totally unnecessary given that failed prior meet and confer efforts were precisely what precipitated the original order compelling production entered on August 10, 2017 (docket no. 60).  Moreover, Yan's failure to respond substantively to the points raised in Lei's second application for order to show cause re contempt

(docket no. 62) demonstrates beyond all doubt that Yan has no basis for disobeying a direct Court order to produce documents which he concedes are in his possession, custody, and control. Such amply warrants his being held in contempt of this Court. Moreover, the privilege claims belatedly asserted as to various categories of documents ordered produced by this Court, having not been asserted at any time prior to the production date specified in the subpoena, were completely waived. In re Pacific Pictures Corp., 679 F.3d 1121, 1130 (9th Cir. 2012); U.S. ex rel Schwartz v. TRW, Inc., 211 F.R.B. 388, 392 (C.D. Cal 2002). Yan makes no effort whatsoever to even argue to the contrary[1].

Yan has been held in contempt by numerous courts and this Court should follow their example and hold Yan in contempt and order sanctions against him in the amount of $6,407.50 plus $500.00 per day of additional sanctions from and after August 31, 2017 until Yan complies with this Court's order as expressly authorized by United States v. Bright, 596 F.3d 683, 696 (9th Cir. 2010).

DATED: October16, 2017                                      SERLIN & WHITEFORD, LLP


                                                            By:      /s/ Mark A. Serlin
                                                                  MARK A. SERLIN, Attorneys for Judgment
                                                                  Creditor CRYSTAL LEI

---

[1] Yan's belated assertion of attorney-client privilege as to sources of income is totally without merit; billing statements and payments from clients are not privileged under controlling Ninth Circuit authority. Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 130 (9th Cir. 1992); Real v. Continental Group, Inc., 116 F.R.D. 211, 213-14 (N.D. Cal. 1986). See also U.S. v. Landon, 06-3734 (N.D. Cal. Oct. 30, 2006) and Adobe Systems, Inc. v. St. Paul Fire & Marine Ins. Co., 07-00385 (N.D. Cal. April 9, 2008). Yan's attorney-client privilege claim is similarly inapposite as to documents relating to the alleged assignment of the Fung judgment.