1. Mark A. Serlin
SERLIN & WHITEFORD, LLP
2. 700 E Street
Sacramento, CA 95814
3. Telephone:    (916) 446-0790
Facsimile:     (916) 446-0791
4. Email: mserlin@globelaw.com

5. Attorneys for Judgment Creditor
CRYSTAL LEI

6.

7.

UNITED STATES DISTRICT COURT

8.

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9.

SAN FRANCISCO DIVISION

10.

11.

| | |
|---|---|
| DEMAS YAN, | ) Case No.:  11-CV-1814-RS (JSC) |
| Appellant, | ) |
| vs. | ) |
| CRYSTAL LEI et al., | ) **DECLARATION OF CRYSTAL LEI IN** |
| Appellees. | ) **SUPPORT OF REPLY TO DEMAS** |
| | ) **YAN'S RESPONSE TO ORDER TO** |
| | ) **SHOW CAUSE** |
| | ) |
| | ) |
| | ) |
| | ) Judge:          Hon. Jacqueline Scott Corley |
| | ) Hearing Date:  October 27, 2017 |
| | ) Time:           11 am. |
| | ) Place:          Court Rm. F, 15 Floor |
| | )                       450 Golden Gate Ave.  S.F. |

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

### DECLARATION OF CRYSTAL LEI

I, Crystal Lei, declare:

1.      My name is Crystal Lei ("Lei") and I am one of the appellees in this action. I submit this declaration in support of the Order to Show Cause. I am familiar with the matters stated in this declaration from my own personal knowledge. Were I called to testify about these matters, I would be competent to and would do so.

2.      Attached hereto as Exhibit A is a true and correct copy of State Bar Court Judgment of 54 pages downloaded from the State Bar website from the Ordered Inactive section.

3.      Attached hereto as Exhibit B is a true and correct copy of Order of Examination of Demas Yan on June 27, 2017 showing Yan stated that he sold his property "many years ago."

4.      Attached hereto as Exhibit C is a true and correct copy of the record from the Hong Kong government - the Land Registry - showing that Yan sold his property in 2015; therefore, Yan's June 27, 2017 statement proved to be perjured.

5.      Attached hereto as Exhibit D is a true and correct copy of Order finding Yan and his father in contempt signed and filed on December 2, 2011 by the Hon. Judge Thomas Carlson.

6.      Attached hereto as Exhibit E is a true and correct copy of Order re Motion for Contempt signed and filed on March 5, 2012 by the Hon. Judge Thomas Carlson.

7.      Attached hereto as Exhibit F is a true and correct copy of Civil Bench Warrant for Yan's arrest issued by the San Francisco County Superior Court.

8.      Attached hereto as Exhibit G is a true and correct copy of the Order Determining Demas Yan to be a Vexatious Litigant signed and filed on December 23, 2013 by the Hon. Judge Thomas Carlson.

9.      Attached hereto as Exhibit H is a true and correct copy of the Order Granting Plaintiff Crystal Lei Motion to Declare Demas Yan to be a Vexatious Litigant in State Court signed and filed on April 13, 2015 by Hon. Judge Richard Ulmer.

1       I declare under penalty of perjury under the law of the United States of America the

2   above is true and correct to the best of my personal knowledge, and that this declaration is

3   executed at San Francisco, California, this 19th day of October 2017.

4

5

6

7   _____

    Crystal Lei

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Exhibit A

## PUBLIC MATTER

FILED 

SEP 27 2017

STATE BAR COURT CLERK'S OFFICE
SAN FRANCISCO

## STATE BAR COURT OF CALIFORNIA

## HEARING DEPARTMENT - SAN FRANCISCO

| | |
|---|---|
| In the Matter of | ) Case Nos. 13-O-17331-PEM; 14-O-05531 |
| | ) (16-O-10733; 16-O-13600); |
| | ) 15-O-13359 (16-O-15786); |
| DEMAS W. YAN, | ) 16-J-17889 (Cons.) |
| | ) |
| | ) DECISION AND ORDER OF |
| A Member of the State Bar, No. 257854. | ) INVOLUNTARY INACTIVE |
| | ) ENROLLMENT |
| | ) |

### Introduction[1]

This contested disciplinary proceeding involves four consolidated matters. Respondent Demas W. Yan is charged with 30 counts of misconduct in seven cases, involving: (1) failing to support the laws; (2) failing to maintain respect due to the courts; (3) maintaining unjust actions; (4) committing acts of moral turpitude by misrepresentations; (5) commencing a proceeding for a corrupt motive; (6) failing to report judicial sanctions; (7) seeking to mislead judges; (8) failing to obey court orders; and (9) committing multiple acts of misconduct in a foreign jurisdiction.

For the reasons stated below in this 54-page decision, the court finds, by clear and convincing evidence, that respondent is culpable of 27 counts of the alleged misconduct. Based on the nature and extent of culpability, as well as his mitigating and aggravating factors, this court recommends that respondent be disbarred from the practice of law.

---

[1] Unless otherwise indicated, all references to rules refer to the State Bar Rules of Professional Conduct. Furthermore, all statutory references are to the Business and Professions Code, unless otherwise indicated.

## Significant Procedural History

*1.  First Notice of Disciplinary Charges (Case No. 13-O-17331)*

  The Office of Chief Trial Counsel of the State Bar of California (State Bar) initiated this proceeding by filing a Notice of Disciplinary Charges (NDC) in case No. 13-O-17331 (first NDC) on December 30, 2014.  On January 9, 2015, respondent filed a response.  On February 11, 2015, this matter was abated due to a pending investigation.

*2.  Second Notice of Disciplinary Charges (Case Nos. 14-O-05531; 16-O-10733; 16-O-13600)*

  A second NDC was filed on October 11, 2016, in case Nos. 14-O-05531; 16-O-10733; and 16-O-13600 (second NDC).  On November 7, 2016, respondent filed a response.

  On October 31, 2016, the first NDC was unabated and consolidated with the second NDC.

*3.  Third Notice of Disciplinary Charges (Case Nos. 15-O-13359; 16-O-15786)*

  A third NDC was filed on November 2, 2016, in case Nos. 15-O-13359 and 16-O-15786. It was amended on November 3, 2016 (third NDC).  On November 28, 2016, respondent filed a response to the third NDC.

  On November 28, 2016, the first two NDCs were consolidated with the third NDC.

*4.  Fourth Notice of Disciplinary Charges (Case No. 16-J-17889)*

  A fourth NDC in case No. 16-J-17889 (fourth NDC) was filed January 10, 2017.  On January 19, 2017, the court consolidated all the above-cited cases with the fourth NDC.

  On February 6, 2017, respondent filed a motion to dismiss on the basis that the Ninth Circuit did not afford him notice and an opportunity to be heard and that one of the charges in another disciplinary matter was duplicative of the charge in this matter.  Finding no good cause having been shown, this court denied his motion.  On March 24, 2017, the review department

denied respondent's petition for interlocutory review because respondent did not show abuse of discretion or error of law by this court.

On March 1, 2017, respondent filed a response.

On May 8, 2017, a stipulation as to facts and admission of documents was filed.[2]

A five-day trial was held on May 23, 24, 25, 30, and 31, 2017. The State Bar was represented by Supervising Attorney Susan I. Kagan and Deputy Trial Attorney Carla Cheung. Respondent was represented by Samuel C. Bellicini. On June 30, 2017, following closing briefs, the court took this matter under submission.

### Findings of Fact and Conclusions of Law

Respondent was admitted to the practice of law in California on December 1, 2008, and has been a member of the State Bar of California at all times since that date.

The following facts are based on the parties' stipulation as to facts and the evidence and testimony admitted at trial.

1. **First NDC**

   **Case No. 13-O-17331 – The Vallejo Property**

   Prior to January 20, 2011, brothers Hanif Shaikh (Hanif) and Nasir Sheikh (Nasir) owned and operated a motel in Vallejo, California (Vallejo Property). Thereafter, the brothers defaulted on the mortgage on the Vallejo Property. On January 20, 2011, the bank recorded a Notice of Default on the note.

   In early 2011, respondent was hired by Hanif and Nasir to represent them in relationship to the Vallejo Property. On May 24, 2011, the Vallejo Property was transferred for no consideration from the Hanif Shaikh and Nasir Sheikh Family Partnership to Cairo Investments,

---

[2] The parties filed an amended stipulation as to facts and admission of documents to correct a few minor typographical errors (i.e., correcting "2012" to read "2013" and "February 24" to "February 22") on July 7, 2017.

LLC, another entity controlled by the brothers. On the same date, respondent filed a bankruptcy petition under Chapter 11 on behalf of Cairo Investments in *In re Cairo Investments, LLC*, U.S. Bankruptcy Court, Northern District of California, San Francisco Division, case No. 11-32011.

On June 29, 2011, the bank transferred its interest under the Note and Deed of Trust and Assignment of Rents to DIVP Hospitality Vallejo, LLC (DIVP). It was recorded on July 8, 2011.

On July 22, 2011, DIVP filed a motion for relief from the automatic bankruptcy stay that would permit DIVP to proceed with the foreclosure. In response, respondent converted the case to a Chapter 7 bankruptcy proceeding (Chapter 7). On August 3, 2011, the Chapter 7 trustee stipulated to termination of the automatic stay. On August 15, 2011, the court approved the stipulation and ordered the stay lifted. The foreclosure was scheduled to take place on August 18, 2011.

On August 17, 2011, the day before the foreclosure, respondent filed a bankruptcy petition under Chapter 7 on behalf of Hanif in *In re Hanif Shaikh*, U.S. Bankruptcy Court, Northern District of California, San Francisco Division, case No. 11-33038. In the bankruptcy petition under Chapter 7, respondent listed the Vallejo Property under Schedule A which entitled Hanif to an automatic stay of the foreclosure. On August 19, 2011, DIVP filed an emergency motion for relief from the automatic stay. And on August 25, 2011, the court issued an order stating the automatic stay was not in effect.

Respondent filed the Chapter 7 petition on behalf of Hanif solely for the purpose of delaying the foreclosure. He filed a misleading Schedule A. Schedule A is for listing real property owned by the debtor, and it is clear that Hanif did not own the Vallejo Property. Respondent, as the attorney for Cairo Investments, LLC, should have known that Hanif did not have an interest in the Vallejo Property. While it is true that respondent noted that the Vallejo

- 4 -

Property was owned by Cairo Investments in Schedule A, respondent's inclusion of the Vallejo Property in Hanif's Schedule A was misleading because it gave the appearance that Hanif owned the Vallejo Property and, therefore, was entitled to an automatic stay of the foreclosure.[3] The filing delayed the foreclosure date.[4]

Both the U.S. Trustee and DIVP filed a motion for sanctions against respondent. On September 9, 2011, the U.S. Trustee filed the motion for sanctions. On November 18, 2011, a hearing was held on the matter. On the same date, respondent and the U.S. Trustee entered into a stipulation wherein respondent agreed to complete 15 hours of bankruptcy-related continuing legal education by January 31, 2012. Respondent timely complied with the requirement and no sanctions were imposed.

On October 11, 2011, DIVP filed a motion for sanctions against respondent and Hanif for filing a petition to improperly invoke the automatic stay to delay DIVP's efforts to foreclose on the Vallejo Property. On November 19, 2011, the court issued an order imposing sanctions against respondent and Hanif, jointly and severally, in the amount of $5,000, to be paid to DIVP. The court found that the bankruptcy filing was not justified and was done in bad faith. It further stated: "In preparing and filing the voluntary petition Mr. Yan did not make an 'inquiry reasonable under the circumstances' (Fed. R. Bankr. P. 9011(b)(1)), and his and debtor's conduct was done to 'harass …[and] cause unnecessary delay' … to DIVP."

Respondent and Hanif appealed the sanctions order, but the order was affirmed on appeal. Respondent subsequently complied with the sanctions order. He timely reported the imposition of sanctions to the State Bar.

---

[3] An LLC is not real estate and Schedule A is for real estate.

[4] Respondent's claim that his listing the Vallejo property in Schedule A was a mistake had already been rejected by the bankruptcy court.

**Conclusions**

*Count 1 - (§ 6068, subd. (a) [Attorney's Duty to Support Constitution and Laws of United States and California])*

Section 6068, subdivision (a), provides that an attorney has a duty to support the Constitution and laws of the United States and California.

The State Bar alleges and the court so finds that on August 17, 2011, respondent, by filing a Chapter 7 bankruptcy petition on behalf of Hanif in *In re Hanif Shaikh,* U.S. Bankruptcy Court, Northern District of California, San Francisco Division, case No. 11-33038, for the purpose of delaying a foreclosure, acted in bad faith and for an improper purpose of frustrating a creditor's efforts to foreclose on a property that was not owned by the debtor, as found by the bankruptcy court, in violation of rule 9011(b) of the Federal Rules of Bankruptcy Procedure, and thereby willfully failed to support the laws of the United States in willful violation of section 6068, subdivision (a).

2.  **Second NDC**

    a.  **Case No. 14-O-05531 – The Chenery Property**

*Background*

(1) *Foreclosure of the Chenery Property*

Before respondent was admitted to practice law in December 2008, he purchased a single-family residence at 663 Chenery Street in San Francisco (Chenery Property) in February 2000.  On October 18, 2000, respondent and Tony Fu (Fu) entered into a written agreement to

convert the Chenery Property into several condominium units.[5]  Fu later assigned his rights to Wei Suen (Suen).  On November 12, 2002, respondent executed a promissory note in favor of Stella Chen (Chen) in the amount of $450,000 (Chen Note), secured by a deed of trust on the Chenery Property (Chenery Deed of Trust).

On February 20, 2004, respondent filed an action against Chen, Fu, and Suen in *Yan v. Fu,* San Francisco County Superior Court, case No. CGC-04-428960 (Pre-Petition Action) because he believed he had been defrauded by Fu who was the contractor for the Chenery Property.  Respondent sought, inter alia, to prevent Chen from foreclosing under the Chen Note and for quiet title to the Chenery Property.  On November 15, 2004, the court denied respondent's motion to stop Chen's foreclosure of the Chenery Property.

*(2) Respondent's Bankruptcy*

On December 19, 2004, respondent filed a Chapter 11 bankruptcy petition in *In re Demas Wai Yan,* U.S. Bankruptcy Court for the Northern District of California, case No. 04-33526. Respondent obtained an automatic stay and was able to sell the Chenery Property free and clear of liens and claims, at a price sufficient to pay all allowed secured and unsecured claims.  Chen's secured claim and Fu's asserted joint-venture interest were attached to the sale proceeds of the Chenery Property.

On January 25, 2005, Chen filed an adversary proceeding against respondent to determine the enforceability of the Chen Note and Chenery Deed of Trust (Adv. Proc. No. 05-3257-TC).  On March 17, 2005, Chen moved the Pre-Petition Action to bankruptcy court. The bankruptcy court consolidated the Pre-Petition Action with the Chen adversary proceeding.

