DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797
Appellant in Pro Se

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

    Appellant,

vs.

TONY FU et al.,

    Appellees.

Case No.: 3:11-CV-01814-RS

DEMAS YAN'S SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE

Date: October 27, 2017
Time: 11:00 am
Dept. F
Magistrate Judge: Jacqueline Corley

Appellant DEMAS YAN (Yan) hereby files this supplement response to the Order to Show Cause.

RELEVANT BACKGROUND

Creditor Crystal Lei (Lei) did not subpoena Yan's personal tax returns for the debtor exam. But dispute the fact that Lei did not subpoena tax returns, at the August 10, 2017 hearing, Lei, through her attorney Mark Serlin, represented, or more accurately, misrepresented to the Court that Yan intentionally failed to produce tax returns at his exam. The Court ordered Yan to produce tax returns along with other categories of documents by August 31, 2017. (Dkt. no. 60.) Yan timely complied and produced via email all available documents other than privileged documents on August 31, 2017. Yan explained in that email the reasons for asserting certain privilege as to certain categories of documents including tax returns.

The Court, at Lei's request, issued an Order to Show Cause ("OSC", Dkt. no. 64). OSC was issued by the Court purportedly on Lei's representation to the Court that "Mr. Yan has yet to produce financial documents." At the hearing on October 27, 2017, the Court's statements made

- 1 -

on the record indicate that Lei had not truthfully inform the Court that Yan had produced financial documents on August 31, 2017.

OSC WAS DEFECTIVE. DEFECT IS NOT WAIVED BY YAN'S RESPONSES TO OSC.

To the extent that the OSC was issued based on Lei's misrepresentation that Yan has not produced documents by August 31, 2017, the OSC was issued on false premises and is defective per se. To the extent that the OSC did not specifically order Yan to explain why he should not be held in contempt for asserting certain privileges, Yan cannot and should not be held in contempt for so asserting privileges without prior notice by the Court that certain privileges are not available to him even if the Court so determines. By his responses to the OSC, Yan is not waiving the OSC's defects as stated above.

## NO WAIVER OF FIFTH AMENDMENT PRIVILEGE

It is settled law that the Fifth Amendment privilege against self-incrimination may be raised in civil and criminal proceedings. Lefkowitz v. Cunningham, 431 U.S. 801, 805 (1977). The privilege may be raised at any time. A civil litigant can refuse to testify whenever he could fairly claim that to answer might tend to incriminate him. Arndstein v. McCarthy, 254 U.S. 71, 71 (1920). "An ordinary witness may pick the point beyond which he will not go, and refuse to answer any questions about a matter already discussed, even if the facts already revealed are incriminating." In re Master Key Litig., 507 F.2d 292, 294 (9th Cir. 1974).

At the hearing on October 27, 2017, Lei argued that Yan had waived the privilege by not raising objection to the subpoena, but the subpoena did not demand for production of tax returns therefore there was no reason for Yan to assert the privilege. Yan did not waive the privilege and had timely asserted it. Waiver of the Fifth Amendment privilege is strongly disfavored and "should be inferred only in the most compelling of circumstances." Klein v. Harris, 667 F.2d 274, 288 (2d Cir. 1981). "Courts indulge every reasonable presumption against waiver of fundamental constitutional rights." Johnson v. Zerbst, 304 U.S. 458, 464 (1938)(internal quotation marks omitted). Waiver of the Fifth Amendment privilege at one state of a proceeding

is not a waiver of that right for other stages." <u>United States v. TrejoZambrano</u>, 582 F.2d 460, 464 (9th Cir.1978).

## ACT OF PRODUCING DOCUMENTS HAS COMMUNICATIVE ASPECTS AND IS PRIVILEGED UNDER THE FIFTH AMENDMENT

The Fifth Amendment Privilege may be asserted against compelled production of documents. As frame by the United States Supreme Court in <u>United States v. Doe</u> 465 U.S. 605 (1984), the relevant inquiry is whether the act of producing documents has communicative aspects which warrant Fifth Amendment protection. The Court found that the act of producing documents does have communicative aspects. The act of production is privileged because it would compel respondent to "admit that the records exist, that they are in his possession, and that they are authentic." <u>Id.</u> at 612-614. The court also stated that the privilege applies equally to tax records. <u>Ibid.</u> Also there is no tax-exception to the privilege. The Fifth Amendment applies in all instances where a taxpayer has reasonable cause to apprehend criminal prosecution, whether tax related or not. See <u>United States v. Troescher</u>, 99 F.3d 933 (9th Cir. 1996).

## YAN HAS REASONABLE BASIS TO ASSERT PRIVILEGE

"The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." <u>In re Master Key Litig.</u>, 507 F.2d 292, 293 (9th Cir. 1974) (citing <u>Hoffman v. United States</u>, 341 U.S. 479, 486-87 (1951)). There is no requirement that a criminal action be ongoing, and in fact, one may assert the privilege against self-incrimination even when "the federal government and the states do not appear particularly interested in bringing criminal actions." <u>Master Key</u>, 507 F.2d at 293. "[W]hen a witness can demonstrate a fear of prosecution, which is more than fanciful or merely speculative, he has a claim of privilege that meets constitutional muster." <u>In re Grand Jury Proceedings: Samuelson</u>, 763 F.2d 321, 324 (8th Cir. 1985). The Fifth-Amendment privilege "not only extends to answers that would in themselves support a conviction…but likewise embraces those which

would furnish a link in the chain of evidence needed to prosecute the claimant." <u>Hoffman</u>, 341 U.S. at 486. The privilege may be raised by an innocent person fearing ensnarement into criminal investigations. In 2001, the U.S. Supreme Court unanimously held that "one of the Fifth Amendment's basic functions … is to protect innocent men … who otherwise might be ensnared by ambiguous circumstances." <u>Ohio v. Reiner</u>, 532 U.S. 17, 21 (2001) (internal quotation marks omitted). For the privilege to apply, it is enough if the responses would "merely `provide a lead or clue' to evidence having a tendency to incriminate." <u>United States v. Neff</u>, 615 F.2d 1235, 1239 (9th Cir.) (quoting <u>Hashagen v. United States</u>, 283 F.2d 345, 348 (9th Cir. 1960)), cert. denied, 447 U.S. 925 (1980)).

It is not necessary for the person asserting the privilege to establish the precise manner in which he will incriminate himself by responding. This would make the privilege useless. As the Supreme Court said in <u>Hoffman v. United States</u>, 341 U.S. 479, 486-87, "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." The trial court must make this determination from the facts as well as from "his personal perception of the peculiarities of the case." <u>Id.</u> at 487. If the court decides that no threat of self-incrimination is evident, the person asserting the privilege then bears the burden of showing the danger of incrimination. <u>United States v. Neff</u>, 615 F.2d 1235, 1240 (9th Cir.).

Here, it is not difficult to imagine Yan's fear of possible ensnarement into investigations or prosecution. But if the court decises that no threat of self-incrimination is evident, Yan is willing and would testify in-camera.

Date: 11/1/2017
Respectfully Submitted,
/s/Demas Yan

- 4 -