UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

           Appellant,

   v.

CRYSTAL LEI, et al.,

           Appellees.

Case No. 11-cv-01814-RS   (JSC)

**ORDER NO. 3 COMPELLING YAN TO PRODUCE DOCUMENTS**

Re: Dkt. Nos. 69, 70, 71

These proceedings arise out of Crystal Lei's attempt to collect a judgment she obtained against Demas Yan to cover attorneys' fees and costs incurred in connection with a Ninth Circuit appeal pursued by Mr. Yan.  After Mr. Yan did not bring subpoenaed documents to his judgment debtor exam, the Court ordered him to produce them. He subsequently produced a few documents, but failed to produce the majority. Accordingly, at the judgment creditor's request, the Court issued an Order to Show Cause why Mr. Yan should not be held in contempt. The Court held a hearing on August 10, 2017 at which Mr. Yan appeared in person.

After the August 10, 2017 hearing, the Court ordered Mr. Yan to produce nine categories of financial documents by August 31, 2017, including: tax returns for 2014-2016, documents related to the Fung judgment assignment, documents related to the sale of a Hong Kong condominium, payments for office rent and expenses, monthly bank statements since 2014, loans made, trust documents, documents identifying deposit accounts, and sources of income. (Dkt. No. 60.) The previous Order to Show Cause was otherwise discharged.

Creditor Crystal Lei subsequently asserted that Mr. Yan did not produce all of the requested financial documents. (Dkt. No. 62-2 ¶ 6.)  At the judgment debtor's request, the Court issued a second order to show cause why Mr. Yan should not (1) pay the Creditor's attorneys' fees

United States District Court
Northern District of California

and costs for failing to comply with the subpoena and court orders, and (2) be held in contempt for failing to produce the court-ordered documents. (Dkt. No. 64.) Both parties filed responses to the order to show cause (Dkt. No. 65, 66), and the Court held a hearing on October 27, 2017 at which the parties appeared in person. The Court discussed the following document categories and status of production with the parties:

- **Tax Returns 2014-2016**: Mr. Yan argued his tax returns are protected by his Fifth Amendment privilege against self-incrimination. The Court took the matter under submission.

- **Fung Judgment Assignment Documents**: Mr. Yan argued that responsive documents were protected by attorney-client privilege. The Court ordered Mr. Yan to file responsive documents with the Court by November 3, 2017. (Dkt. No. 69 at 2.)

- **Documents Related to Sale of Hong Kong Condominium**: Mr. Yan represented he does not have any documents in his possession. Creditor argued Mr. Yan's non-response to the Court's order is a willful failure to produce.

- **Payments for Office Rent and Expenses**: Mr. Yan claimed the produced bank statements (see below) are the only responsive documents he has.

- **Monthly Bank Statements from 2014**: Creditor conceded that Mr. Yan had complied with the requirement to produce copies of his bank statements.

- **Sources of Income**: Mr. Yan argued that responsive documents were protected by attorney-client privilege. The Court ordered Mr. Yan to file responsive documents, including but not limited to, copies of client checks, with the Court by November 3, 2017. (Dkt. No. 69 at 2.)

The Court ordered review *in camera* of the documents Mr. Yan claimed were privileged; namely, the Fung judgment assignment, business invoices, and sources of income to determine whether they are protected by attorney client privilege. (Dkt. No. 69.) The Court took the remaining issues under submission.

     Mr. Yan subsequently filed a supplemental response to the second order to show cause arguing the Court's order was issued on "false premises" and is "defective per se" because it did

1    not order Mr. Yan to explain why he should not be held in contempt for asserting certain

2    privileges and Mr. Yan cannot be held in contempt for asserting privileges without "prior notice

3    by the Court that certain privileges are not available to him." (Dkt. No. 70.)  Mr. Yan also argued

4    that he should not be compelled to produce his tax returns because his Fifth Amendment privilege

5    against self-incrimination protects tax returns.  In the event the Court concludes there is no threat

6    to self-incrimination, Mr. Yan requests to "testify in camera."

7          On November 3, 2017, Mr. Yan submitted for the Court's *in camera* review documents

8    related to the Fung assignment and sources of income, including: (1) four emails with Mr. Yan's

9    client regarding the Fung assignment, including a March 1, 2017 email from Mr. Yan with a

10   description of the judgment amount and attorneys' fees, (2) nine copies of client checks ranging

11   from $300 - $3,900, and (3) four client invoices with attorney fees ranging from $3,630 - $8,730.

**DISCUSSION**

**I.     The Tax Returns**

14         In the civil context, the invocation of the Fifth Amendment privilege is limited to "those

15   circumstances in which the person invoking the privilege reasonably believes that his disclosures

16   could be used in a criminal prosecution, or could lead to other evidence that could be used in that

17   manner." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000).  A claim

18   of Fifth Amendment privilege may be asserted if there are "substantial hazards of self-

19   incrimination that are real and appreciable, not merely imaginary and unsubstantial" that

20   information sought might be used to establish liability.   *U.S. v. Bright*, 596 F.3d 683, 690 (9th Cir.

