Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:   (916) 446-0790
Facsimile:    (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>　　　　Appellant,<br><br>vs.<br><br>TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,<br><br>　　　　Appellees. | CASE NO. 3:11-cv-01814-RS<br><br>**RENEWED APPLICATION FOR ORDER OF CONTEMPT AGAINST DEMAS YAN AND FOR SANCTIONS** |

　　　Judgment creditor Crystal Lei ("Lei") hereby applies once more for an order of contempt in this long running matter.  Despite three orders compelling production of documents, judgment debtor Demas Yan ("Yan") continues to refuse to do so.   Specifically, the Court ordered Yan to produce yet again, <u>inter alia</u>, all of the documents submitted to the Court for in-camera review and he could only redact the second paragraph of a March 1, 2017 email he sent to Florence Fung.   Per the accompanying declaration of Mark A. Serlin, Yan produced a number of documents containing wholesale redactions of critical information, namely the identities of payors of monies that he recently received based on accounts receivable such that there is no way for Lei to levy any further amounts due.   Moreover, despite three separate orders, Yan has failed to produce any of his tax returns ordered produced by the Court.

The Court, in its most recent order (docket no. 72 filed on November 28, 2017), asserts that 28 U.S.C. § 1927 applies to attorneys, not litigants, citing a 1986 case. The Ninth Circuit has more recently held that 28 U.S.C. § 1927 applies to litigants appearing in pro per. See Wages v. IRS 915 F.2d 1230, 1235 (9th Cir. 1990) cert. den. 498 U.S. 1096. Because Yan, until recently was a member of the California State Bar, knows full well the import of court orders and has willfully and repeatedly failed and refused to comply with orders of this Court in complete bad faith, contempt sanctions as well as sanctions under 28 U.S.C. § 1927 are amply warranted. Per the prior declaration of Mark A. Serlin (docket no. 62-2) and the concurrently filed declaration, sanctions of $7,682.50 plus $500.00 per day for each day after August 31, 2017 (the original production date ordered by this Court) until full compliance with court orders should be awarded.

Wherefore, Lei respectfully requests that the Court hold Yan in contempt and award sanctions for his bad faith conduct under 28 U.S.C. § 1927 so as to stop the charade of issuing the same order for production over and over only to have Yan refuse to follow those orders time and time again. A further examination after full compliance with the production orders is warranted and thus requested.

DATED: December 21, 2017                                        SERLIN & WHITEFORD, LLP


                                                                By:   */s/ Mark A. Serlin*
                                                                MARK A. SERLIN, Attorneys for Judgment Creditor CRYSTAL LEI

S:\Active Files\LEI & FU\federal court action\court docs\3contempt.application.docx