DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797
Appellant in Pro Se

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

    Appellant,

    vs.

TONY FU et al.,

    Appellees.

Case No.: 3:11-CV-01814-RS

DEMAS YAN'S MOTION TO ALTER OR AMEND ORDER NO. 3 COMPELLING YAN TO PRODUCE DOCUMENTS

[Pursuant to FRCP Rule 59(e)]

Dept. F
Magistrate Judge: Jacqueline Corley

Pursuant to FRCP Rule 59(e), DEMAS YAN hereby motion the court to alter or amend Order no. 3 filed on 11/28/17 (Dkt. No. 72, hereinafter the "Order") in regards only to the tax returns ordered to be produced, namely, personal tax returns for the years 2014, 2015, and 2016.

ARGUMENT

After the Order to Show Cause hearing on October 27, 2017, Yan filed a supplemental response with arguments and cites in support of his claim of Fifth Amendment privilege. (Dkt. No. 70.) Yan's argument relies upon the seminal United States Supreme Court case, United States v. Doe 465 U.S. 605 (1984), which held that compelling producing of documents have communicative aspects and may be subject to Fifth Amendment Privilege in that it would compel respondent to "admit that the records exist, that they are in his possession, and that they are authentic." Id. at 612-614.

    In the Order (Dkt. No. 72), the court cited to Garner v. United States, 424 U.S. 648, (1976) to support the court's contention that "[t]o the extent [Yan] claims that the returns

- 1 -

themselves will disclose some unidentified crime, Mr. Yan's personal tax returns are already in the possession of the federal government." The court appeared to have misconstrued the holding in Garner, which does not stand for the proposition that Fifth Amendment privilege cannot be raised because tax returns are already in possession of the government. The Garner court held that the government was properly allowed to introduce income tax returns on which defendant had reported his occupation as "professional gambler" and substantial income from wagering in prosecution for violation of 18 USCS § 224 to show familiarity with business of gambling in order to rebut defense claim that his relationships with other coconspirators were innocent ones. In Garner, the government had possession of the tax returns and sought to introduce the "contents" of the tax returns. In this respect, the holding in Garner is consistent with the holding in Doe. In Doe, the Supreme Court held that contents of documents are not privileged, but the compelled production of documents is tantamount to compelled testimony and may be privileged. As the court stated in Doe at 613, "Although the contents of a document may not be privileged, the act of producing the document may be. [citation] A government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect. As we noted in Fisher [v. United States, 425 U.S. 391 (1976)]: 'Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena. [citation.] The elements of compulsion are clearly present, but the more difficult issues are whether the tacit averments of the taxpayer are both `testimonial' and `incriminating' for purposes of applying the Fifth Amendment. These questions perhaps do not lend themselves to categorical answers; their resolution may instead depend on the facts and circumstances of particular cases or classes thereof.' Id., at 410."

Based on the Supreme Court precedents, it is beyond question that the compelled production of tax documents is compelled testimony subject to Fifth Amendment privilege should the second element of "incriminating" inference is present.

The element of "incriminating" is not a high standard.

In the Order, the court cited to Doe ex rel. Rudy-Glanzer v. Glanzer (Glanzer), 232 F.3d 1258, 1263 (9th Ci r. 2000) for the rule that in the civil context, the invocation of the Fifth Amendment privilege is limited to "those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner."  In addition to the above quote in Glanzer, the Glanzer court also stated that the "'privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution' and also covers those circumstances where the disclosures would not be directly incriminating, but could provide an indirect link to incriminating evidence."  Glanzer, supra, at 1263, quoting United Liquor Co. v. Gard (In re Seper), 705 F.2d 1499, 1501 (9th Cir. 1983).

The court in United Liquor Co. v. Gard, supra, elaborated on the standard for deciding if the privilege is availing, stating that "[f]urthermore, the privilege is available if answers "could possibly" supply such a link. [Citation]. Finally, we note that in this circuit the witness has considerable latitude in deciding when to stop responding to questions. A contrary rule would involve the witness in a dilemma that would vitiate the privilege: invoking the privilege too soon could be contempt of court, while invoking it too late would inadvertently 'waive' the privilege." Id. at 1502.

Here, compelling Yan to produce tax returns in his possession is tantamount to compelling him to authenticate the documents as that which have been filed with the government and indirectly vouching for the accuracies of the contents.  In order to raise the protection of the privilege, Yan is not required to articulate that he has committed a crime or that he is likely to be prosecuted.  The privilege may be raised by a person fearing ensnarement into criminal investigations; even someone who claims that he is innocent of any crime may invoke the privilege.  The U.S. Supreme Court unanimously held that "one of the Fifth Amendment's basic functions … is to protect innocent men … who otherwise might be ensnared by ambiguous circumstances." Ohio v. Reiner, 532 U.S. 17, 21 (2001).

It is not necessary for the person asserting the privilege to establish the precise manner in which he will incriminate himself.  It should be easily contemplated that forcing Yan to authenticate tax

returns and indirectly authenticating the contents may provide a link to possible investigations in the context of a debtor examination. Again, Yan stands ready and willing to an in-camera showing to the court to bear this burden if the court decides that no threat of self-incrimination is evident.

As to the court's statement that Yan had previously been ordered to produce tax returns in *Li v. Yan,* 247 Cal.App.4th 56 (2016), that decision does not concern the Fifth Amendment privilege but was on whether the privacy privilege under California law may be raised to subpoenaed documents in a debtor examination.

For the reasons stated, Yan respectfully ask the court to alter the Order as to the production of tax returns, or in the alternative, hold an in-camera hearing.

Date:  12/26/2017

Respectfully Submitted,

/s/Demas Yan