Mark A. Serlin, CSBN: 122155
SERLIN & WHITEFORD, LLP
700 E Street
Sacramento, CA 95814
Telephone:  (916) 446-0790
Facsimile:  (916) 446-0791
Email: mserlin@globelaw.com

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>Appellant,<br><br>vs.<br><br>TONY FU, CRYSTAL LEI, WEI SUEN, BRYANT FU, and STELLA HONG CHEN,<br><br>Appellees. | CASE NO. 3:11-cv-01814-RS<br><br>**OBJECTION TO DEMAS YAN'S MOTION TO ALTER OR AMEND ORDER NO. 3 COMPELLING YAN TO PRODUCE DOCUMENTS**<br><br>**[Pursuant to FRCP Rule 59(e)]** |

## I.  INTRODUCTION

Judgment creditor Crystal Lei ("Lei") hereby objects to the motion of judgment debtor Demas Yan ("Yan") to alter or amend order no. 3 compelling Yan to produce documents. For the reasons stated below, the motion should be denied.

## II.  THE MOTION MUST BE DENIED

A motion under Rule 59(e) is an extraordinary remedy which should be used sparingly. Allstate Insurance Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). Moreover, a motion under Rule 59(e) must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. White v. Sabatino, 424 F.2d 1271, 1274 (D. Hawaii 2006). A mere disagreement with the court's prior ruling does not justify reconsideration. (Id. at 424 F.2d at

1274).  Further a Rule 59(e) motion "may not be used to re-litigate old matters or to raise arguments or to present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n. 5 (2008).

Yan's motion is, as noted above, simply a re-hash of arguments which he has already made to this Court and which have been rejected.  For this reason alone, the motion must be denied. Exxon Shipping, supra.

More critically, Yan has completely ignored the marching legion of authority for the proposition that the required records exception precludes assertion of any Fifth Amendment privilege based on production.   Pursuant to United States v. Sideman & Bancroft, LLP, 704 F.3d 1197, 1202-1205 (9th Cir. 2013), the production privilege of the Fifth Amendment simply does not apply.  See also U.S. v. Clark, 574 F.Supp.2d 262, 267 (D. Con. 2008) and In re Sambrano Corporation, 411 B.R. 562, 566 (Bankr. W.D. Tex 2010).  See also U.S. v. Hubbell, 530 U.S. 27 35-37 (2000) citing Shapiro v. U.S., 221 U.S. 361, 380 (1948).  The Supreme Court has specifically held that the required records exception applies to the production privilege under the Fifth Amendment.  Baltimore City Department of Social Services v. Bouknight, 493 U.S. 549, 555-56 (1990).  See also In re M.H., 648 F.3d 1067 (9th Cir. 2011) *cert. den.* 133 S.Ct. 26 (2012) to the same effect.  Given that Yan admitted in open court that he filed tax returns with the government, those tax returns preexisted the subpoena served upon him and thus, per the foregoing authorities, must be produced and there is no Fifth Amendment production privilege by reason of the required records exception.

### III.     CONCLUSION

For the foregoing reasons, Yan's motion must be in all respects denied.

DATED: December 26, 2017                         SERLIN & WHITEFORD, LLP


                                                 By:     */s/ Mark A. Serlin*
                                                         MARK A. SERLIN, Attorneys for Judgment
                                                         Creditor CRYSTAL LEI


S:\Active Files\LEI & FU\federal court action\court docs\amend compel order.opposition.docx