UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>    Appellant,<br><br>v.<br><br>CRYSTAL LEI, et al.<br><br>    Appellees. | Case No. 11-cv-01814-RS (JSC)<br><br>**ORDER RE SANCTIONS, AWARD OF FEES AND COSTS, AND PRODUCTION**<br><br>Re: Dkt. Nos. 75, 76 |

The Court is in receipt of two items: (1) Mr. Yan's request pursuant to Rule 59(e) that the Court amend its decision ordering Mr. Yan to produce his tax returns and (2) Creditor's request for sanctions pursuant to 28 U.S.C. § 1927 and Rule 11. (Dkt. Nos. 75 and 76.)

On November 3, 2017, Mr. Yan submitted for the Court's in camera review documents related to the Fung assignment and sources of income, including: (1) four emails with Mr. Yan's client regarding the Fung assignment, including a March 1, 2017 email from Mr. Yan with a description of the judgment amount and attorneys' fees, (2) nine copies of client checks ranging from $300 - $3,900, and (3) four client invoices with attorney fees ranging from $3,630 - $8,730.

After review of Mr. Yan's documents, the Court ordered Mr. Yan to produce to Creditor on or before December 5, 2017 his personal tax returns for the years 2014, 2015, and 2016, and all of the documents submitted to the Court in camera with only the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung redacted. (Dkt. No. 72 at 5.) The Court also ordered Mr. Yan to file with the Court on or before December 5, 2017 a declaration under oath stating whether he produced to Creditor all documents in his possession responsive to Creditor's requests. (*Id*.)

On December 5, 2017 Mr. Yan filed a declaration stating (1) he intended to file a Rule 59

motion to request that the Court amend its Order regarding the production of Mr. Yan's tax returns, (2) he would produce to Creditor the documents reviewed in camera, and (3) he had produced all of the documents in his possession that are responsive to Creditor's requests. (Dkt. No. 74.)

Thereafter, Creditor reapplied for an order of contempt arguing Mr. Yan produced "a number of documents containing wholesale redactions of critical information, namely the identities of the payors of monies that he recently received based on accounts receivable such that there is no way for Lei to levy any further amounts due." (Dkt. No. 75 at 1:23-28.) Creditor also argues the Ninth Circuit has held that 28 U.S.C. § 1927 applies not only to attorneys but to litigants appearing in pro per. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). (*Id*. at 2.) Creditor seeks contempt sanctions as well as sanctions under 28 U.S.C. § 1927 arguing Mr. Yan has "willfully and repeatedly failed and refused to comply with orders of this Court in complete bad faith." Creditor requests $7,682.50 plus $500.00 per day for each day after August 31, 2017 (the original production date ordered by this Court) until full compliance with court orders. (*Id*.)

Mr. Yan then filed a Rule 59(e) motion requesting the Court amend its order directing Mr. Yan to produce his tax returns, arguing the Court "misconstrued" the holding in *Garner v. United States*, 424 U.S. 648 (1976) and that the returns are in fact covered by Mr. Yan's Fifth Amendment privilege against self-incrimination. (Dkt. No. 76.) Yan requests the Court amend its order or alternatively hold an in-camera hearing. (*Id*. at 4:10-11.) .

The following day, Creditor replied to Yan's request, arguing the required records exception applies to the production privilege under the Amendment. (Dkt. No. 77.) That same day Creditor filed a memorandum of costs in the amount of $27,265.10 in total costs and $147.54 in accrued interest. (Dkt. No. 78.)

**I.    Rule 59(e) Motion**

Mr. Yan's Rule 59(e) motion requesting the Court amend its decision ordering the production of tax returns is denied. The Court has already addressed the Fifth Amendment privilege in the context of Mr. Yan's tax returns. His motion adds nothing new.

## II. Mr. Yan's Lack of Compliance

### A. Tax Returns

As there are no grounds for Mr. Yan's refusal to produce his tax returns, he shall produce them to Creditor on or before February 20, 2018. As Creditor is no longer represented by counsel, Mr. Yan shall provide them directly to creditor Lei.

