DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797
Appellant in Pro Se

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>    Appellant,<br><br>    vs.<br><br>TONY FU et al.,<br><br>    Appellees. | Case No.: 3:11-CV-01814-RS<br><br>DEMAS YAN'S OPPOSITION TO AWARD OF FEES PURSUANT TO 28 USC § 1927 AND OPPOSITION TO DECLARATION OF MARK A. SERLIN RE AMOUNT OF SANCTIONS UNDER 28 USC 28 USC § 1927<br><br>Dept. F<br>Magistrate Judge: Jacqueline Corley |

Appellant DEMAS YAN (Yan) hereby files this opposition as captioned above.  The court should not award fees because

COURT SHOULD NOT AWARD FEES UNDER 28 USC § 1927

The court stated in its order filed on 2/9/18 (Dkt. No. 83) that it has authority to award fees under 28 USC § 1927 and cited <u>Wages v. IRS</u> 915 F.2d 1230 as authority.  In <u>Wages</u>, the court stated that:

> "Section 1927 sanctions require a bad faith showing." (citation.) By attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, and by continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind, Wages evidenced bad faith in multiplying the proceedings in this case "unreasonably and vexatiously,"

The facts in <u>Wages</u> are distinguishable.  Here, the main dispute is on production of tax returns.

- 1

The court will have to find that YAN had subjective bad faith in claiming that he is entitled to protection of the Fifth Amendment.  Before imposing sanctions pursuant to section 1927, a court must make a finding of subjective bad faith. <u>Trulis v. Barton</u>, 107 F.3d 685, 694 (9th Cir. 1995). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." <u>Id</u>. (quoting <u>New Alaska Dev. Corp. v. Guetschow</u>, 869 F.2d 1298, 1306 (9th Cir. 1989)).  YAN had implored the court to hold an incamera hearing for him to explain his reasons, but the court refused. Without allowing YAN to provide his reasons, the court cannot find that YAN had subjective bad faith.

Futhermore, even though the Ninth Circuit has held that 28 U.S.C. § 1927 may be applicable to a pro se litigant, it is apparently the only circuit that does so.  Other circuits have concluded that a court may not award fees against pro se litigants under 28 U.S.C. § 1927.   See, e.g., <u>Sassower v. Field</u>, 973 F.2d 75, 80 (2d Cir. 1992); <u>Meadowbriar Home for Children, Inc. v. G.B. Gunn</u>, 81 F.3d 521, 535 (5th Cir. 1996); <u>Balcar v. Bell and Assocs. LLC</u>, 295 F. Supp.2d 635, 640 (N.D.W.Va. 2003).  The Second Circuit in <u>Sassower</u> reached its conclusion based on its reading of <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), in which the Supreme Court "recounted, without disagreement, a District Court's assertion that section 1927 'applies only to attorneys.'" <u>Id.</u> (quoting <u>Chambers</u>, 501 U.S. at 41-42).

THE ITEMS CLAIMED ARE IMPROPER

Even if fees may be awarded, the items claimed are improper.

28 USC § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees <u>reasonably incurred because of such conduct</u>.

(Emphasis added.)

The specific language of the statute limits award to costs as a direct result of unreasonable conduct.  Here, creditor Crystal Lei is asking the court to award all costs incurred.  Her former attorney Mark Serlin's declaration, filed on 2/20/18 (Dkt. No. 85), attached a billing statement

- 2 -

that included all work purportedly performed by Serlin, without distinction as to what items are claimed to have been incurred as a direct result of unreasonable conduct. In effect, creditor Lei is asking the court for reimbursement of all costs incurred, in direct contravention of the statutory language.

## CONCLUSION

For the reasons stated, the court should not award fees requested by creditor Lei.

Date: 2/27/2018

Respectfully Submitted,

/s/Demas Yan