UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>    Appellant,<br><br>    v.<br><br>CRYSTAL LEI, et al.,<br><br>    Appellees. | Case No. 11-cv-01814-RS   (JSC)<br><br>**ORDER RE 28 U.S.C. § 1927 ATTORNEYS' FEES**<br><br>Re: Dkt. Nos. 83, 85 |

Creditor seeks sanctions of attorneys' fees from Mr. Yan pursuant to 28 U.S.C. § 1927. (Dkt. No. 75.)

28 U.S.C. § 1927 states "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under this section requires a finding of "subjective bad faith," where counsel "knowingly or recklessly raise a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). The Court may award such fees against Mr. Yan even though he is a pro se litigant. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). Whether to impose inherent power sanctions is "a determination that rests in the sound discretion of the district court." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). The Court in its discretion granted Creditor's request for fees concluding:

> Mr. Yan has "unreasonably and vexatiously" multiplied the judgment collection proceedings, most recently when he blatantly violated the Court's Order that he produce his tax returns and the other documents reviewed in camera. Over the last five months the Court has issued three orders and held two hearings on this matter yet Mr. Yan continually refuses to comply with the Court's production

orders. Accordingly, sanctions pursuant to 28 U.S.C. § 1927 are warranted."
(Dkt. No. 83 at 4.) The Court then ordered Creditor to file a declaration clarifying the amount of fees and costs she seeks. (*Id.*) Creditor's former counsel, Mr. Mark Serlin, submitted a declaration and billing records reflecting $11,496.25 in fees. (Dkt. No. 85 at 2.) Given the Court has already determined 28 U.S.C. § 1927 sanctions are warranted, the Court shall proceed to evaluate whether Creditor's requested fees are reasonable.

Reasonable attorneys' fees are based on a "lodestar" calculation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

### A. Reasonableness of Billing Rate

To determine the lodestar amount, courts must first assess the reasonableness of counsel's hourly billing rate. *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994). Courts look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is the forum where the district court sits; in this case the Northern District of California. *Id.*

Mr. Serlin has practiced law in the State of California for 32 years. (*Id.*) He has a B.A. in economics from the University of California, Berkeley and a law degree from the University of California, Hastings College of law. (*Id.* at 1.) His hourly rate is $425 per hour. (*Id.* at 2.) Given Mr. Serlin's many years of experience his hourly rate is reasonable. *See, e.g., US Foods, Inc. v. Lalla Holding Corp,* No. 13–CV–02328–BLF, 2014 WL 5281058 (N.D. Cal. Oct. 15, 2014) (finding $450 per hour reasonable for an attorney with seven years of experience).

### B. Reasonableness of Hours

"[A] party seeking attorneys' fees [also] bears the burden to "document[ ] the appropriate hours expended." *Hensley*, 461 U.S. at 437. "To meet that burden, the moving party must submit detailed records justifying the hours that have been expended." *Forto v. Capital One Bank, National Association*, 2017 WL 6026242, at *3 (N.D. Cal. Dec. 5, 2017) (citing *Chalmers v. City*

*of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Courts may reduce the hours if they are duplicative, excessive, or otherwise unnecessary. *Id.*

Mr. Serlin spent 8.3 hours preparing and conducting the debtor's examination of Mr. Yan. (Dkt. No. 85 at 3.) These hours were incurred prior to Mr. Yan's vexatious conduct of refusing to produce his tax returns despite several hearings and orders requiring him to do so. Therefore, the hours related to the debtor's examination are not recoverable.

On July 24, 2017, the Court ordered Mr. Yan to show cause as to why he should not be held in contempt for failing to produce the subpoenaed documents for his debtor's examination. (Dkt. No. 52.) The Court then held a hearing on August 10, 2017 and ordered Mr. Yan to produce several financial documents including his 2014, 2015, and 2016 tax returns. (Dkt. Nos. 59 & 60.) Thereafter the Court held one additional hearing and issued four additional orders requiring Mr. Yan to produce the documents at issue. (Dkt. Nos. 64, 68, 69, 72, 83.) Accordingly, Mr. Serlin's remaining 18.75 hours are reasonable in light of the multiple orders and requests for sanctions. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (concluding there is no precise rule or formula and "[t]he court necessarily has discretion in making this equitable judgment" to award fees that are based on "the number of hours reasonably expended on the litigation.")

For the reasons described above, the Court orders Mr. Yan to pay attorneys' fees in the amount of $7,968.75 pursuant to section 1927.

**IT IS SO ORDERED.**

Dated: March 19, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge