DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797
Appellant in Pro Se

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

    Appellant,

    vs.

CRYSTAL LEI, et al.,

    Appellees.

**Case No.: 3:11-CV-01814-RS (JSC)**

FIRST AMENDED

NOTICE OF APPEAL

Notice of Appeal to United States Court Of Appeals for the Ninth Circuit

DEMAS YAN, appellant herein, appeals to the United States Court of Appeals for the Ninth Circuit from these final orders by Honorable Jacqueline Corley, Magistrate Judge of the district court for the Northern District of California:

1. Order entered in this case on 2/9/2018 (Dkt. No. 83, ORDER RE SANCTIONS, AWARD OF FEES AND COSTS, AND PRODUCTION); and

2. Order entered in this case on 3/19/2018 (Dkt. No. 91, ORDER RE 29 U.S.C. § 1927 ATTORNEYS' FEES).

Copies of said orders are attached hereto.

//

- 1

The names of all parties to the order appealed from and the names, addresses, and telephone numbers of their respective attorneys, if any, are as follows:

Appellant in Pro Se:

DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797

Appellee in Pro Se:

Crystal Lei
337 28th Avenue
San Francisco, CA 94121
Phone 415-221 0969

Dated:  March 20, 2018
/s/DEMAS YAN
Appellant in pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>    Appellant,<br><br>v.<br><br>CRYSTAL LEI, et al.<br><br>    Appellees. | Case No. 11-cv-01814-RS (JSC)<br><br>**ORDER RE SANCTIONS, AWARD OF FEES AND COSTS, AND PRODUCTION**<br><br>Re: Dkt. Nos. 75, 76 |

    The Court is in receipt of two items: (1) Mr. Yan's request pursuant to Rule 59(e) that the Court amend its decision ordering Mr. Yan to produce his tax returns and (2) Creditor's request for sanctions pursuant to 28 U.S.C. § 1927 and Rule 11. (Dkt. Nos. 75 and 76.)

    On November 3, 2017, Mr. Yan submitted for the Court's in camera review documents related to the Fung assignment and sources of income, including: (1) four emails with Mr. Yan's client regarding the Fung assignment, including a March 1, 2017 email from Mr. Yan with a description of the judgment amount and attorneys' fees, (2) nine copies of client checks ranging from $300 - $3,900, and (3) four client invoices with attorney fees ranging from $3,630 - $8,730.

    After review of Mr. Yan's documents, the Court ordered Mr. Yan to produce to Creditor on or before December 5, 2017 his personal tax returns for the years 2014, 2015, and 2016, and all of the documents submitted to the Court in camera with only the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung redacted. (Dkt. No. 72 at 5.) The Court also ordered Mr. Yan to file with the Court on or before December 5, 2017 a declaration under oath stating whether he produced to Creditor all documents in his possession responsive to Creditor's requests. (*Id*.)

    On December 5, 2017 Mr. Yan filed a declaration stating (1) he intended to file a Rule 59

1  motion to request that the Court amend its Order regarding the production of Mr. Yan's tax
2  returns, (2) he would produce to Creditor the documents reviewed in camera, and (3) he had
3  produced all of the documents in his possession that are responsive to Creditor's requests. (Dkt.
4  No. 74.)

5  Thereafter, Creditor reapplied for an order of contempt arguing Mr. Yan produced "a
6  number of documents containing wholesale redactions of critical information, namely the
7  identities of the payors of monies that he recently received based on accounts receivable such that
8  there is no way for Lei to levy any further amounts due." (Dkt. No. 75 at 1:23-28.) Creditor also
9  argues the Ninth Circuit has held that 28 U.S.C. § 1927 applies not only to attorneys but to
10 litigants appearing in pro per. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). (*Id*. at 2.)
11 Creditor seeks contempt sanctions as well as sanctions under 28 U.S.C. § 1927 arguing Mr. Yan
12 has "willfully and repeatedly failed and refused to comply with orders of this Court in complete
13 bad faith." Creditor requests $7,682.50 plus $500.00 per day for each day after August 31, 2017
14 (the original production date ordered by this Court) until full compliance with court orders. (*Id*.)

15 Mr. Yan then filed a Rule 59(e) motion requesting the Court amend its order directing Mr.
16 Yan to produce his tax returns, arguing the Court "misconstrued" the holding in *Garner v. United*
17 *States*, 424 U.S. 648 (1976) and that the returns are in fact covered by Mr. Yan's Fifth
18 Amendment privilege against self-incrimination. (Dkt. No. 76.) Yan requests the Court amend its
19 order or alternatively hold an in-camera hearing. (*Id*. at 4:10-11.) .