---

[5] Yan was to contribute to Chenery and certain costs of construction and receive 75% of the sale proceeds.  Fu was to supervise construction and receive 25% of the sale proceeds.

On March 3, 2006, the bankruptcy court entered a judgment (Bankruptcy Court Judgment) that determined the parties' respective legal rights regarding the Chenery Property. The court awarded Chen $767,655 and determined that Fu, Suen, and Chen had no obligation to respondent (i.e., respondent had no enforceable claims against them). Respondent, Chen and Suen appealed the Bankruptcy Court Judgment. Respondent's appeal of the Bankruptcy Court Judgment was dismissed. The court's determination that Fu, Suen, and Chen had no obligation to respondent was in full force and effect.

On March 29, 2006, Fu's ex-wife, Crystal Lei (Lei) filed two proofs of unsecured claims against the bankruptcy estate. On May 12, 2006, the court ordered the appointment of a Trustee. The United States Trustee selected Janina M. Hoskins (Hoskins) to serve as the Chapter 11 Trustee. The Trustee and Lei entered into a settlement on those claims in 2008.

Chen appealed the Bankruptcy Court Judgment's disallowance of part of her claim for prejudgment interest and attorney fees. Chen later settled the appeal. On July 24, 2006, the bankruptcy court entered an order approving a settlement between the Trustee and Chen. The settlement resolved Chen's appeal regarding the amount due under the Chen Note. The settlement agreement required the Trustee to pay Chen $818,198 and provided that the parties to the agreement released all claims against each other. There was no appeal of the Chen settlement.

Suen appealed the court's determination in the Bankruptcy Court Judgment that Fu was barred from sharing the proceeds because Fu was an unlicensed contractor. Suen prevailed on the appeal. Suen later reached a settlement regarding the amount of the proceeds. On March 4, 2008, the bankruptcy court entered an order approving a settlement between the Trustee and Suen. The settlement agreement provided that the parties to the agreement released all claims against each other. There was no appeal of the Suen settlement.

- 8 -

On September 15, 2006, the court ordered respondent's bankruptcy case converted to a Chapter 7. Hoskins continued to serve as Trustee. On June 26, 2007, the court entered respondent's discharge.

*(3) Respondent's Actions in State Court*

On June 27, 2007, respondent filed an action against Lei and Fu in *Yan v. Lei*, San Francisco County Superior Court, case No. CGC-07-464671 (First State Court Action). Respondent did not have permission of the bankruptcy court or the Trustee to file the First State Court Action. And on July 26, 2007, the Trustee removed the First State Court Action to bankruptcy court (Adv. Proc. case No. 07-3082-TC).

On September 24, 2007, respondent filed another action against Lei and Fu in *Yan v. Lei*, San Francisco County Superior Court, case No. CGC-07-467500 (Second State Court action). Respondent alleged claims of libel and slander based on post-petition statements allegedly made by the defendants. The bankruptcy court found that "the second amended complaint attempted to dodge the pre-petition nature of the claims by alleging Yan did not discover the facts underlying his claims until November 2006." Respondent dismissed this action on December 13, 2011.

On January 8, 2008, the bankruptcy court dismissed with prejudice the claims asserted against Fu in the First State Court Action on the grounds that they were barred by the preclusive effect of the Bankruptcy Court Judgment. The bankruptcy court dismissed respondent's claims against Lei without prejudice on the basis that they could only be asserted by the Trustee.

On January 24, 2008, respondent filed a third action against Lei and Fu in *Yan v. Lei*, San Francisco County Superior Court, case No. CGC-08-471333 (Third State Court Action). Respondent again did not have the permission of the bankruptcy court or the Trustee to file the action.

By June 2008, the Trustee had released all of the estate's pre-petition claims against Chen, Suen, and Lei. However, on August 7, 2008, respondent's father, Cheuk Tin Yan (Cheuk Yan), filed an action against Lei and Fu in *Cheuk Tin Yan v. Lei*, San Francisco County Superior Court, case No. CGC-08-478364 (Cheuk Yan Action). The complaint was identical to the complaint filed in the First State Court Action and concerned the same pre-petition events regarding the Chenery Property.

### *Respondent Became An Attorney*

After respondent was admitted to the bar in December 2008, respondent substituted into the Cheuk Yan Action as counsel for his father on May 14, 2009. At a deposition, respondent's father testified that: (1) he did not know Lei; (2) he did not believe Lei owed him money; (3) he was unaware of the majority of factual allegations in the complaint filed in the Cheuk Yan Action; (4) he could not read or write English; and (5) he had not read any of the pleadings he filed, and just signed the pleadings because respondent told him to. Respondent used his father as a "strawman" to pursue pre-petition claims to circumvent the bankruptcy rules. In other words, respondent pursued the pre-petition claims in bad faith.

On March 18, 2009, the bankruptcy court approved the Trustee's final account. On April 9, 2009, the court entered an order authorizing the Trustee to make distributions on the final account and retain all surplus funds pending a determination on a disputed claim. On June 15, 2009, the court entered an order abandoning to respondent the bankruptcy estate's interest in all pre-petition causes of action (Abandonment Order).

On March 16, 2010, respondent filed a second amended complaint in the Second State Court Action alleging pre-petition claims of breach of fiduciary duty, unjust enrichment and fraudulent transfer. The claims arose out of the same nucleus of operative facts as that involved in the Bankruptcy Court Judgment. Although respondent filed the second amended complaint

after the Abandonment Order, all of the claims that respondent alleged were either released by the Trustee or barred by the preclusive effect of the Bankruptcy Court Judgment.

On July 6, 2010, Fu filed an action against respondent for defamation in *Fu v. Yan*, San Francisco County Superior Court, case No. CGC-10-501321 (Fu Defamation Action). In response, on August 9, 2010, respondent filed cross-claims against Fu, Chen, Lei, Suen, and Bryant Fu (Fu and Lei's son). On August 31, 2010, Chen removed the Fu Defamation Action to bankruptcy court (Adv. Proc. No. 10-3152-TC). Fu, Lei, Chen, Suen, and Bryant Fu filed motions to dismiss respondent's cross-claims. And on August 27, 2010, Lei filed a complaint against respondent in bankruptcy court, Adv. Proc. No. 10-3149. Lei sought, inter alia, to enjoin respondent and his father from asserting against her any pre-petition claims released by the bankruptcy estate.

*Vacating Abandonment Order*

On February 18, 2011, the bankruptcy court issued an order vacating the Abandonment Order in *Fu v. Yan*, Adv. Proc. No. 3152-TC (Vacating Order). The bankruptcy court also ordered that the pre-petition claims that passed to the estate on the petition date should not be abandoned to respondent upon the closing of the case. The bankruptcy court granted respondent 10 days' leave to file an amended cross-complaint in bankruptcy court that would specify with particularity the post-petition nature of respondent's cross-claims against the defendants. Respondent filed a motion to alter or amend the Vacating Order, which was denied by the court. On May 31, 2011, the bankruptcy court issued in order imposing sanctions against respondent in the amount of $3,000 for filing the motion to alter or amend the Vacating Order.

Respondent appealed the $3,000 sanctions in *Yan v. Fu*, U.S. District Court, Northern District of California, case No. C-3071-RS. The District Court affirmed the Vacating Order on August 9, 2012. Respondent did not report the sanctions to the State Bar.

On March 30, 2011, the bankruptcy court issued an order in *Fu v. Yan*, Adv. Proc. No. 3152-TC, dismissing respondent's cross-complaint with prejudice and remanding the Fu Defamation Action back to state court (First Order of Dismissal). And on March 2, 2012, the bankruptcy court held a hearing on a motion for contempt against respondent. On March 5, 2012, the bankruptcy court ordered him to pay sanctions in the amount of $1,200. Respondent did not report the sanctions to the State Bar.

On July 20, 2012, respondent filed an action against Fu in *Yan v. Fu*, San Francisco County Superior Court, case No. CGC-12-522566 (the Current Action). On August 8, 2012, the Current Action was removed to the bankruptcy court (Adv. Proc. No. 12-3129-TC). On August 29, 2012, Fu (joined by Lei) filed a motion for an order determining respondent to be a vexatious litigant. On December 23, 2013, the bankruptcy court issued an order dismissing certain claims with prejudice and dismissing other claims with leave to amend to the extent that they were not related to the Chenery Property (Second Order of Dismissal).

*Vexatious Litigant Determination*

On December 23, 2013, the bankruptcy court issued an order determining respondent to be a vexatious litigant (Vexatious Litigant Determination). The court found that respondent filed 15 actions that were frivolous because the claims asserted had been released, previously adjudicated, or belonged to the bankruptcy estate. Those actions included:   (1) two actions against Chen that were previously released under the 2008 settlement agreement between Chen and the Trustee; (2) five actions against Fu that were previously resolved by the Bankruptcy Court Judgment; (3) two actions against Suen that were previously released under the 2008 settlement agreement between Suen and the Trustee; (4) two actions against Lei that were previously released under the 2008 settlement agreement between Lei and the Trustee; (5) three actions asserting pre-petition claims after the 2006 appointment of the Trustee and prior to the

2009 Abandonment Order; (6) three actions asserting pre-petition claims after the 2006 appointment of the trustee and prior to 2009 Abandonment Order; and (7) one action asserting pre-petition claims after the 2011 Vacating Order.

In determining respondent to be a vexatious litigant, the bankruptcy court found that respondent "pursued frivolous litigation against Defendants for the purpose of harassment." The court inferred bad intent. The court noted that respondent was an attorney and could understand why his actions were improper. In addition to the 15 actions, the court found that respondent caused his father to file the Cheuk Yan Action when his father acknowledged that it was not meritorious. In total, the court noted 16 separate frivolous actions and determined that respondent's "consistent and repeated behavior of asserting claims upon which relief could not be granted [demonstrated that respondent] filed these lawsuits merely to harass Defendants."

*Appeal of the First Order of Dismissal*

On April 5, 2011, respondent filed a notice of appeal of the First Order of Dismissal in *Yan v. Fu*, U.S. District Court, Northern District of California, case No. 3:11-cv-01814-RS. On December 28, 2011, the District Court affirmed the decision.

On January 29, 2012, respondent filed an appeal in *Yan v. Fu*, U.S. Court of Appeals for the Ninth Circuit, case No. 12-15204. Fu filed a motion requesting sanctions for respondent's filing of a frivolous appeal. On March 18, 2014, the Ninth Circuit issued an order affirming the District Court's affirmance of the dismissal. The Ninth Circuit imposed sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure, the amount of which was to be determined by a special master. On June 24, 2014, the Ninth Circuit issued an order imposing sanctions against respondent in the amount of $35,004.71. To date, respondent has not paid any portion of the sanctions.[6]

_____

[6] Respondent said he has not paid because he does not have the financial ability to pay.

*Appeal of the Vexatious Litigant Determination and the Second Order of Dismissal*

On January 7, 2014, respondent filed a notice of appeal of the Vexatious Litigant Determination and Second Order of Dismissal in *Yan v. Fu*, U.S. District Court, Northern District of California, case No. 3:14-cv-00085-RS. On September 30, 2014, the District Court affirmed the bankruptcy court decision.

On October 6, 2014, respondent filed a notice of appeal in *Yan v. Fu*, U.S. Court of Appeals for the Ninth Circuit, case No. 14-16937. On May 24, 2016, the Ninth Circuit issued an order affirming the District Court's affirmance. The Ninth Circuit noted that respondent had four days to show cause (OSC) why the court should not award attorney fees and double costs for filing a frivolous appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Respondent did not respond in writing to the Ninth Circuit's OSC. On June 23, 2016, the Ninth Circuit issued an order awarding costs, but not attorney fees since Fu and Lei appeared in pro per.[7]

On September 26, 2014, Lei filed an action against Yan in *Lei v. Yan*, San Francisco County Superior Court, case No. CGC-14-541875. Lei alleged, inter alia, malicious prosecution based on all of respondent's frivolous actions against her. Thereafter, Lei filed a first amended complaint. In 2016, respondent filed a motion to strike the first amended complaint. On June 6, 2016, the court issued an order imposing sanctions against respondent of $53,910. Respondent, through counsel, appealed the sanctions order in *Lei v. Yan*, Court of Appeal, First Appellate District, Division Four, case No. A148550. Respondent did not report the sanctions to the State Bar.

---

[7] Respondent testified that he accepts the findings and that he should have amended the complaint rather than bring this appeal.

**Conclusions**

*Count 1 - (§ 6068, subd. (c) [Attorney's Duty to Counsel/Maintain Only Legal or Just Actions or Defenses])*

Section 6068, subdivision (c), provides that an attorney has a duty to counsel or maintain those proceedings, actions, or defenses only as appear to the attorney legal or just, except the defense of a person charged with a public offense.

By pursuing 16 frivolous actions over a five-year period in the San Francisco County Superior Court, as set forth in the December 23, 2013 decision of the Bankruptcy Court determining respondent to be a vexatious litigant in *In re Demas Wai Yan*, U.S. Bankruptcy Court for the Northern District of California, case No. 04-33526, respondent failed to counsel or maintain such action, proceedings, or defenses only as appear to respondent legal or just, in willful violation of section 6068, subdivision (c).

*Count 2 - (§ 6106 [Moral Turpitude])*

Section 6106 provides, in part, that the commission of any act involving dishonesty, moral turpitude, or corruption constitutes cause for suspension or disbarment.

In determining respondent to be a vexatious litigant, the bankruptcy court found that respondent "pursued frivolous litigations against Defendants for the purpose of harassment." The court inferred bad intent and noted that respondent, as an attorney, should have known why his actions were improper.

"[S]erious and fundamental obstructions of the judicial system the member has sworn to uphold, committed willfully and in bad faith, suggest a lapse of character and a disrespect for the legal system which bear directly on the attorney's fitness to practice law." (*Maltaman v. State Bar* (1987) 43 Cal.3d 924, 951.) Here, respondent's repeated behavior of asserting 16 frivolous

claims were meant to harass the defendants. His intentional harassment was serious and fundamental enough to support a finding of moral turpitude.

Therefore, respondent's pursuit of the 16 frivolous actions was made in bad faith and constituted moral turpitude in willful violation of section 6106. (See *In the Matter of Varakin* (Review Dept. 1994) 3 Cal. State Bar Ct. Rptr. 179, 186 [Serious, habitual abuse of the judicial system constitutes moral turpitude].)