21   2010) (citing *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir. 1996)).

22         Mr. Yan has failed to show he has a reasonable belief of criminal prosecution based on

23   production of his personal tax returns.  Mr. Yan identifies no facts that show he faces a real danger

24   of incrimination. To the extent he claims that the returns themselves will disclose some

25   unidentified crime, Mr. Yan's personal tax returns are already in the possession of the federal

26   government. *See Garner v. United States*, 424 U.S. 648, 665 (1976) (holding that incriminating

27   disclosures on tax returns were not protected by the Fifth Amendment privilege since they were

28   not compelled incriminations).  And Mr. Yan has not articulated how the act of production could

United States District Court
Northern District of California

3

somehow be incriminatory. *Compare with Xyngular Corporation v. Schenkel*, 2013 WL 10733830, at *6-7 (N.D. Cal. Nov. 5, 2013) (finding that the party ordered to compel corporate tax returns did face a real danger of incrimination because his possession of the corporation's tax records could provide "a lead or a clue" that he removed such records "in excess of his authorized access" which is an element of certain crimes).

Indeed, this is not the first time Mr. Yan has been ordered to produce tax returns in connection with a judgment debtor exam. In *Li v. Yan*, 247 Cal.App.4th 56 (2016), the Court of Appeals affirmed the trial court's order that Mr. Yan produce his tax returns in connection with a judgment debtor exam. Mr. Yan had no good faith basis for refusing to do so here.

## II.   Attorney-Client Privilege

The Court has reviewed the checks and billing records that Mr. Yan submitted in camera and concludes the documents are not protected by attorney-client privilege. Mr. Yan is ordered to produce them to the Creditor. Mr. Yan is also ordered to produce the documents related to the Fung judgment assignment, as most of the documents are also not protected by attorney-client privilege. Mr. Yan may redact the second half of the email dated March 1, 2017, but must leave the first paragraph regarding the judgment amount and attorneys' fees unredacted, as this language does not constitute an attorney-client privileged communication.

## III.   Lack of Responsive Documents

Mr. Yan represented at the October 27, 2017 hearing that he is not in possession of documents related to the sale of the Hong Kong condominium. He has also represented that he has otherwise produced to Creditor or this Court all of the responsive documents within his custody, possession or control. Mr. Yan shall submit a declaration under oath attesting as to whether he has produced all of the responsive documents within his custody, possession or control regarding each of the nine categories of documents set forth in the Court's August 10, 2017 Order. (*See* Dkt. No. 60.)

## IV.   Attorney Fees and Costs

Creditor requests attorney fees and costs in the amount of $6,407.50 plus $500 per day for each day of non-production pursuant to Federal Rule of Civil Procedure 37 or 28 U.S.C. § 1927.

United States District Court
Northern District of California

(Dkt. Nos. 62-1 at 4, 66 at 2, 71 at 2.)  Section 1927 applies to attorneys, not litigants.  *See Federal Trade Commission v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986).  While Mr. Yan was an attorney, he is not eligible to practice law in California and has been representing himself in these proceedings.  He has not been appearing as an attorney representing a client.

In the alternative, Creditor seeks fees and costs as a sanction under Federal Rule of Civil Procedure 37.  That Rule, however, permits sanctions for failing to comply with discovery requests pursuant to the Federal Rules of Civil Procedure, including Rules 30, 33 and 34.  *See, e.g.,* Fed. R. Civ. P. 37(d)(A).  The requests at issue here were not made under those Rules since this a collection action.

Accordingly, the motion for monetary sanctions is denied without prejudice to Creditor identifying a proper legal basis for the award of such fees.

**CONCLUSION**

Mr. Yan is ORDERED to produce to creditor on or before **December 5, 2017**:

- His personal tax returns for the years 2014, 2015, and 2016, and
- All of the documents submitted to the Court *in camera*.  He may only redact the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung.  The first paragraph regarding the judgment amount and attorneys' fees must remain unredacted.

Mr. Yan is ORDERED to file with the Court on or before **December 5, 2017**, a declaration under oath which states whether he has produced to Creditor all documents in his possession, custody or control responsive to the following requests:

- Tax returns for the years 2016, 2015 and 2014,
- Documents pertaining to the Fung judgment assignment,
- Documents relating to the sale of the Hong Kong condominium,
- Documents relating to payments for office rent and expenses from 2014 to the present
- Monthly bank statements from 2014 to the present

- Documents evidencing loans made by or to Mr. Yan from 2014 to the present
- Documents evidencing trusts in which Mr. Yan is the trustor, trustee or beneficiary from 2014 to the present,
- Documents identifying deposit accounts to which Mr. Yan has signature authority from 2014 to the present, and
- Documents evidencing any sources of income from 2014 to the present (not including attorney-client documents).

Creditor shall file a submission with the Court on or before **December 21, 2017** advising whether she wishes to take a further deposition of Mr. Yan.

**IT IS SO ORDERED.**

Dated: November 28, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

6