### B. Documents Reviewed in Camera

Creditor insists that in response to the Court's in camera review and order to produce documents to Creditor, Mr. Yan produced "a number of documents containing wholesale redactions of critical information, namely the identities of the payors of monies that he recently received based on accounts receivable such that there is no way for Lei to levy any further amounts due." (Dkt. No. 75 at 1:23-28.) Mr. Yan does not respond.

Mr. Yan is ordered to reproduce to Creditor *all* of the documents submitted to the Court in camera as ordered on November 28, 2017. (Dkt. No. 72.) He shall do so by February 20, 2017. Mr. Yan may not redact *any* contents with the exception of the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung. His redaction of other materials violated this Court's Order. As Creditor is no longer represented by counsel, Mr. Yan shall provide the documents directly to creditor Lei.

## III. Sanctions, Costs, and Fees

Creditor seeks sanctions of attorneys' fees and costs from Mr. Yan pursuant to 28 U.S.C. § 1927. The Court may award such fees against Mr. Yan even though he is a pro se litigant. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). In *Wages*, a pro se litigant attempted to file "an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim," and continually moved for "alterations in the district court's original judgment despite that court's clear unwillingness to change its mind." *Id*. at 1235. The Ninth Circuit upheld the district court's decision to sanction Wages pursuant to 28 U.S.C. § 1927 and Rule 11 because Wages evidenced bad faith in multiplying the proceedings in the case "unreasonably and vexatiously." *Id*. at 1236.

Mr. Yan is a former an attorney who is not eligible to practice law in California, and

therefore has been representing himself in these proceedings pro se. Mr. Yan has "unreasonably and vexatiously" multiplied the judgment collection proceedings, most recently when he blatantly violated the Court's Order that he produce his tax returns and the other documents reviewed in camera. Over the last five months the Court has issued three orders and held two hearings on this matter yet Mr. Yan continually refuses to comply with the Court's production orders. Accordingly, sanctions pursuant to 28 U.S.C. § 1927 are warranted.

Creditor is ordered to file a declaration clarifying the fees and costs she seeks under 28 U.S.C. § 1927, including: (1) a statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person, (2) a statement describing the manner in which time records were maintained, and (3) a brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services. *See* N.D. Cal. Civ. L. R. 37-4(b)(3), 54-5(b).

If Creditor is still seeking such fees, the declaration shall be filed on or before February 28, 2018.

In addition, given Mr. Yan's repeated refusals to comply with this Court's orders of production, he shall be sanctioned $500 per day for each day after February 20, 2018 that he does not produce to Creditor the ordered documents. *See Grimes v. CCSF*, 951 F.2d 236, 239-41 (9th Cir. 2012); Fed. R. Civ. P. 37.

**CONCLUSION**

Mr. Yan is ordered to produce to Creditor on or before February 20, 2018:

1. His personal tax returns for the years 2014, 2015, and 2016.

2. *All* of the documents submitted to the Court in camera with no redactions except for the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung.

3. Mr. Yan shall be sanctioned $500 for every day after February 20, 2018 that he does not comply with this Order and produce the documents.

4. On or before February 28, 2018 Creditor shall file a declaration from counsel detailing the costs and fees incurred as a result of Mr. Yan's vexatious conduct as described above.

This Order disposes of Docket Nos. 75 and 76.

**IT IS SO ORDERED.**

Dated: February 9, 2018

_____<br>
JACQUELINE SCOTT CORLEY<br>
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAN,<br><br>        Plaintiff,<br><br>  v.<br><br>FU,<br><br>        Defendant. | Case No. 11-cv-01814-RS (JSC)<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on February 9, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Crystal Lei
337 28th Avenue
San Francisco, CA 94121

Demas W Yan
100 Pine St #1250
San Francisco, CA 94111

Dated: February 9, 2018

                                      Susan Y. Soong
                                      Clerk, United States District Court

                                      By: _____
                                      Ada Means, Deputy Clerk to the
                                      Honorable JACQUELINE SCOTT CORLEY