20 The following day, Creditor replied to Yan's request, arguing the required records
21 exception applies to the production privilege under the Amendment. (Dkt. No. 77.) That same
22 day Creditor filed a memorandum of costs in the amount of $27,265.10 in total costs and $147.54
23 in accrued interest. (Dkt. No. 78.)

24 **I.    Rule 59(e) Motion**

25 Mr. Yan's Rule 59(e) motion requesting the Court amend its decision ordering the
26 production of tax returns is denied. The Court has already addressed the Fifth Amendment
27 privilege in the context of Mr. Yan's tax returns. His motion adds nothing new.
28

2

## II. Mr. Yan's Lack of Compliance

### A. Tax Returns

As there are no grounds for Mr. Yan's refusal to produce his tax returns, he shall produce them to Creditor on or before February 20, 2018. As Creditor is no longer represented by counsel, Mr. Yan shall provide them directly to creditor Lei.

### B. Documents Reviewed in Camera

Creditor insists that in response to the Court's in camera review and order to produce documents to Creditor, Mr. Yan produced "a number of documents containing wholesale redactions of critical information, namely the identities of the payors of monies that he recently received based on accounts receivable such that there is no way for Lei to levy any further amounts due." (Dkt. No. 75 at 1:23-28.) Mr. Yan does not respond.

Mr. Yan is ordered to reproduce to Creditor *all* of the documents submitted to the Court in camera as ordered on November 28, 2017. (Dkt. No. 72.) He shall do so by February 20, 2017. Mr. Yan may not redact *any* contents with the exception of the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung. His redaction of other materials violated this Court's Order. As Creditor is no longer represented by counsel, Mr. Yan shall provide the documents directly to creditor Lei.

## III. Sanctions, Costs, and Fees

Creditor seeks sanctions of attorneys' fees and costs from Mr. Yan pursuant to 28 U.S.C. § 1927. The Court may award such fees against Mr. Yan even though he is a pro se litigant. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). In *Wages*, a pro se litigant attempted to file "an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim," and continually moved for "alterations in the district court's original judgment despite that court's clear unwillingness to change its mind." *Id*. at 1235. The Ninth Circuit upheld the district court's decision to sanction Wages pursuant to 28 U.S.C. § 1927 and Rule 11 because Wages evidenced bad faith in multiplying the proceedings in the case "unreasonably and vexatiously." *Id*. at 1236.

Mr. Yan is a former an attorney who is not eligible to practice law in California, and

3

1 therefore has been representing himself in these proceedings pro se. Mr. Yan has "unreasonably

2 and vexatiously" multiplied the judgment collection proceedings, most recently when he blatantly

3 violated the Court's Order that he produce his tax returns and the other documents reviewed in

4 camera. Over the last five months the Court has issued three orders and held two hearings on this

5 matter yet Mr. Yan continually refuses to comply with the Court's production orders.

6 Accordingly, sanctions pursuant to 28 U.S.C. § 1927 are warranted.

7 Creditor is ordered to file a declaration clarifying the fees and costs she seeks under 28

8 U.S.C. § 1927, including: (1) a statement of the services rendered by each person for whose

9 services fees are claimed together with a summary of the time spent by each person, (2) a

10 statement describing the manner in which time records were maintained, and (3) a brief

11 description of relevant qualifications and experience and a statement of the customary hourly

12 charges of each such person or of comparable prevailing hourly rates or other indication of value

13 of the services. *See* N.D. Cal. Civ. L. R. 37-4(b)(3), 54-5(b).

14 If Creditor is still seeking such fees, the declaration shall be filed on or before February 28, 2018.

15 In addition, given Mr. Yan's repeated refusals to comply with this Court's orders of

16 production, he shall be sanctioned $500 per day for each day after February 20, 2018 that he does

17 not produce to Creditor the ordered documents. *See Grimes v. CCSF*, 951 F.2d 236, 239-41 (9th

18 Cir. 2012); Fed. R. Civ. P. 37.

19 **CONCLUSION**

20 Mr. Yan is ordered to produce to Creditor on or before February 20, 2018:

21 1. His personal tax returns for the years 2014, 2015, and 2016.

22 2. *All* of the documents submitted to the Court in camera with no redactions except

23 for the second paragraph of the March 1, 2017 email from Mr. Yan to Florence Fung.

24 3. Mr. Yan shall be sanctioned $500 for every day after February 20, 2018 that he

25 does not comply with this Order and produce the documents.

26 4. On or before February 28, 2018 Creditor shall file a declaration from counsel

27 detailing the costs and fees incurred as a result of Mr. Yan's vexatious conduct as described above.

28 This Order disposes of Docket Nos. 75 and 76.

4

**IT IS SO ORDERED.**

Dated: February 9, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

    Appellant,

v.