**Count 3 - (§ 6068, subd. (c) [Attorney's Duty to Counsel/Maintain Only Legal or Just Actions or Defenses])**

By filing frivolous appeals of the Vexatious Litigant Determination and First and Second Orders of Dismissal before the District Court and Ninth Circuit in *Yan v. Fu*; by filing a motion to alter or amend the Vacating Order in *Yan v. Fu*; and by filing a frivolous motion to strike in *Lei v. Yan*, respondent failed to maintain such action, proceedings, or defenses only as appear to him legal or just, in willful violation of section 6068, subdivision (c).

**Count 4 - (§ 6068, subd. (g) [Duty Not to Encourage Action Based on Corrupt Motive])**

Section 6068, subdivision (g), provides that an attorney has a duty not to encourage either the commencement or the continuance of an action from any corrupt motive of passion or interest.

By pursuing 16 frivolous actions as set forth in the Vexatious Litigant Determination; by filing frivolous appeals of the Vexatious Litigant Determination and First and Second Orders of Dismissal before the District Court and Ninth Circuit in *Yan v. Fu*; by filing a motion to alter or amend the Vacating Order in *Yan v. Fu*; and by filing a frivolous motion to strike in *Lei v. Yan*, respondent commenced or continued an action or proceeding for a corrupt motive of passion or interest, in willful violation of section 6068, subdivision (g).

However, because these facts also support the culpability findings in counts 1, 2, and 3, the court dismisses count 4 with prejudice as a duplicative allegation. (*Bates v. State Bar* (1990) 51 Cal.3d 1056, 1060 [Little, if any, purpose is served by duplicate allegations of misconduct].)

**Count 5 - (§ 6068, subd. (b) [Attorney's Duty to Maintain Respect Due to Courts and Judicial Officers])**

Section 6068, subdivision (b), provides that attorneys have a duty to maintain respect due to the courts of justice and judicial officers.

The State Bar alleges that respondent failed to maintain respect due to courts of justice and judicial officers by failing to pay sanctions in the amount of $35,004.71 pursuant to the June 2014 Ninth Circuit court order.

Respondent testified that he did not have the financial ability to pay the sanctions. He argued that he did not impugn the honesty or integrity of any judicial officer and that no disrespect for the court has been proven.

"Obedience to court orders is intrinsic to the respect attorneys and their clients must accord the judicial system. As officers of the court, attorneys have duties to the judicial system which may override those owed to their clients." (*In the Matter of Boyne* (Review Dept. 1993) 2 Cal. State Bar Ct. Rptr. 389, 403.) "In the case of court-ordered sanctions, the attorney is expected to follow the order or proffer a formal explanation by motion or appeal as to why the order cannot be obeyed." (*Ibid.*)

"Disregarding the orders, ignoring opposing counsel's efforts to secure compliance, and failing to take any action to seek relief from the order, as is the case here, is not excused by respondent's impecunious financial status. Sanctions for attorney's fees and costs have been ordered against an attorney who, at the time of the order, was in bankruptcy. (*Papdakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1389.) An attorney with an affirmative duty to the courts and his clients whose interests were affected cannot sit back and await contempt proceedings before

- 17 -

complying with or explaining why he or she cannot obey a court order. The Supreme Court, in *Maltaman v. State Bar* (1987) 43 Cal.3d 924, 951–952, rejected a similar argument of an attorney that he was relieved of the duty to comply with court orders because he believed them to be technically invalid. The Court found, 'Such technical arguments are waived to the extent the orders became final without appropriate challenge. There can be no plausible belief in the right to ignore final, unchallengeable orders one personally considers invalid.'" (*Id.* at p. 404.)

Therefore, given respondent's personal knowledge of the sanctions order and his failure to proffer a formal explanation by motion or appeal as to why the order could not be obeyed, despite his impecunious financial status, his willful, unexcused failure to comply with it constituted violation of section 6068, subdivision (b).

## Count 6 - (§ 6068, subd. (o)(3) [Failure to Report Sanctions])

Section 6068, subdivision (o)(3), provides that within 30 days of knowledge, an attorney has a duty to report, in writing, to the State Bar the imposition of judicial sanctions against the attorney of $1,000 or more which are not imposed for failure to make discovery.

Respondent admitted that he failed to report to the State Bar the imposition of three judicial sanctions against him, as follows:

1.  $3,000 in sanctions ordered by the court on May 31, 2011, in *In re Demas Wai Yan*, U.S. Bankruptcy Court for Northern District of California, case No. 04-33526 (Adv. Proc. No. 3152-TC).

2.  $1,200 in sanctions ordered by the court on March 5, 2012, in *In re Demas Wai Yan*, U.S. Bankruptcy Court for the Northern District of California, case No. 04-33526 (Adv. Proc. No. 3152-TC).

3.  $53,910 in sanctions ordered by the court on June 6, 2016, in *Lei v. Yan*, San Francisco County Superior Court, case No. CGC-14-541875.

Therefore, by failing to report to the State Bar of the imposition of these three judicial sanctions against him, respondent willfully violated section 6068, subdivision (o)(3).

### b. Case No. 16-O-10733 – The Li Lawsuits

On March 22, 2010, Charles Li (Li) filed a complaint for legal malpractice against respondent in *Li v. Yan*, San Francisco County Superior Court, case No. CGC-10-497990 (the Li lawsuit). Respondent represented himself in the Li lawsuit. And the Li lawsuit proceeded to trial on several court dates from March 19 until July 10, 2012.

On March 11, 2013, the trial court issued a decision, ruling for Li and awarding him $184,000 in damages, $70,411.42 in legal fees to mitigate harm and "pre-judgment interest to be calculated in accordance with C.C.P. 3287 et seq." Following a further hearing, the trial court entered an order awarding Li attorney fees in the amount of $142,221.50 and costs of $6,112.45.

The parties were ordered to submit further briefing by July 17, 2013, "on the sole and limited issue of the sale of the Chenery Street property." The hearing was scheduled to take place on July 25, 2013. The hearing was to address the value of the property, which was determinative on the prejudgment interest issue.

On July 16, 2013, respondent filed an Opposition to Plaintiff's Motion for Prejudgment Interest. Respondent asserted that prejudgment interest was barred because the debtor was prevented by law from paying the debt. At an August 1, 2013 hearing, the court granted the prejudgment interest. On November 13, 2013, a second amended judgment was filed, awarding Li a total of $552,412.30, including $149,667.29 in prejudgment interest. To date, respondent has not paid any portion of the judgment.

On January 10, 2014, respondent filed a notice of appeal with the court of appeal in *Li v. Yan,* Court of Appeal, First Appellate District, Division Two, case No. A140798. On February

6, 2014, Li filed a motion to dismiss the appeal on the ground that it was untimely. On June 16, 2014, the court of appeal filed an order denying Li's motion, but clarifying that "whether the pre-judgment interest calculation is supported by evidence or law" would be the only issue entertained on appeal.

On June 25, 2014, respondent filed a Petition for Rehearing of Order Entered on June 16, 2014 (Petition). The court of appeal treated it as a motion for reconsideration and denied it on July 25, 2014. On August 14, 2014, respondent filed Appellant's Application to Reconsider Order Entered on June 16, 2014. The language was very similar to that in the Petition.

On September 2, 2014, Li filed a motion for sanctions on the basis that respondent's repeated motions were frivolous. Respondent filed an opposition on September 13, 2014. The court of appeal did not rule on the motion at that time. On September 17, 2014, the court of appeal denied the Application. Thereafter, respondent filed a petition for review with the California Supreme Court. The Supreme Court denied the petition on September 24, 2014.

On April 29, 2015, respondent filed his opening brief, which did not address the calculation of prejudgment interest, which was the sole issue that the court would allow. Instead, he repeated issues that had been determined by the court of appeal and the Supreme Court. On July 8, 2015, the court of appeal granted Li's motion to strike portions of respondent's opening brief.

On September 25, 2015, the court of appeal sent a letter to respondent advising him that it was considering imposing sanctions on its own motion for "taking a frivolous appeal or appealing solely to cause delay...." Respondent received the letter. On October 5, 2015, respondent filed a brief asserting, in part, that the trial court's finding was contrary to evidence.[8]

---

[8] According to respondent, he got the letter after he filed the opening brief. However, he did not file a dismissal or withdraw the appeal.

On January 28, 2016, the court of appeal issued a decision dismissing respondent's appeal on the basis that it was frivolous, imposing sanctions of $9,000 against respondent, and directing the clerk of the court to forward a copy of the opinion to the State Bar upon issuance of the remittitur. Respondent was ordered to pay the sanction to Li within 30 days after the opinion became final. To date, respondent has not paid any portion of the $9,000 sanction. Respondent did not report the sanction to the State Bar until July 30, 2016.

*Orders of Examination in Li v. Yan*

In order to enforce the March 2013 judgment in *Li v. Yan*, on August 12, 2013, the court issued an order for examination (OEX) to 547 LLC and served it on respondent as agent for service of process. 547 LLC was directed to designate one or more persons who were familiar with its property and debts to appear on September 10, 2013, and be examined. 547 LLC was also ordered to produce documents.[9] On September 10, 2013, respondent did not appear for the OEX.

On September 10, 2013, the court issued a Failure to Appear for Order of Examination and issued a Body Attachment and Warrant for the arrest of respondent, as agent for service of process. The Body Attachment and Warrant were stayed to allow a further opportunity to comply with the OEX by appearance on October 23, 2013. Respondent filed responses and objections to the OEX, but did not appear on October 23, 2013. On October 28, 2013, the court issued an order overruling the objections, compelling 547 LLC to produce documents within 10 days of service of notice and ordering 547 LLC and/or respondent to pay Li $1,200 in sanctions.

---

[9] In 2007, while respondent had an active bankruptcy case, respondent conveyed real property that he owned at 547 23rd Avenue in San Francisco to his wholly owned limited liability company, 547 23rd Avenue, LLC (547 LLC). In July 2012, after trial testimony was completed in the Li lawsuit, respondent transferred his ownership in 547 LLC to his mother, Tina Yan, and his brothers-in-law, Thai Ming and Kaman Liu.

- 21 -

Respondent received the order, but did not pay $1,200 to Li. Respondent did not report the sanctions to the State Bar.

On February 19, 2014, Li filed a complaint against respondent, his family members and the LLCs in *Li v. Chiu*, San Francisco County Superior Court, case No. CGC-14-537574. Li sought to set aside the transfer of the subject property (547 23rd Avenue). Respondent represented the defendants in the lawsuit. Respondent, 547 LLC, and 547 Investments defaulted on May 21, 2014.

On May 19, 2015, the court ordered respondent to appear for an examination on June 9, 2015. He failed to appear. On July 2, 2015, the court ordered respondent to pay sanctions of $1,275 to Li for failing to appear at the OEX. Respondent received the order, but failed to pay the $1,275 sanctions to Li and failed to report the sanctions to the State Bar.

*June 10, 2015 Sanctions Order in Li v. Chiu*

On May 4, 2015, respondent, on behalf of the defendants, filed a Joint Motion for Sanctions against Li. On June 10, 2015, the court issued an order finding that the motion was without merit and brought for an improper purpose to harass and cause delay and needless increase in the cost of litigation. The court imposed sanctions in the amount of $8,425[10] against the defendants and respondent, jointly and severally, to be paid within 10 days of notice of entry of the order. On June 10, 2015, the court also issued a sanctions order for $4,250 for discovery abuses against the defendants and respondent, jointly and severally. Respondent filed an appeal of the sanctions and the orders were affirmed on June 30, 2015.

---

[10] The amount of $4,250 as alleged in the NDC, count 9, paragraph (A), is corrected to read "$8,425."

On December 10, 2015, respondent filed two Notices of Deposit in Lieu of Appeal Bond in full satisfaction of the underlying court sanctions orders. Respondent had belatedly paid the sanctions and complied with the sanctions orders.

Li served a subpoena on JP Morgan Chase for documents. Prior to serving the subpoena, Li provided notice to respondent. On July 16, 2015, respondent faxed a pleading to JP Morgan Chase entitled Defaulted Defendant Demas Yan's Notice of Motion and Motion for Order Quashing Subpoena Duces Tecum (motion to quash). The pleading contained a hearing date of September 17, 2015.

However, respondent's motion to quash had never been filed with the court or served on Li's counsel. Respondent did not have a hearing date for the motion. Because the fax and file confirmation bore a filing date and a rejection date of July 16, 2016, the pleading was most likely rejected later in the day on July 16, 2016.

**Conclusions**

*Count 7 - (§ 6068, subd. (c) [Attorney's Duty to Counsel/Maintain Only Legal or Just Actions or Defenses])*

Respondent failed to counsel or maintain such action, proceedings, or defenses only as appear to respondent legal or just, in willful violation of section 6068, subdivision (c): (1) by pursuing a frivolous appeal on January 10, 2014, in *Li v. Yan,* Court of Appeal, First Appellate District, Division Two, case No. A140798; and (2) by filing a frivolous Joint Motion for Sanctions on May 4, 2015, in *Li v. Chiu,* San Francisco County Superior Court, case No. CGC-14-537574.

*Count 8 - (§ 6106 [Moral Turpitude])*

On July 16, 2015, when respondent faxed his motion to quash to JP Morgan Chase, he had not ascertained whether it had been accepted by the superior court in relation to a subpoena issued by the plaintiff in *Li v. Chiu,* San Francisco County Superior Court, case No. CGC-14-

- 23 -

537574.  Respondent testified that he had no notice that his attempt at filing the motion had been rejected and that when he served the pleading on Chase bank he thought his motion to quash had been filed.  But, in fact, respondent's motion to quash was rejected by the court on the very day he attempted to file it.

Therefore, the court finds that respondent was grossly negligent in misrepresenting to Chase that his motion to quash had been accepted by the court and a hearing date had been scheduled on the issue.  In being grossly negligent, respondent committed an act involving moral turpitude in willful violation of section 6106.

### Count 9 - (§ 6103 [Failure to Obey a Court Order])

Section 6103 provides, in pertinent part, that a willful disobedience or violation of a court order requiring an attorney to do or forbear an act connected with or in the course of the attorney's profession, which an attorney ought in good faith to do or forbear, constitutes cause for suspension or disbarment.

The State Bar alleged that respondent willfully violated section 6103 by failing to obey the court's order of June 10, 2015, in *Li v. Chiu*, requiring respondent to pay $8,425 in sanctions for filing a frivolous motion for sanctions and $4,250 in sanctions for discovery abuses.  In other words, the State Bar alleged that respondent failed to pay the sanctions, but it did not allege that respondent failed to timely pay the sanctions.

On December 10, 2015, respondent filed two Notices of Deposit in Lieu of Appeal Bond in full satisfaction of the underlying court sanctions orders.  Therefore, respondent had belatedly paid the sanctions and complied with the sanctions order.

Thus, there is no clear and convincing evidence that respondent willfully violated section 6103 by failing to pay the sanctions order.  Accordingly, count 9 is hereby dismissed with prejudice.