CRYSTAL LEI, et al.,

    Appellees.

Case No. 11-cv-01814-RS (JSC)

**ORDER RE 28 U.S.C. § 1927 ATTORNEYS' FEES**

Re: Dkt. Nos. 83, 85

Creditor seeks sanctions of attorneys' fees from Mr. Yan pursuant to 28 U.S.C. § 1927. (Dkt. No. 75.)

28 U.S.C. § 1927 states "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award under this section requires a finding of "subjective bad faith," where counsel "knowingly or recklessly raise a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). The Court may award such fees against Mr. Yan even though he is a pro se litigant. *See Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). Whether to impose inherent power sanctions is "a determination that rests in the sound discretion of the district court." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). The Court in its discretion granted Creditor's request for fees concluding:

> Mr. Yan has "unreasonably and vexatiously" multiplied the judgment collection proceedings, most recently when he blatantly violated the Court's Order that he produce his tax returns and the other documents reviewed in camera. Over the last five months the Court has issued three orders and held two hearings on this matter yet Mr. Yan continually refuses to comply with the Court's production

orders. Accordingly, sanctions pursuant to 28 U.S.C. § 1927 are warranted." (Dkt. No. 83 at 4.) The Court then ordered Creditor to file a declaration clarifying the amount of fees and costs she seeks. (*Id.*) Creditor's former counsel, Mr. Mark Serlin, submitted a declaration and billing records reflecting $11,496.25 in fees. (Dkt. No. 85 at 2.) Given the Court has already determined 28 U.S.C. § 1927 sanctions are warranted, the Court shall proceed to evaluate whether Creditor's requested fees are reasonable.

Reasonable attorneys' fees are based on a "lodestar" calculation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The lodestar is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

A.  **Reasonableness of Billing Rate**

To determine the lodestar amount, courts must first assess the reasonableness of counsel's hourly billing rate. *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 750 (9th Cir. 1994). Courts look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is the forum where the district court sits; in this case the Northern District of California. *Id.*

Mr. Serlin has practiced law in the State of California for 32 years. (*Id.*) He has a B.A. in economics from the University of California, Berkeley and a law degree from the University of California, Hastings College of law. (*Id.* at 1.) His hourly rate is $425 per hour. (*Id.* at 2.) Given Mr. Serlin's many years of experience his hourly rate is reasonable. *See, e.g., US Foods, Inc. v. Lalla Holding Corp,* No. 13–CV–02328–BLF, 2014 WL 5281058 (N.D. Cal. Oct. 15, 2014) (finding $450 per hour reasonable for an attorney with seven years of experience).

B.  **Reasonableness of Hours**

"[A] party seeking attorneys' fees [also] bears the burden to "document[ ] the appropriate hours expended." *Hensley*, 461 U.S. at 437. "To meet that burden, the moving party must submit detailed records justifying the hours that have been expended." *Forto v. Capital One Bank, National Association*, 2017 WL 6026242, at *3 (N.D. Cal. Dec. 5, 2017) (citing *Chalmers v. City*

2

1  *of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Courts may reduce the hours if they are
2  duplicative, excessive, or otherwise unnecessary. *Id.*

3  Mr. Serlin spent 8.3 hours preparing and conducting the debtor's examination of Mr. Yan.
4  (Dkt. No. 85 at 3.) These hours were incurred prior to Mr. Yan's vexatious conduct of refusing to
5  produce his tax returns despite several hearings and orders requiring him to do so. Therefore, the
6  hours related to the debtor's examination are not recoverable.

7  On July 24, 2017, the Court ordered Mr. Yan to show cause as to why he should not be
8  held in contempt for failing to produce the subpoenaed documents for his debtor's examination.
9  (Dkt. No. 52.) The Court then held a hearing on August 10, 2017 and ordered Mr. Yan to produce
10 several financial documents including his 2014, 2015, and 2016 tax returns. (Dkt. Nos. 59 & 60.)
11 Thereafter the Court held one additional hearing and issued four additional orders requiring Mr.
12 Yan to produce the documents at issue. (Dkt. Nos. 64, 68, 69, 72, 83.) Accordingly, Mr. Serlin's
13 remaining 18.75 hours are reasonable in light of the multiple orders and requests for sanctions.
14 *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (concluding there is no precise rule or formula
15 and "[t]he court necessarily has discretion in making this equitable judgment" to award fees that
16 are based on "the number of hours reasonably expended on the litigation.")

17 For the reasons described above, the Court orders Mr. Yan to pay attorneys' fees in the
18 amount of $7,968.75 pursuant to section 1927.

20 **IT IS SO ORDERED.**
21 Dated: March 19, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3