*Count 10 - (§ 6068, subd. (b) [Attorney's Duty to Maintain Respect Due to Courts and Judicial Officers])*

Respondent failed to maintain respect due to the courts of justice and judicial officers in willful violation of section 6068, subdivision (b), in the Li lawsuit, as follows:

(1)  By failing to obey the court's order of August 12, 2013, requiring respondent to appear on September 10, 2013;

(2)  By failing to obey the court's order of September 10, 2013, requiring respondent to appear on October 23, 2013;

(3)  By failing to obey the court's order of May 19, 2015, requiring respondent to appear on June 9, 2015; and

4)  By failing to obey the court's order of July 2, 2015, requiring respondent to pay $1,275 in sanctions.

Respondent also willfully violated section 6068, subdivision (b), by failing to obey the court's order of January 28, 2016, in *Li v. Yan*, Court of Appeal, First Appellate District, Division Two, case No. A140798, requiring respondent to pay $9,000 in sanctions.

*Count 11 - (§ 6068, subd. (o)(3) [Failure to Report Sanctions])*

Respondent failed to report to the State Bar the imposition of judicial sanctions against him, in willful violation of section 6068, subdivision (o)(3), as follows:

(1) $1,200 in sanctions ordered by the court on October 28, 2013, in the Li lawsuit;

(2) $1,275 in sanctions ordered by the court on July 2, 2015, in the Li lawsuit; and

(3) $9,000 in sanctions ordered by the court on January 28, 2016, in *Li v. Yan*, Court of Appeal, First Appellate District, Division Two, case No. A140798.

c.  **Case No. 16-O-13600 – The Garcia Lawsuits**

- 25 -

On August 7, 2014, Francisco Garcia (Francisco) filed a complaint against his employer, Champion Steam Cleaning, and its owners, Isaac Tang (Tang) and Lijia Chang (Chang) in *Garcia v. Champion*, San Francisco County Superior Court, case No. CGC-14-540994 (Garcia I). Garcia also named Tang's Power Wash as a defendant in the lawsuit.

Prior to February 11, 2016, the parties reached a settlement and requested a continuance of the trial to finalize the settlement, which was granted by the court. Trial was rescheduled for February 29, 2016.

On July 2, 2015, Nekis DeLeon-Garcia (Nekis) filed a complaint against her employer, Champion Steam Cleaning, Tang's Power Wash, and its owners, Tang and Chang, in *Garcia v. Champion*, San Francisco County Superior Court, case No. CGC-15-546698 (Garcia II). Nekis also listed Tung Sing Restaurant and its owners, the Tong Family Trust, the Linda Chan Tong Trust, and Cindy Tong, as defendants in the lawsuit.

On February 19, 2016, respondent substituted in as counsel of record for Tang and Chang in Garcia I and for Chang in Garcia II.

On February 22, 2016, respondent filed a Chapter 7 bankruptcy petition on behalf of Tang in *In re Chuan Tang*, U.S. Bankruptcy Court, Northern District of California, case No. 16-30196. On February 23, 2016, respondent substituted in as counsel of record for Tang's Power Wash, Inc., and Champion Steam Cleaning, Inc., in Garcia I. On February 22 and 24, 2016, respondent filed a Notice of Stay of Proceedings, based on the filing of Tang's Chapter 7 petition, in Garcia I and II, respectively. In the pleading, respondent stated that the automatic stay applied to "all parties." The automatic stay only applied to Tang, the debtor in the bankruptcy proceedings. Respondent's statement was not true.

Thereafter, the court in Garcia I removed the case from the master calendar pending the automatic stay. As a result, Garcia, who had been seriously injured, lost his trial date.

- 26 -

**Conclusions**

*Count 12 - (§ 6068, subd. (d) [Attorney's Duty to Employ Means Consistent with Truth])*

Section 6068, subdivision (d), provides that an attorney has a duty to employ those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of law or fact.

In order to violate the statute, an attorney must knowingly make a false, material statement of fact or law to a court, with the intent to mislead. (*In the Matter of Farrell* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 490, 497.)

Here, there is no clear and convincing evidence that respondent intentionally sought to mislead the court by filing a notice of stay of proceedings in Garcia I and Garcia II wherein he stated that an automatic stay applied to all parties, when in fact, the automatic stay only applied to the debtor Tang in the bankruptcy proceedings. Therefore, since respondent did not intentionally make a false statement, he did not willfully violate section 6068, subdivision (d). Accordingly, count 12 is hereby dismissed with prejudice.

*Count 13 - (§ 6106 [Moral Turpitude])*

However, the court finds that, upon filing a notice of stay of proceedings in Garcia I and Garcia II, respondent was grossly negligent in not knowing that his statement that an automatic stay applied to all parties was false.

Respondent argued that he did legal research on the matter and, as result, believed that the stay would apply to all entities related to the debtor. But Garcia and Nekis listed defendants in the lawsuit who were unrelated to Tang. Furthermore, respondent had completed 15 hours of bankruptcy-related continuing education in 2012. The act of checking off the box stating the

- 27 -

automatic stay was to "all defendants" instead of enumerated defendants was either purposeful or grossly negligent.

In view of his good faith belief argument, the court finds that respondent was grossly negligent in not knowing his statement in the notice of stay of proceedings in Garcia I and Garcia II that an automatic stay applied to all parties was false and that the automatic stay only applied to the debtor in the bankruptcy proceedings, and thereby respondent committed an act involving moral turpitude with gross negligence, in willful violation of section 6106.

## 3. Third NDC

### a. Case No. 15-O-13359 – Lombard Flats

Martin Eng (Eng) hired respondent to represent him in legal matters.

From 1985 to 2009, Eng owned a three-flat building located at 949-953 Lombard Street in San Francisco. In January 2009, Eng transferred his interest in the Lombard Street property to Lombard Flats, LLC. Eng was the sole member and manager of Lombard Flats. From 2008 to mid-2009, respondent made demands for Eng to transfer the Lombard Street property as repayment of loans his father, Cheuk Tin Yan, allegedly made to Eng in 2007 and 2008.[11]

On August 3, 2009, Lombard Flats filed a Chapter 11 bankruptcy petition in *In re Lombard Flats, LLC,* United States Bankruptcy Court, Northern District of California, case No. 09-32219-TEC (Lombard Flats bankruptcy). Eng was the responsible individual in the Chapter 11 case. Although Eng owed Cheuk Tin Yan a personal debt, he was not listed as a creditor.

At all relevant times, Lombard Flats was represented by Joan M. Chipser (Chipser). Eng did not inform Chipser of his personal debt to Cheuk Tin Yan. The bankruptcy court found that respondent encouraged Eng d/b/a Lombard Flats, the debtor, not to list a debt he owed Cheuk

---

[11] Respondent did not represent Eng in any matters related to Lombard Flats.

Tin Yan so that Cheuk Tin Yan could claim lack of notice and thereby avoid the effect of discharge in bankruptcy that was later entered and was final.

On July 19, 2010, the court issued an order confirming the Chapter 11 plan. All unsecured claims were discharged pursuant to the plan. On May 23, 2011, the court issued a final decree, and on June 3, 2011, the Lombard Flats bankruptcy was closed.

On September 26, 2012, three years after the bankruptcy petition was filed, respondent's father, in pro per, filed a complaint against Eng, Lombard Flats and others in *Cheuk Tin Yan v. Lombard Flats, LLC*, San Francisco County Superior Court, case No. CGC-12-524745 (*Cheuk Yan* lawsuit). In the complaint, Cheuk Yan alleged that Eng fraudulently transferred the Lombard Street property to Lombard Flats and sought to collect on the 2007 and 2008 loans to Lombard Flats. On January 11, 2013, respondent substituted in as a counsel of record for his father in the *Cheuk Yan* lawsuit. Significantly, respondent did not notify the state court that Lombard Flats had filed for Chapter 11 bankruptcy and that a final decree had been entered.

On March 18, 2013, respondent filed a Notice of Hearing in the *Cheuk Yan* lawsuit, requesting entry of a default judgment against Lombard Flats. On March 21, 2013, Chipser sent a letter to respondent, demanding that Lombard Flats be dismissed from the *Cheuk Yan* lawsuit on the ground that his father's pre-petition claims were discharged by the bankruptcy court. Respondent received the letter, but did not dismiss Lombard Flats from the *Cheuk Yan* lawsuit.

On May 1, 2013, the bankruptcy case was re-opened for the limited purpose of allowing for a modification of the plan as to a creditor. The next day, the court in the *Cheuk Yan* lawsuit entered a default judgment against Lombard Flats. On May 3, 2013, while the bankruptcy case was re-opened, Chipser filed a motion for order of contempt against respondent and his father.

- 29 -

On August 5, 2013, the bankruptcy court entered a decision and order (Bankruptcy Court Order). The court found that the judgment obtained in the *Cheuk Yan* lawsuit was obtained in violation of 11 U.S.C. section 1141(d)(1)(A) [Effect of confirmation] and, thus, void under 11 U.S.C. section 524(a)(1) [Effect of discharge]. The court ordered respondent to vacate the default judgment within 30 days of the date of the order. Respondent received the Bankruptcy Court Order, but did not move to set aside the judgment within 30 days.

On August 14, 2013, respondent filed a motion to amend the Bankruptcy Court Order, which was denied by the court on September 28, 2013.

Prior to his disciplinary suspension taking effect in October 2013, respondent substituted out of the *Cheuk Yan* lawsuit. On October 6, 2013, respondent's father, through different counsel, filed a notice of appeal of the Bankruptcy Court Order with the district court in *Yan v. Lombard Flats (In re Lombard Flats, LLC)*, U.S. District Court, Northern District of California, case No. 4:13-cv-04735-PJH. While the appeal was pending before the district court, respondent's father assigned his "right of recovery" against Eng to an entity named "Legal Recovery, LLC" which was created on December 19, 2013. Legal Recovery had the same address as respondent's law office.

On August 14, 2014, the district court issued an order affirming the Bankruptcy Court Order. The district court found that respondent "intentionally avoided having his father's claims listed in the bankruptcy by persuading Eng to conceal the potential claims from debtor's bankruptcy attorney and from the proceedings, allowing [respondent] to later argue lack of notice as ground for bringing Cheuk Yan's claim after other creditors' claims were discharged in the bankruptcy."

Respondent's father, through counsel, filed an appeal of the district court order with the Ninth Circuit in *Yan v. Lombard Flats (In re Lombard Flats, LLC)*, U.S. Court of Appeal for the

- 30 -

Ninth Circuit, case No. 14-16624. Respondent later substituted in as counsel of record for his father and appeared on his father's behalf at the oral argument on July 20, 2016. On July 26, 2016, the Ninth Circuit dismissed the appeal as moot on the basis that respondent's father assigned his rights against Eng to Legal Recovery, LLC.

On October 27, 2014, two months after the district court affirmed the Bankruptcy Court Order, respondent filed another complaint against Eng, Lombard Flats and others, this time as counsel for Legal Recovery, in *Legal Recovery v. Eng*, San Francisco County Superior Court, case No. CGC-14-542378 (Legal Recovery lawsuit). Respondent alleged the same claims that were raised in the *Cheuk Yan* lawsuit using the theory that Lombard Flats was liable for Eng's debts as Eng's "alter ego." On November 5, 2014, Chipser emailed respondent and demanded that he dismiss Lombard Flats from the Legal Recovery lawsuit since it violated the bankruptcy injunction and prior court rulings upholding the discharge of his father's claim against Lombard Flats. Respondent received the email, but did not dismiss Lombard Flats from the Legal Recovery lawsuit.

On November 21, 2014, Chipser filed a second motion for contempt in bankruptcy court based on respondent's pursuit of pre-petition claims in the Lombard Flats lawsuit. Respondent received Chipser's motion. On December 5, 2014, while Chipser's motion was pending before the bankruptcy court, respondent filed a request for entry of default in the Legal Recovery lawsuit. On January 5, 2015, the bankruptcy court issued an Order of Contempt and ordered respondent to dismiss Lombard Flats from the Legal Recovery lawsuit and pay sanctions to Chipser in the amount of $2,150, both within 10 days of the date of the order. Respondent did not report the sanctions to the State Bar until February 25, 2015.

Respondent received the Order of Contempt, but failed to move to dismiss Lombard Flats until February 17, 2015. Respondent failed to pay sanctions to Chipser until March 16, 2015.

- 31 -

Respondent filed a motion for reconsideration of the bankruptcy court's January 5, 2015 order, which was denied by the court. Respondent then filed an appeal of the contempt order with the district court in *Yan v. Lombard Flats (In re Lombard Flats, LLC)*, U.S. District Court, Northern District of California, case No. 15-cv-00870-PJH. On March 24, 2016, the district court issued an order affirming the bankruptcy court order.

On July 8, 2015, Legal Recovery obtained a $1.5 million judgment against Eng in the Legal Recovery lawsuit. On July 14, 2015, respondent filed a motion seeking appointment of a receiver "to take possession and control, and to sell at public sale" the Lombard Street property. Respondent did not serve the motion on Chipser; she learned about the motion from Eng. On July 18, 2015, Chipser sent an email to respondent requesting that he rewrite the proposed order to take out any reference to the receiver having any power to take possession of, manage, control or sell the Lombard Street property. Respondent received the letter, but did not respond to it.

On July 23, 2015, Chipser filed a third motion for contempt and sanctions against respondent in the bankruptcy court. On August 28, 2015, the court held a hearing on the motion for contempt and issued a tentative ruling. On September 2, 2015, the bankruptcy court issued the written Order of Contempt against respondent, based on a violation of 11 U.S.C. section 524(a)(2). The bankruptcy court ordered respondent to delete or retract the offending language regarding the Lombard Street property in the motion by August 31, 2015, and to pay sanctions of $1,450 to Chipser within 10 days of the date of the order. Respondent complied with the order, but did not report the sanctions to the State Bar. Thereafter, respondent filed an appeal in pro per in *Yan v. Lombard Flats, LLC*, U.S. Court of Appeals, Ninth Circuit, case No. 15-80043.

**Conclusions**

*Count 1 - (§ 6068, subd. (a) [Attorney's Duty to Support Constitution and Laws of United States and California])*

The bankruptcy court found that respondent violated 11 U.S.C. section 1141(d)(1)(A) and 11 U.S.C. section 524(a)(2):   (1) by pursuing an action asserting pre-petition claims against Lombard Flats in *Cheuk Tin Yan v. Lombard Flats, LLC*, San Francisco County Superior Court case No. CGC-12-524745, in violation of 11 U.S.C. section 1141(d)(1)(a); (2) by pursuing an action asserting the same pre-petition claims against Lombard Flats in *Legal Recovery v. Eng*, San Francisco County Superior Court, case No. CGC-14-542378, in violation of 11 U.S.C. section 1141(d)(1)(A); and (3) by filing a request for the appointment of a receiver in *Legal Recovery v. Eng* to take possession and have the power to manage, control or sell the Lombard Street property, in violation of 11 U.S.C. section 524(a)(2).

Based on respondent's violations of 11 U.S.C. section 1141(d)(1)(A) and 11 U.S.C. section 524(a)(2), there is clear and convincing evidence that respondent failed to support the law of the United States in willful violation of section 6068, subdivision (a).

### *Count 2 - (§ 6103 [Failure to Obey a Court Order])*

The State Bar alleged that respondent disobeyed or violated an order of the court in *In re Lombard Flats, LLC*, United States Bankruptcy Court, Northern District of California, case No. 09-32219-TEC, as follows:

(1)  By failing to obey the court's order of August 5, 2013, requiring respondent to set aside the judgment in *Cheuk Tin Yan v. Lombard Flats, LLC*, San Francisco County Superior Court, case No. CGC-12-524745, within 30 days of the date of the order;

(2)  By failing to obey the court's order of January 5, 2015, requiring respondent to dismiss Lombard Flats from *Legal Recovery v. Eng*, San Francisco County Superior Court, case No. CGC-14-542378, within 10 days of the order; and

(3)  By failing to obey the court's order of January 5, 2015, requiring respondent to pay $2,150 in sanctions to Joan Chipser within 10 days of the order.

It is well-settled that to be found culpable of willfully violating section 6103, the State Bar need not prove that respondent violated court orders in bad faith. (*In the Matter of Riordan* (Review Dept. 2007) 5 Cal. State Bar Ct. Rptr. 41, 47.) Willfulness is established by proof that the attorney acted or omitted to act purposely. (*In the Matter of Respondent C* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 439, 451.)

Respondent "was obligated to obey the order unless he took steps to have it modified or vacated," which he did. (*In the Matter of Klein* (Review Dept. 1994) 3 Cal. State Bar Ct. Rptr. 1, 9.) Thus, the orders were not final and binding. Respondent appealed the three orders multiple times. When he had exhausted his appeals, he finally dismissed Lombard Flats on February 17, 2015, and paid the sanctions to Chipser on March 16, 2015.

Therefore, there is no clear and convincing evidence that respondent willfully violated the court orders in willful violation of section 6103. Accordingly, count 2 is hereby dismissed with prejudice.

### Count 3 - (§ 6068, subd. (o)(3) [Failure to Report Sanctions])

Respondent admitted and the court so finds that he failed to report to the State Bar within 30 days of the impositions of two court-ordered sanctions – $2,150 in sanctions on January 5, 2015, and $1,450 in sanctions on September 2, 2015 – in *In re Lombard Flats, LLC*, United States Bankruptcy Court, Northern District of California, case No. 09-32219-TEC, in willful violation of section 6068, subdivision (o)(3).

### b. Case No. 16-O-15786 – Ninth Circuit Application

Prior to November 17, 2014, the State Bar opened an investigation against respondent in case No. 14-O-05531, based on a complaint by Crystal Lei (Lei complaint; case No. 14-O-05531). Lei complained to the State Bar about respondent's misconduct in his bankruptcy matter. From January 2014 through May 2016, respondent appealed the vexatious litigant

determination to the district court, which affirmed, and then appealed to the Ninth Circuit. In May 2016, the Ninth Circuit affirmed the district court's affirmance. On November 17, 2014, the State Bar sent a letter to respondent in case No. 14-O-05531, requesting a response to the allegations in the Lei complaint. Respondent received the letter and provided a written response to the allegations on November 19, 2014.

On December 30, 2014, the State Bar filed a Notice of Disciplinary Charges against respondent in case No. 13-O-17331. On February 9, 2015, at a status conference, respondent and the State Bar stipulated to abate the case, pending completion of the investigation in another disciplinary matter, case No. 14-O-05531, which was not going to be filed until there was finality of respondent's appeal to the Ninth Circuit. The court then issued an order abating case No. 13-O-17331. Thereafter, the parties participated in status conferences in case No. 13-O-17331 on May 11, August 17, and December 14, 2015, to report on the status of the abatement. On December 14, 2015, the court issued a status conference order scheduling the next status conference for May 23, 2016. Respondent received the order, but did not appear for the May 23, 2016 status conference.

On June 29, 2016, respondent filed an Application and Oath for Admission (Application) to the U.S. Court of Appeals for the Ninth Circuit. On question No. 3 of the Application, respondent certified under penalty of perjury "no" to the question: "Are any such [disciplinary] actions pending against you?" On question No. 4 of the Application, respondent certified under penalty of perjury "no" to the question: "Are you currently under investigation by, or have you ever received a reprimand from any court or government agency?"

It should be noted that respondent truthfully replied "yes" to question No. 2 based on his prior record of discipline: "Have you ever been disbarred or suspended from practice before any

court or governmental agency?" He then also attached his Attorney search page on the State Bar website where all his discipline and pending cases were listed.

On July 28, 2016, the Ninth Circuit issued an Order to Show Cause (OSC) why it should not rescind respondent's membership to the Ninth Circuit bar for submission of a false application and referred the matter to the State Bar. On August 22, 2016, respondent filed a response to the OSC, claiming that he made an honest mistake, as it was his understanding that since case No. 13-O-17331 was abated, it was not "active." On October 7, 2016, the Appellate Commissioner issued a Report and Recommendation. The Appellate Commissioner found that respondent's explanation was "not credible" and recommended that the Ninth Circuit rescind respondent's membership. On November 1, 2016, the Ninth Circuit issued a Final Order. The Court revoked respondent's membership in the bar of the Ninth Circuit.

**Conclusions**

*Count 4 - (§ 6068, subd. (d) [Attorney's Duty to Employ Means Consistent with Truth])*

The State Bar alleged that respondent willfully violated section 6068, subdivision (d), by falsely certifying under penalty of perjury "no" to question Nos. 3 and 4 on the June 29, 2016 Application to the Ninth Circuit.

Here, there is no clear and convincing evidence that respondent knowingly made a false, material statement of fact or law to the Ninth Circuit, with the intent to mislead. He claimed that he honestly but mistakenly believed that case No. 13-O-17331 was not a pending matter because it was abated. Since he admitted that he was previously disciplined and attached his Attorney search page on the State Bar website where all his discipline and pending cases were listed, there is no clear and convincing evidence that respondent intentionally misled the court by answering "no" to questions Nos. 3 and 4. If he had the intent to mislead the court, he would not have attached his disciplinary record on the website to the Application.

- 36 -

Therefore, since respondent did not intentionally make a false statement, he did not willfully violate section 6068, subdivision (d). Accordingly, count 4 is hereby dismissed with prejudice.

### Count 5 - (§ 6106 [Moral Turpitude])

But, the court finds that respondent was grossly negligent in not knowing that his answers to question Nos. 3 and 4 on the Application were false, and thereby respondent committed an act involving moral turpitude in willful violation of section 6106.

### 4. Fourth NDC

#### Case No. 16-J-17889 – Ninth Circuit Final Order

This disciplinary proceeding is based on respondent's professional misconduct found in another jurisdiction, the U.S. Court of Appeals for the Ninth Circuit. The above findings regarding the Second and Third NDC are incorporated by reference as if set forth fully herein.

On November 1, 2016, upon finding that respondent had committed professional misconduct, the Ninth Circuit issued a Final Order revoking respondent's bar membership. Thereafter, the decision of the foreign jurisdiction became final.

Section 6049.1 provides, in pertinent part, that a certified copy of a final order by any court of record or other body of any state of the United States authorized by law or rule of court to conduct disciplinary proceedings against attorneys, determining that a member of the State Bar committed professional misconduct in such other jurisdiction, will be conclusive evidence that the member is culpable of professional misconduct in this state, subject only to the following limitations: (1) the degree of discipline to impose; (2) whether, as a matter of law, the member's culpability determined in the proceeding in the other jurisdiction would not warrant the imposition of discipline in California under the laws or rules applicable to members of the

California State Bar at the time of the misconduct in the other jurisdiction; and (3) whether the proceedings of the other jurisdiction lacked fundamental constitutional protection.

Respondent bears the burden of establishing that the conduct for which he was disciplined in the other jurisdiction would not warrant the imposition of discipline in California and/or that the proceedings in the other jurisdiction lacked fundamental constitutional protection.

*Ninth Circuit Final Order*

In the Final Order, the Ninth Circuit found that respondent submitted a false application for admission; failed to obtain a waiver from former client, Martin Eng, to a conflict of interest; made threats against Martin Eng; filed frivolous appeals in *Yan v. Fu* (Second NDC); and made appearances before the Ninth Circuit in *Yan v. Fu* (Second NDC) and *Lombard Flats* (Third NDC) without applying for admission.

Respondent received the Final Order, but did not appeal it.

Specifically, the Ninth Circuit made the following findings:

On June 29, 2016, respondent submitted false answers to questions 3 and 4 on his Application and Oath for Admission to the Ninth Circuit, and thereby submitted a false application to the Ninth Circuit in violation of Federal Rules of Appellate Procedure, Rule 46(a)(1), and Rule 46(b)(1)(B), and Ninth Circuit Rule 46-2(a).

On August 18, 2009, respondent sent a threatening email to then-client, Martin Eng, stating, in part: "I will tell the judge about your forging of my signatures. [Y]ou think you will be away with lies? Forget it. [Y]our [ ] is going to jail. [Y]ou cheated [W]ong out of money. He wants your [ ] also. [Y]ou better buy life insurance now," in violation of Rules of Professional Conduct, rule 5-100(A), and Federal Rules of Appellate Procedure, Rule 46(b)(1)(B).

On January 30, 2012, respondent filed an appeal in *Yan v. Fu,* U.S. Court of Appeals for the Ninth Circuit, case No. 12-15204, and entered an appearance to represent himself as counsel. Respondent's appeal was frivolous. Respondent filed the appeal without being admitted to the Ninth Circuit, or simultaneously applying for admission in violation of Ninth Circuit Rule 46-2(A) and Rule 46-1.2.

In October 2014, respondent filed a frivolous appeal in *Yan v. Fu,* U.S. Court of Appeals for the Ninth Circuit, case No. 14-16937.

On July 20, 2016, respondent appeared as counsel of record on behalf of his father against respondent's former client, Martin Eng, in *Yan v. Lombard Flats (In re Lombard Flats, LLC)*, U.S. Court of Appeal for the Ninth Circuit, case No. 14-16624. Respondent did not obtain a written waiver to the conflict from Eng for respondent's representation of respondent's father against Eng in violation of Rules of Professional Conduct, rule 3-310(C).

On March 18, 2015, respondent represented himself as counsel in filing an opposition to a petition for permission to appeal in *Yan v. Lombard Flats, LLC,* U.S. Court of Appeals for the Ninth Circuit, case No. 15-80043. Respondent filed the opposition without being admitted to the Ninth Circuit, or simultaneously applying for admission, in violation of Ninth Circuit Rule 46-2(A) and Rule 46-1.2.

### *Conclusions of Law*

The State Bar asserts that the November 1, 2016 Ninth Circuit Final Order conclusively established respondent's culpability and warrants the imposition of discipline in the State of California under:

1. Section 6106 [misrepresentations/moral turpitude];

2. Section 6068, subdivision (a) [failing to support the laws];

3. Section 6068, subdivision (b) [failing to maintain respect for the court];

- 39 -

4.   Section 6068, subdivision (c) [filing unjust actions];

5.   Section 6068, subdivision (d) [seeking to mislead a judge];

6.   Section 6103 [failing to obey court orders];

7.   Rule 3-310(C) [conflict of interest];[12]

8.   Rule 5-100(A) [threatening charges];[13] and

9.   Rule 1-300(B) [unauthorized practice of law].[14]

As discussed in the procedural history, this court had denied respondent's request to dismiss this matter, which the review department affirmed and found no abuse of discretion or error of law.  At this trial, respondent again raised the same argument that this matter should be dismissed on the ground that the proceedings in the federal court lacked fundamental constitutional protection.  Respondent contended that the Ninth Circuit did not give him notice and an opportunity to be heard on the Lombard Flats claims and that he was denied due process because he was deprived of a hearing.  He then claimed that had he been granted a hearing, he would have presented evidence in opposition, or to temper, explain or mitigate the alleged misconduct.

Again, the court finds his arguments without merit.  There is clear and convincing evidence that the Ninth Circuit provided respondent with notice and an opportunity to be heard. But he neither sought a hearing nor appealed the Report and Recommendation and the Final Order.

---

[12] Rule 3-310(C)(1) provides that an attorney must not, without the informed written consent of each client, accept representation of more than one client in a matter in which the clients' interests potentially conflict.

[13] Rule 5-100(A) provides that an attorney must not threaten to present administrative, criminal, or disciplinary charges to obtain an advantage in a civil dispute.

[14] Rule 1-300(B) provides that an attorney must not practice law in a jurisdiction where to do so would be in violation of regulations of that jurisdiction's profession.

After the Ninth Circuit issued the OSC on July 28, 2016, respondent waived his right to a
hearing and filed a written answer to the OSC on August 22, 2016.  The OSC and respondent's
response were referred to the Appellate Commission of the Ninth Circuit for a report and
recommendation to the panel for the disposition of the OSC.  The OSC clearly enumerated the
alleged misconduct of respondent's misrepresentation in the Application and the culpability
findings by the bankruptcy court.  The Ninth Circuit's review of the record in *Yan v. Lombard
Flats* "reveals additional misconduct by Demas W. Yan that, if true, is unbecoming of a member
of the bar."

On October 7, 2016, the Appellate Commissioner filed a Report and Recommendation,
recommending that respondent's membership in the bar of the Ninth Circuit be rescinded.  The
Panel did not find his explanation credible regarding his mistaken belief of equating "pending"
cases with "active" cases and therefore failing to include a matter held in abeyance.  Respondent
was given 21 days to file an objection to the Report and Recommendation.  He did not file any
objection.

Consequently, on November 1, 2016, a three-judge panel of the Ninth Circuit issued a
Final Order, based on the record and the Report and Recommendation.  It rescinded respondent's
membership in the bar of the Ninth Circuit, concluding: "Revocation of Yan's membership is
warranted because of Yan's record of persistent misconduct unbecoming a member admitted to
practice before our court.  *See* Fed. R. App. P. 46(b)(1)(B).  Yan has 'faile[d] to comply with
rules ... of this Court' and has 'engage[d] in conduct violating applicable rules of professional
conduct.' 9th Cir. R. 46-2(a).  It is evident that Yan lacks the 'good moral and professional
character' for admission to the bar of the Ninth Circuit. Fed. R. App. P. 46(a)."

Again, respondent did not appeal the Final Order.

In view of the foregoing, respondent failed to establish that the proceedings in the Ninth Circuit lacked fundamental constitutional protection. Accordingly, there is clear and convincing evidence that the conduct for which respondent was disciplined in the Ninth Circuit warrants the imposition of discipline in California, as follows:

1. By filing a false Application to the Ninth Circuit, respondent committed an act of moral turpitude in willful violation of section 6106, failed to maintain respect for the court in willful violation of section 6068, subdivision (b), and sought to mislead a judge in willful violation of section 6068, subdivision (d).

2. By violating Federal Rule of Appellate Procedure, rules 46(a), 46(b)(1)(B), and 46(c), and Ninth Circuit Rule 46-2(a) in the Application, respondent failed to support U.S. law, in willful violation of section 6068, subdivision (a).

3. By failing to obtain an informed written consent from his client (his father) and former client (Martin Eng) in order to avoid the representation of adverse interests in *Yan v. Lombard Flats*, respondent willfully violated rule 3-310(C)(1).

4. By threatening Eng's life ("you better buy life insurance now"), respondent threatened to present administrative, criminal, or disciplinary charges to obtain an advantage in a civil dispute, in willful violation of rule 5-100(A) and committed an act of moral turpitude in willful violation of section 6106.

5. By violating Federal Rule of Appellate Procedure, rules 46(a), 46(b)(1)(B), and 46(c), and Ninth Circuit Rule 46-2(a) in his threats to Eng in *Yan v. Lombard Flats*, respondent failed to support U.S. law, in willful violation of section 6068, subdivision (a).

6. By filing multiple frivolous appeals, respondent filed unjust actions in willful violation of section 6068, subdivision (c).

7. By failing to comply with court rules and orders in violation of Ninth Circuit Rules 46-1.2 and 46-2(a), respondent willfully violated sections 6103 and 6068, subdivision (b).

8. Finally, by engaging in the unauthorized practice of law in violation of Ninth Circuit Rules 46-1.2 and 46-2(a), respondent willfully violated rule 1-300(B).

## Aggravation[15]

### Prior Record of Discipline (Std. 1.5(a).)

Respondent has a record of one prior discipline.

On September 11, 2013, the California Supreme Court ordered that respondent be suspended from the practice of law for two years, stayed, placed on probation for three years, and was actually suspended for one year, for his misconduct in 2009. He was found culpable of representing adverse interests and negligently misappropriating $2,000 in one client matter, several instances of commingling personal and entrusted funds, and improperly receiving unemployment benefits. (Supreme Court case No. S202474; State Bar Court case Nos. 09-O-12085 (09-O-12213; 10-O-03693; 10-O-03694; 10-O-03753; 10-O-06199).)

### Multiple Acts (Std. 1.5(b).)

Respondent's misconduct constitutes multiple acts of wrongdoing in California and in a foreign jurisdiction, including failing to support the laws; failing to maintain respect for the court; maintaining unjust actions; committing acts of moral turpitude; failing to report judicial sanctions; seeking to mislead judges; failing to obey court orders; failing to avoid adverse interests; threatening a client; and engaging in the unauthorized practice of law.

---

[15] All references to standards (Std.) are to the Rules of Procedure of the State Bar, title IV, Standards for Attorney Sanctions for Professional Misconduct.

**Intentional Misconduct/Bad Faith/Dishonesty (Std. 1.5(d).)**

Respondent's misconduct is surrounded by bad faith and dishonesty, but it is not an additional aggravating factor because it was already considered an act of moral turpitude in the underlying case and, therefore, would be duplicative here.

**Significant Harm to Client/Public/Administration of Justice (Std. 1.5(j).)**

Respondent significantly harmed his clients, the public and the administration of justice. His vexatious litigation required the courts to repeatedly rule on meritless lawsuits and motions, wasting valuable judicial time and resources. The cumulative effect of his conduct over the course of seven years of meritless litigation is prejudicial to the administration of justice, taking judicial resources away from other meritorious cases. Moreover, respondent's misconduct caused harm to the legal profession. He used the courts as a means of intimidating those he had disputes with through his endless litigations.

Respondent is stubbornly litigious in filing frivolous appeals. As a result, people whom he sued incurred thousands of dollars in legal fees to fight those meritless claims. DIVP in the Vallejo Property matter had to pay additional attorney fees to lift the automatic stay.

Crystal Lei in the Chenery Property matter continues to suffer from depression, stress and insomnia due to respondent's misconduct. In addition, Lei spent more than $400,000 in attorney fees to defend against respondent's misconduct; she used up all of her savings and had to borrow money from relatives and friends.

Bryant Fu in the Chenery Property matter was in elementary school when respondent started his frivolous litigation against his parents. Fu was in high school when respondent personally sued him. He suffered from stress due to the financial and emotional impact respondent's misconduct caused on his family. He was constantly worrying about the unknown.

Fu would give all of the money he received as gifts or from working to his mother to offset her legal fees.

Charles Li in the Li lawsuits incurred additional attorney fees to collect on his judgment against respondent. To date, respondent has only paid approximately $900 on the $1 million judgment.

Francisco Garcia and Nekis DeLeon-Garcia in the Garcia lawsuits incurred additional costs and legal fees. Respondent's misconduct caused a delay in their proceedings.

Martin Eng in the Lombard Flats lawsuits had to pay approximately $25,000 in legal fees to defend against respondent's lawsuits.

There is a point which zealous litigation must yield to the judicial process and the rule of law and duty to the court. Without such deference, respect for the process and rule of law is lost.

Here, there is clear and convincing evidence that respondent's litigiousness caused significant harm to DIVP, Lei, Fu, Li, Garcia, and Eng; the administration of justice; and the public.

**Indifference Toward Rectification/Atonement (Std. 1.5(k).)**

Respondent demonstrated indifference toward rectification of or atonement for the consequences of his misconduct. "The law does not require false penitence. [Citation.] But it does require that the respondent accept responsibility for his acts and come to grips with his culpability. [Citation.]" (*In the Matter of Katz* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 502, 511.)

Respondent expressed no recognition of the serious consequences of his misbehavior. He was relentless in pursuit of his claims. Respondent had to know that his arguments in many of the appeals were not supported by the law. Yet, he was undeterred by the multiple sanctions imposed by the court. He soldiered on filing meritless appeal after appeal in the state and federal

courts. He has no insight into his behavior. He is unapologetic toward the significant harm he has caused Lei, Fu, and others. He has failed to pay the judgment and many of the sanctions that were imposed against him, including the $552,412 judgment to Li, the $35,000 in sanctions to Lei or Tony Fu; or the $9,000, $1,200 and $1,275 in sanctions to Li.

Throughout trial, respondent did not really challenge any of the findings made by the various courts. Instead, he asserted that he acted in good faith based on his knowledge of the law at the time. Respondent could not have held an honest and reasonable belief that his misconduct was proper at the time. (See *In the Matter of Thomson* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 966, 976 [to establish good faith as a mitigating circumstance, the belief must be both honestly held and reasonable].) Respondent was given several warnings by the courts that his conduct was improper. Although respondent testified that his judgment may have been clouded in matters where he represented himself and his family members, he could still not have held an honest and reasonable belief that he could simply ignore those warnings by the court. Furthermore, such clouded judgment would surely not extend to the matters where respondent committed misconduct on behalf of clients unrelated to himself and his family (i.e., the Vallejo Property and Garcia lawsuits matters). In fact, he "used his legal knowledge to repeatedly abuse the court system through his relentless lawsuits." (*In the Matter of Kinney* (Review Dept. 2014) 5 Cal. State Bar Ct. Rptr. 360, 369.)

Lastly, to the extent that respondent claimed his misconduct was based on a lack of training, it should be noted that he has not taken any steps to improve his knowledge of the law. In his prior record of discipline, his misconduct occurred in 2009. There, the court accepted his claim of good faith. The court noted in its decision that "[r]espondent was young and inexperienced in the practice law… His youth and inexperience can be given some weight in mitigation."

- 46 -

In this proceeding, his arguments of having no formal legal training and attending an online law school with "no campus, no professors, no classmates, and ultimately, no colleagues or mentors" in an attempt to justify his malfeasance absolutely fail. An attorney's duty of honesty and integrity has nothing to do with any formal legal training or his relationships with the legal community. Respondent's misrepresentations to the court, frivolous actions, false Application to the Ninth Circuit, threats to a client, and bankruptcy petition for an improper purpose are serious acts of moral turpitude, which violate "the fundamental rule of ethics – that of common honesty – without which the [legal] profession is worse than valueless in the place it holds in the administration of justice." (*Bowles v. State Bar* (1989) 48 Cal.3d 100, 109.)

Respondent's continuous course of professional violations from 2009 to the present is egregious and clearly demonstrates his indifference toward rectification of his misconduct. Therefore, respondent's failure to accept responsibility for actions which are wrong or to understand that wrongfulness is considered a significant aggravating factor. (*Carter v. State Bar* (1988) 44 Cal.3d 1091, 1100-1101.)

**Mitigation**

### Candor/Cooperation to Victims/State Bar (Std. 1.6(e).)

Respondent's stipulation as to facts is a mitigating factor. Where stipulated facts were not difficult to prove and did not admit culpability, but were extensive, relevant and assisted the State Bar's prosecution of the case, respondent's factual stipulation was a mitigating circumstance. (*In the Matter of Riordan* (Review Dept. 2007) 5 Cal. State Bar Ct. Rptr. 41, 50.) Here, the parties' stipulation as to facts saved the court time.

### Discussion

The purpose of State Bar disciplinary proceedings is not to punish the attorney but to protect the public, the courts, and the legal profession; to maintain the highest possible

professional standards for attorneys; and to preserve public confidence in the legal profession. (Std. 1.1; *Chadwick v. State Bar* (1989) 49 Cal.3d 103, 111.)

In determining the appropriate level of discipline, the court looks first to the standards for guidance. (*Drociak v. State Bar* (1991) 52 Cal.3d 1095, 1090; *In the Matter of Koehler* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 615, 628.) The standards provide a broad range of sanctions ranging from reproval to disbarment, depending upon the gravity of the offenses and the harm to the victim. Standards 1.7, 1.8, 2.5, 2.9, 2.10, 2.11, 2.12, and 2.19 apply.

The Supreme Court gives the standards "great weight" and will reject a recommendation consistent with the standards only where the court entertains "grave doubts" as to its propriety. (*In re Silverton* (2005) 36 Cal.4th 81, 91-92; *In re Naney* (1990) 51 Cal.3d 186, 190.) The standards are not mandatory; they may be deviated from when there is a compelling, well-defined reason to do so. (*Bates v. State Bar* (1990) 51 Cal.3d 1056, 1061, fn. 2; *Aronin v. State Bar* (1990) 52 Cal.3d 276, 291.)

Standard 1.7(a) provides that when two or more acts of misconduct are found in a single disciplinary proceeding, and different sanctions are prescribed for those acts, the recommended sanction is to be the most severe of the different sanctions.

Standard 1.7(b) states, "If aggravating circumstances are found, they should be considered alone and in balance with any mitigating circumstances, and if the net effect demonstrates that a greater sanction is needed to fulfill the primary purposes of discipline, it is appropriate to impose or recommend a greater sanction than what is otherwise specified in a given Standard. On balance, a greater sanction is appropriate in cases where there is serious harm to the client, the public, the legal system, or the profession and where the record demonstrates that the member is unwilling or unable to conform to ethical responsibilities."

Standard 1.7(c) states, "If mitigating circumstances are found, they should be considered alone and in balance with any aggravating circumstances, and if the net effect demonstrates that a lesser sanction is needed to fulfill the primary purposes of discipline, it is appropriate to impose or recommend a lesser sanction than what is otherwise specified in a given Standard. On balance, a lesser sanction is appropriate in cases of minor misconduct, where there is little or no injury to a client, the public, the legal system, or the profession and where the record demonstrates that the member is willing and has the ability to conform to ethical responsibilities in the future."

Standard 1.8(a) provides that, when an attorney has one prior record of discipline, "the sanction must be greater than the previously imposed sanction unless the prior discipline was so remote in time and the previous misconduct was not serious enough that imposing greater discipline would be manifestly unjust."

Standard 2.5(b) provides that, when a member accepts employment that is actually adverse to a client or former client, and the member: (1) does not obtain informed written consent; (2) breaches the duty to maintain confidential information that is material to the employment; and (3) causes significant harm to the client or former client, actual suspension is the presumed sanction.

Standard 2.9(a) provides that, when a member maintains or counsels a frivolous claim or action for an improper purpose, resulting in significant harm to the administration of justice or to an individual, actual suspension is the presumed sanction. If the misconduct demonstrates a pattern, disbarment is appropriate.

Standard 2.10(b) states, "Suspension or reproval is the presumed sanction when a member engages in the practice of law or holds himself or herself out as entitled to practice law when he or she is on inactive status or actual suspension for non-disciplinary reasons, such as

non-payment of fees or MCLE non-compliance. The degree of sanction depends on whether the member knowingly engaged in the unauthorized practice of law."

Standard 2.11 provides that "[d]isbarment or actual suspension is the presumed sanction for an act of moral turpitude, dishonesty, fraud, corruption, intentional or grossly negligent misrepresentation, or concealment of a material fact. The degree of sanction depends on the magnitude of the misconduct; the extent to which the misconduct harmed or misled the victim, which may include the adjudicator; the impact on the administration of justice, if any; and the extent to which the misconduct related to the member's practice of law."

Standard 2.12(a) provides that the presumed sanction for violation or disobedience of a court order related to the member's practice of law, the attorney's oath, or the duties required of an attorney under section 6068, subdivisions (a), (b), (d), (e), (f), or (h), is actual suspension or disbarment.

Standard 2.12(b) provides that the presumed sanction for a violation of an attorney's duties under section 6068, subdivisions (i), (j), (l), or (o) is reproval.

Standard 2.12(d) provides that violations of an attorney's duties under Business and Professions Code section 6068, subdivision (c) or (g) are covered in Standard 2.9.

Finally, standard 2.19 states, "Suspension not to exceed three years or reproval is the presumed sanction for a violation of a provision of the Rules of Professional Conduct not specified in these Standards."

The State Bar urges disbarment, citing *In the Matter of Kinney* (Review Dept. 2014) 5 Cal. State Bar Ct. Rptr. 360 in support of its recommendation. The State Bar argues that disbarment is required in light of the serious and repetitive nature of respondent's misconduct and his inability or unwillingness to conform his conduct. The State Bar contends in its closing brief "that no warning, no court order, and no monetary sanction is sufficient to stop

- 50 -

respondent.... [H]e is not fit to practice law."

Respondent concedes that an actual suspension of 18 months to two years would be proper for his misconduct, citing *In the Matter of Lais* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 112. He argues that the court should consider the misconduct here as contemporaneous with the misconduct in his prior record of discipline. As such, the court should "consider the totality of the findings in the two cases to determine what the discipline would have been had all the charged misconduct in this period been brought as one case." (*In the Matter of Sklar* (Review Dept. 1993) 2 Cal. State Bar Ct. Rptr. 602, 619.)

In *In the Matter of Lais*, the attorney was found culpable of filing a patently frivolous appeal, dishonesty and misleading the court in two client matters. The court found that "anytime [r]espondent lost on the merits of an issue, he could not accept the court's adverse judicial determination and would attempt to blame the ruling on the court's lack of understanding of the issues." (*In the Matter of Lais, supra,* 4 Cal. State Bar Ct. Rptr. at p. 124.) The attorney was also found culpable of misconduct in five client matters in an earlier disciplinary matter. He was actually suspended for two years with three years' stayed suspension and three years' probation.

Collectively, respondent's misconduct is much more egregious than that of *Lais*. While *Lais* involved five client matters in his first disciplinary matter and two client matters in his second disciplinary matter, a total of seven matters, respondent's misconduct involved six matters in his first disciplinary matter and 27 counts of misconduct in seven matters in this proceeding, a total of 13 matters.

Moreover, respondent's litigiousness began many years before he was admitted to the bar in 2008. After obtaining a law license, he was emboldened to engage in further legal attacks against individuals. Thus, the court does not find a *Sklar* analysis on determining the appropriate level of discipline would make any difference in this case.

- 51 -

In *In the Matter of Kinney* (Review Dept. 2014) 5 Cal. State Bar Ct. Rptr. 360, an attorney with 31 years of discipline-free practice was disbarred for his pursuit of unjust and frivolous actions as a plaintiff and attorney in multiple lawsuits. Like the attorney in *Kinney*, respondent "used his legal knowledge to repeatedly abuse the court system through his relentless lawsuits. His misconduct goes beyond vexatious litigation as it involves significant aggravation, including a lengthy pattern of wrongdoing, significant harm to others, disregard for the court process, and a total lack of insight into his harmful behavior. At the same time, [respondent] has failed to establish any mitigation." (*Id.* at p. 369.)

Another instructive case is *In the Matter of Varakin* (Review Dept. 1994) 3 Cal. State Bar Ct. Rptr. 179. In *Varakin*, the attorney was disbarred for filing frivolous motions and appeals in four different cases over 12 years solely for the purpose of delay and harassment of his ex-wife and others who became embroiled in his vendetta against her, and he was proud of his conduct. He persisted in this pattern of misconduct despite many sanctions. In fact, within four years, he received at least 14 sanctions, totaling $80,000. He also intentionally refused to report sanctions and to cooperate with the State Bar investigation. Stressing Varakin's abuse of the judicial system, lack of repentance, and obdurate persistence in misconduct, the review department concluded that no discipline less than disbarment was consistent with the goals of maintaining high ethical standards for attorneys and preserving public confidence in the legal profession.

Like *Varakin* and *Kinney,* respondent's multiple frivolous lawsuits and appeals burdened the court, opposing parties and counsel, causing substantial harm to many individuals, the administration of justice, and the public. For seven years, respondent seriously abused the judicial system, resulting in defendants' having to spend thousands of dollars in legal fees. In the Vallejo Property matter, the court found that respondent's bankruptcy filing was not justified and was done in bad faith and that his conduct was done to harass and cause unnecessary delay. In

the Chenery Property matter, the court noted that respondent filed 16 separate frivolous actions and determined that respondent's "consistent and repeated behavior of asserting claims upon which relief could not be granted [demonstrated that respondent] filed these lawsuits merely to harass Defendants."   Furthermore, the Ninth Circuit stated: "It is evident that Yan lacks the 'good moral and professional character' for admission to the bar of the Ninth Circuit."

Respondent was declared a vexatious litigant only four years after he became an attorney. The $130,000 judicial sanctions from 2011 to 2016 failed to deter him.  Respondent now claims that he is remorseful and wants "to move on from this episode in his law practice."  But his lack of insight into his misconduct suggests that the misconduct will reoccur.  (See *Blair v. State Bar* (1989) 49 Cal.3d. 762, 781-782 .)

In recommending discipline, the "paramount concern is protection of the public, the courts and the integrity of the legal profession." (*Snyder v. State Bar* (1990) 49 Cal.3d 1302.) Respondent's serious misconduct began within a year after he became a member of the bar.  The enormous harm to the individuals, the administration of justice and to the public weighs heavily in assessing the appropriate level of discipline.  Therefore, having considered the egregious nature and extent of the misconduct, the aggravating circumstances, as well as the case law and the standards, the court must recommend that respondent be disbarred to protect the courts, the public and the profession; to maintain the highest possible professional standards for attorneys; and to preserve public confidence in the legal profession.

### Recommendations

It is recommended that respondent Demas W. Yan, State Bar Number 257854, be disbarred from the practice of law in California and respondent's name be stricken from the roll of attorneys.

**California Rules of Court, Rule 9.20**

It is further recommended that respondent be ordered to comply with the requirements of rule 9.20 of the California Rules of Court, and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of the Supreme Court order in this proceeding.

**Costs**

It is recommended that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10, and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

## Order of Involuntary Inactive Enrollment

Respondent is ordered transferred to involuntary inactive status pursuant to Business and Professions Code section 6007, subdivision (c)(4). Respondent's inactive enrollment will be effective three calendar days after this order is served by mail and will terminate upon the effective date of the Supreme Court's order imposing discipline herein, or as provided for by rule 5.111(D)(2) of the State Bar Rules of Procedure, or as otherwise ordered by the Supreme Court pursuant to its plenary jurisdiction.

Dated: September 27, 2017

PAT McELROY
Judge of the State Bar Court

## CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Case Administrator of the State Bar Court of California. I am over the age of eighteen and not a party to the within proceeding. Pursuant to standard court practice, in the City and County of San Francisco, On September 27, 2017, I deposited a true copy of the following document(s):

DECISION AND ORDER OF INVOLUNTARY INACTIVE ENROLLMENT

in a sealed envelope for collection and mailing on that date as follows:

☒    by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at San Francisco, California, addressed as follows:

     SAMUEL C. BELLICINI
     SAMUEL C. BELLICINI, LAWYER
     1005 NORTHGATE DR # 240
     SAN RAFAEL, CA 94903

☒    by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

     SUSAN I. KAGAN, Enforcement, San Francisco

I hereby certify that the foregoing is true and correct. Executed in San Francisco, California, on September 27, 2017.

                          Lauretta Cramer
                          Case Administrator
                          State Bar Court

# Exhibit B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - -

DEMAS YAN,                    )

      Appellant,    )        CASE NO.

vs.                          )    3:11-CV-01814-RS

TONY FU, CRYSTAL LEI,  )

WEI SUEN, BRYANT FU,   )

and STELLA HONG CHEN,  )

      Appellees.    )

- - - - - - - - - - - -

ORDER OF EXAMINATION RE:

DEMAS YAN

TUESDAY, JUNE 27, 2017

VOLUME 1; PAGES 1 - 80

HANNAH KAUFMAN & ASSOCIATES, INC.
Certified Shorthand Reporters
San Francisco Executive Park
150 Executive Park Blvd., Suite4600
San Francisco, California 94134-3333
(415) 337-2077
Reported by:
CANDACE HOLROYD, CSR 137

Hannah Kaufman & Associates, Inc.

```
1              Do you have a power attorney for any third
2     person?
3        A.   So is that your question:  Do I have a power of
4     attorney to sign anything for other people?
5        Q.   For any third person, whether that is an
6     individual, entity, or otherwise.
7        A.   Is that your question?
8        Q.   Yes.
9        A.   Okay.
10            No, I don't.
11       Q.   In your bankruptcy that was filed some years
12    ago, you listed a flat in Hong Kong as part of your
13    property.  Do you still own that?
14       A.   No.
15       Q.   What happened to it?
16       A.   I have no ownership in that for many, many
17    years.
18       Q.   What happened to it?
19       A.   What happened to it?
20       Q.   Right.  You listed it as an asset in your
21    bankruptcy a few years ago.  So, what happened to it
22    that you don't own it now?
23       A.   It was sold.
24       Q.   When was it sold?
25       A.   Many years ago.
```

Order of Examination

1                    CERTIFICATE OF REPORTER

2

3          I, Candace Holroyd, Certified Shorthand Reporter

4   No. 1370, do hereby certify the following:

5          That the within-entitled ORDER OF EXAMINATION OF

6   DEMAS YAN was reported by me at the time and place

7   mentioned herein;

8          That I am not of counsel or attorney for any of

9   the parties in the caption, nor in any way interested in

10  the outcome of the cause named in said caption;

11         That the proceeding was transcribed by computer

12  by me or under my supervision to the best of my ability,

13  and that the within transcript is complete and correct.

14

15  DATED: _7- 1- 2017_        _____

16                             CANDACE HOLROYD, CSR 1370

17

18

19

20

21

22

23

24

25

                                                            80

# Exhibit C

THE LAND REGISTRY

Order / Copy Separator

| | |
|---|---|
| Order No. | : CSC160121000300 |
| Copy | : 1 of 1 |
| Order Type | : Counter Search - Land Register |
| Doc No. / PRN / Memorial No. | : B1311594 |
| Doc Type / Address / Lot | : FLAT 4 ON 40/F OF BLOCK C<br>TIN FU COURT<br>15 TIN SAU ROAD<br>YUEN LONG NEW TERRITORIES |
| Section / Type of Enquiry /<br>Nature of Instrument | : Full |
| Nature | : Plain |
| Colouring | : N/A |
| No. of Pages | : N/A |

備存土地紀錄以供市民查閱旨在防止秘密及有欺詐成分的物業轉易，以及提供容易追溯和確定土地財產及不動產業權的方法。土地紀錄內載的資料不得用作與土地紀錄的宗旨無關之目的。使用所提供的資料須符合個人資料（私隱）條例的規定。

The land records are kept and made available to members of the public to prevent secret and fraudulent conveyances, and to provide means whereby the titles to real and immovable property may be easily traced and ascertained. The information contained in the land records shall not be used for purposes that are not related to the purposes of the land records. The use of information provided is subject to the provisions in the Personal Data (Privacy) Ordinance.

土地註冊處 THE LAND REGISTRY
土地登記冊 LAND REGISTER

印製編號 PRINT CONTROL:CSCL6012I000300

印製於 PRINTED AT: CUSTOMER CENTRE (COUNTER - 03)
查冊日期及時間 SEARCH DATE AND TIME: 21/01/2016 11:49
查冊者姓名 NAME OF SEARCHER: LEE
查冊種類 SEARCH TYPE: HISTORICAL AND CURRENT

本登記冊列明有關物業截至 21/01/2016 07:30 之資料
THE INFORMATION SET OUT BELOW CONTAINS PARTICULARS OF THE PROPERTY UP TO 07:30 ON 21/01/2016.

備存土地紀錄以供市民查閱旨在防止秘密及有欺詐成分的物業轉易，以及使眾多潛在和確定土地財產及不動產業權的方法。土地紀錄內載的資料不得用於與土地紀錄的保存無關之目的，使用所提供的資料須符合各<<個人資料(私隱)條例>>的規定。
The land records are kept and made available to members of the public to prevent secret and fraudulent conveyances, and to provide means whereby the titles to real and immovable property may be easily traced and ascertained. The information contained in the land records shall not be used for purposes that are not related to the purposes of the land records. The use of information provided is subject to the provisions in the Personal Data (Privacy) Ordinance.

物業資料
PROPERTY PARTICULARS

物業參考編號
PROPERTY REFERENCE NUMBER (PRN): B1311594

地段編號
LOT NO.: TIN SHUI WAI TOWN LOT NO. 22

批約 HELD UNDER: GOVERNMENT LEASE
年期 LEASE TERM: 50 YEARS
開始日期 COMMENCEMENT OF LEASE TERM: 15/10/1999
每年地稅 RENT PER ANNUM: -

所佔地段份數
SHARE OF THE LOT: 60/329461

ADDRESS: FLAT 4 ON 40/F OF BLOCK C
TIN FU COURT
15 TIN SAU ROAD
YUEN LONG NEW TERRITORIES

地址: 中文地址不詳

土地註冊處 THE LAND REGISTRY
土地登記冊 LAND REGISTER

印製編號　PRINT CONTROL: CSC160121000300

備註
REMARKS: AN ANNUAL RENT OF AN AMOUNT EQUAL TO 3% OF THE RATEABLE VALUE FROM TIME TO TIME OF THE LOT (TSWTL 22)

業主資料
OWNER PARTICULARS

| 業主姓名<br>NAME OF OWNER | 身分<br>(如非唯一擁有人)<br>CAPACITY<br>(IF NOT SOLE OWNER) | 註冊摘要編號<br>MEMORIAL NO. | 文書日期<br>DATE OF<br>INSTRUMENT | 註冊日期<br>DATE OF<br>REGISTRATION | 代價<br>CONSIDERATION |
|---|---|---|---|---|---|
| THE HONG KONG HOUSING AUTHORITY<br>- | - | - | - | - | - |
| | | 備註 REMARKS: GOVERNMENT LEASE OF TIN SHUI TOWN LOT NO.22 | | | |
| YAN DEHAS WAI<br>- | | YL960514 | 02/04/2001 | 28/04/2001 | $952,900.00 |
| | | 備註 REMARKS: ASSIGNMENT WITH PLAN | | | |
| CHOW CHUNG MING<br>周頌鳴 | | 15061202560168<br>ASSIGNMENT | 15/05/2015 | 12/06/2015 | $2,810,000.00 |

土地註冊處 THE LAND REGISTRY

土地登記冊 LAND REGISTER

物業涉及的權益 INCUMBRANCES

印刷編號 PRINT CONTROL: CSC160121000300

| 註冊摘要編號<br>MEMORIAL NO. | 文書日期<br>DATE OF<br>INSTRUMENT | 註冊日期<br>DATE OF<br>REGISTRATION | 文書性質<br>NATURE | 受惠各方<br>IN FAVOUR OF | 代價<br>CONSIDERATION |
|---|---|---|---|---|---|
| YL943593 | 08/12/2000 | 11/12/2000 | DEED OF RECTIFICATION (WITH PLAN AND IN DUPLICATE) | - | - |
| YL947070 | 15/12/2000 | 22/01/2001 | SHORT TERM WAIVER NO.2535 (WITH PLAN)<br>備註 REMARKS:FROM DISTRICT LANDS OFFICER, YUEN LONG | THE HONG KONG HOUSING AUTHORITY | - |
| YL947072 | 05/01/2001 | 22/01/2001 | DEED OF MUTUAL COVENANT | - | - |
| YL953155 | 10/03/2001 | 14/03/2001 | COMPLETION CERTIFICATE<br>備註 REMARKS:FROM CHIEF ARCHITECT/PROJECT SUPPORT FOR DIRECTOR OF HOUSING HONG KONG HOUSING AUTHORITY | - | - |
| YL960515 | 02/04/2001 | 28/04/2001 | LEGAL CHARGE | STANDARD CHARTERED BANK | $857,610.00 |
| 15061202560157 | 15/05/2015 | 12/06/2015 | RECEIPT ON DISCHARGE OF A CHARGE | - | - |
| 15042902390433 | 24/03/2015 | 29/04/2015 | LETTER OF NOMINATION<br>(NOMINEE)<br>備註 REMARKS:FROM HONG KONG HOUSING AUTHORITY SEE ASSIGNMENT MEM. NO. 15061202560168 | CHOW CHUNG WING | - |

土地註冊處 THE LAND REGISTRY

土地登記冊 LAND REGISTER

印章編號　PRINT CONTROL: CSC160121000300

物業涉及的邸糾
INCUMBRANCES

| 註冊摘要編號<br>MEMORIAL NO. | 文書日期<br>DATE OF<br>INSTRUMENT | 註冊日期<br>DATE OF<br>REGISTRATION | 文書性質<br>NATURE | 受惠各方<br>IN FAVOUR OF | 代價<br>CONSIDERATION |
|---|---|---|---|---|---|
| 15042902390442 | 02/04/2015 | 29/04/2015 | AGREEMENT FOR SALE AND PURCHASE | CHOW CHING HING<br><br>周靜鳴<br>備註 REMARKS: SEE ASSIGNMENT MEM. NO. 15061202560168 | $2,810,000.00 |
| 15061202560173 | 15/05/2015 | 12/06/2015 | LEGAL CHARGE | HANG SENG BANK LIMITED | $2,669,500.00 |

等待註冊的契約
DEEDS PENDING REGISTRATION

| 註冊摘要編號<br>MEMORIAL NO. | 文書日期<br>DATE OF<br>INSTRUMENT | 交付日期<br>DATE OF<br>DELIVERY | 文書性質<br>NATURE | 受惠各方<br>IN FAVOUR OF | 代價<br>CONSIDERATION |
|---|---|---|---|---|---|

********* 無　NIL **********

********************************************登記冊末端 END OF REGISTER *********************************************

# Exhibit D

Signed and Filed: December 2, 2011

THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33526 TEC |
| DEMAS WAI YAN,<br>aka DENNIS YAN, | Chapter 7 |
| Debtor. | |
| TONY FU, | Adv. Proc. No. 08-3166 TC |
| Plaintiff, | |
| vs. | Date: January 6, 2012<br>Time: 9:30 a.m. |
| DEMAS YAN and<br>CHEUK TIN YAN, | Ctrm: Hon. Thomas E. Carlson<br>235 Pine Street<br>San Francisco, CA |
| Defendants. | |

ORDER RE TONY FU'S MOTION FOR CONTEMPT AND SANCTIONS

On December 2, 2011, the court held a hearing on Tony Fu's motion for an order re contempt and sanctions (the "Motion for Contempt and Sanctions"). Bryan L. Hawkins appeared for Crystal Lei. Tony Fu appeared in pro per. Demas Yan appeared in pro per. Upon due consideration, and for the reasons stated in the court's memorandum of decision and on the record at the hearing, the court hereby orders as follows:

(1) Demas Yan and Cheuk Tin Yan ("Defendants") are in civil

ORDER RE MOTION FOR
CONTEMPT AND SANCTIONS                    -1-

1   contempt for willful violation of the court's order entered on July
2   27, 2011, CM/ECF Docket number 80.

3       (2) If Defendants do not purge their contempt by causing
4   dismissal of the following cases: Yan vs. Lei and Fu, San Francisco
5   Sup. Ct., Case No. CGC 08-478364; Yan v. Ma, Li, and Fu, San
6   Francisco Sup. Ct., Case No. CGC-08-478815; and Yan v. Lei and Fu,
7   San Francisco Sup. Ct., Case No. CGC 07-467500 (collectively the
8   "State-Court Actions") on or before December 12, 2011, then
9   beginning on December 13, 2011, Defendants shall be sanctioned $250
10  per day until such actions are dismissed.

11      (3) If Defendants do not purge the contempt by December 12,
12  2011, the court will hold a status conference on January 6, 2012 at
13  9:30 a.m.   If the contempt has not been purged by the date of the
14  status conference, the court will at that time consider the
15  imposition of additional sanctions, including arrest.

16                        **END OF ORDER**

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE MOTION FOR
CONTEMPT AND SANCTIONS            -2-

# Exhibit E

Signed and Filed: March 5, 2012

THOMAS E. CARLSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 04-33526 TEC |
| | ) |
| DEMAS WAI YAN, | ) Chapter 7 |
| aka DENNIS YAN, | ) |
| | ) |
| Debtor. | ) |
| _____ | ) |
| TONY FU, an individual, | ) Adv. Proc. No. 10-3152 TC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DEMAS YAN, an individual, | ) |
| and YAN LAW OFFICE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |
| DEMAS YAN, an individual, | ) |
| dba YAN LAW OFFICE, | ) |
| | ) |
| Cross-Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| TONY FU aka DONG XING FU, CRYSTAL | ) |
| LEI aka LI MING LEI, STELLA HONG | ) |
| CHEN aka HONG XING FU aka HONG XING | ) |
| CHEN, BRYANT FU and WEI SUEN, | ) |
| | ) |
| Cross-Defendants. | ) |
| _____ | ) |

ORDER RE MOTION FOR CONTEMPT

ORDER RE MOTION FOR CONTEMPT          -1-

1   On March 2, 2012, the court held a hearing on the motion for

2 sanctions filed by Crystal Lei, Wei Suen, and Bryant Fu (the

3 "Motion for Sanctions").  Michael J. Betz appeared for Crystal Lei,

4 Wei Suen, and Bryant Fu.  Demas Yan appeared in pro per.  Upon due

5 consideration, and for the reasons stated on the record at the

6 hearing, the court hereby orders as follows:

7   (1) The Motion for Sanctions is granted.

8   (2) On or before March 19, 2012, Demas Yan shall mail to

9 Michael J. Batz, c/o Allen Matkins Leck Gamble Mallory, Three

10 Embarcadero Center, 12th Floor, San Francisco, CA 94111 a cashier's

11 check in the amount of $1,200 payable to the order of Allen Matkins

12 Leck Gamble Mallory for fees incurred in prosecuting the Motion for

13 Sanctions.

14   (3) If Demas Yan fails to fully and timely comply with

15 paragraph (2) of this order, the fee award shall be $1,860.

16                    **END OF ORDER**

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE MOTION FOR CONTEMPT          -2-

# Exhibit F

SAN FRANCISCO SUPERIOR COURT

# CIVIL BENCH WARRANT

| | For Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN FRANCISCO<br>400 MCALLISTER STREET, ROOM 103<br>SAN FRANCISCO, CA 94102 | |
| DUY THAI, ESQ.,<br>ONE EMBARCADERO CENTER, SUITE 2360<br>SAN FRANCISCO, CA 94111<br><br>Telephone No:415 296 9927 | |
| Plaintiff: CHARLES LI, an individual,<br><br><br>Defendant: DEMAS YAN, an individual, DOES 1<br>through 10, | Case Number: CGC-10-497990 |

TO ANY SHERIFF OR MARSHALL WITHIN THE STATE OF CALIFORNIA,

YOU ARE COMMANDED TO ARREST DEMAS YAN, agent for Service of Process, 547 23rd Avenue LLC.,

And bring him/her before the court, or the nearest court is in session, for the setting of bail in the amount of the warrant or to release on the person's own recognizance. Any person so arrested shall be released from custody if he/she cannot be brought before the court within 12 hours of arrest, and the person shall not be arrested if the court will not be in session during the 12-hours period following the arrest.

☐ Approved for nighttime service. (PC 840)

<u>Physical description and address of person to be arrested:</u>

Sex M  Height: 5'7"  Weight:   Hair Color: Black, balding.

Eye Color: Brown  Race: Asian  Age: approx. 40-50

Date of Birth:_____ Other:  AKA DENNIS YAN.

Last known address of the person to be arrested is: Home: 1433 7th Avenue #B, San Francisco, CA 94122.

Business: 100 Pine Street, Ste. 1250 San Francisco, CA 94111.

SAN FRANCISCO SUPERIOR COURT

CIVIL BENCH WARRANT     Case No.CGC-10-497990

Urgency Finding:

☐   The court finds that urgency and materiality dictates the person's immediate presence in court which precludes the use of the promise to appear process as provided in CCP 1993(b)(11).

☒ The court makes no finding as to the urgency and materiality; therefore, this person may be released upon a promise to appear as follows: Arrested person to appear on the first MONDAY following arrest in the San Francisco Superior Court at 2:00 PM in Dept. 514, 400 McAllister Street, 5th Floor, San Francisco, California 94012.

Reason for Arrest:

☐Failing to appear on (date): _____pursuant to subpoena or court order,

served on (date): _____.

☒ Failing to appear on October 23, 2013 for order of examination:

    ☐CCP 491.160(a)(1)(a).    ☐ CCP 491.160(a)(1)(b).

    ☐CCP 708.170(a)(1)(a)    ☒CCP 708.170(a)(1)(b).

☒CCP 1209 served on August 18, 2013.

☐Failure of witness to attend hearing (CCP 1993) on (date):_____,

   served on date):_____.

☐Failure to Appear Notice was not issued due to the urgency of the person's immediate presence

   (CCP 1993(a)(2)).

☐Other (specify):_____

Bail: Set at $500.00

This warrant expires on: DECEMBER 30, 2013, or if no hearing       (Court Seal)

Is set, 2:00 PM on the first MONDAY following the party's  arrest.

ISSUED IN THE COUNTY OF SAN FRANCISCO

ON: October 29, 2013             BY_____

DONALD J. SULLIVAN

JUDGE OF THE SUPERIOR COURT

# Exhibit G

Entered on Docket
December 24, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: December 23, 2013

THOMAS E. CARLSON U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 04-33526 TEC |
| DEMAS WAI YAN, | Chapter 7 |
| Debtor. | |
| DEMAS WAI YAN, | Adv. Proc. No. 12-3129 TC |
| Plaintiff, | |
| vs. | |
| TONY FU, STELLA CHEN, WEI SUEN, BRYANT FU, and CRYSTAL LEI, | |
| Defendants. | |

ORDER DETERMINING DEMAS YAN TO BE A VEXATIOUS LITIGANT

This case came before the court on Defendant Tony Fu's motion for an order determining Plaintiff Demas Yan to be a vexatious litigant.  Plaintiff Demas Yan appeared *in pro per*.  Defendant Tony Fu appeared *in pro per*.  Michael J. Betz appeared for Defendant, Crystal Lei, who joined Mr. Fu's motion.

Upon due consideration, and for the reasons stated in the accompanying Memorandum Decision, the court hereby orders as

ORDER DETERMINING DEMAS YAN
TO BE A VEXATIOUS LITIGANT          -1-

1 | follows:

2 |    (1) Demas Yan is determined to be a vexatious litigant.

3 |    (2) Demas Yan is prohibited from filing any action in this
4 | court against Tony Fu, Stella Chen, Wei Suen, Bryant Fu, and Crystal
5 | Lei (Defendants) without prior authorization from a judge of this
6 | court.

7 |    (3) Prior to filing any action in this court against any of
8 | Defendants, Demas Yan shall file, but not serve, a request for leave
9 | to file such action and attach as an exhibit the proposed complaint.

10 |    (4) This court may resolve any request for leave to file
11 | without a hearing and without comments from Defendants.  If
12 | appropriate, the court may set a hearing on the request and/or
13 | permit Defendants to file opposition.  The court will enter an order
14 | granting or denying each request for leave to file.

15 |    (5) The Clerk is directed not to accept for filing any
16 | complaint by Demas Yan against any of Defendants unless Yan has
17 | obtained an order from a judge of this court granting Yan leave to
18 | file the complaint in question.

19 |    (6) Any request for leave to file subject to this order shall
20 | be assigned to the above-signed judge as a proceeding related to the
21 | Yan bankruptcy case, so long as the above-signed judge continues to
22 | serve on this court.

23 |                                        \*\*END OF ORDER\*\*

24 |

25 |

26 |

27 |

28 |

ORDER DETERMINING DEMAS YAN
TO BE A VEXATIOUS LITIGANT              -2-

# Exhibit H

5-1

# FILED

San Francisco County Superior Court

APR 1 3 2015

CLERK OF THE COURT

BY: _Otilia Green_
Deputy Clerk

1   Crystal Lei, Bryant Fu
    337 28th Avenue
2   San Francisco, CA 94121
    (415) 221 – 0969
3   Email: crystalleija@yahoo.com

4   Plaintiffs in Pro Per

5

6

7            SUPERIOR COURT OF CALIFORNIA

             COUNTY OF SAN FRANCISCO
8

9   Crystal Lei, an individual,            )   Case No.: CGC-14-541875
    Bryant Fu, an individual,              )
10                                          )   [proposed] ORDER GRANTING PLAINTIFF
                                            )   CRYSTAL LEI'S MOTION TO DECLARE
11              Plaintiff,                   )   DEMAS YAN TO BE A VEXATIOUS
                                            )   LITIGANT IN STATE COURT,
12       vs.                                 )
                                            )
13  Demas Yan aka Dennis Yan, an individual, )
    DBA Epona Investment Realty,            )
14  and DBA Yan Law Offices,               )
    Cheuk Tin Yan, an individual,          )
15  Tina F. Yan, aka Tina Foon Yu Yan, an   )
    individual,                            )
16  547 Investments LLC, a California limited )
    liability company,                     )   Date:      April 13, 2015
17  The Remodeling Company, Inc., a California )   Time:      9:30 am.
    corporation,                           )   Department: Room 302
18  Epona Investment Group LLC, a California )   Place:     400 McAllister St. S.F.
    limited liability company,             )
19  Anew Law Corporation, a California      )
    corporation,                           )
20  Allen Matkins Leck Gamble Mallory & Natsis )   Reservation No.: 021315-02
    LLP, a California limited partnership   )
21  and law firm,                          )
    Robert R. Moore, an individual,        )
22  Michael J. Betz, an individual,        )
    And Does 1-50.                         )
23              Defendants.                 )
                                            )
24  _____

25

                541875, ORDER    1

1  Plaintiff Lei's motion to declare defendant Yan a vexatious litigant and to

2  impose a prefiling order is GRANTED. However, the motion to require Demas to

3  furnish security for any motion is DENIED, because CCP sec. 391.1 applies only

4  to a "plaintiff" and Yan is a defendant in this case. The cases Plaintiff Lei cites are

5  not to the contrary.

6  Dated: April 13, 2015

7

8                          IT IS SO ORDERED,

9

10              By: _____

11                  Judge of the Superior Court
                    RICHARD B. ULMER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

541875, ORDER     2