Brian S. Healy, State Bar No. 112371
TIERNEY, WATSON & HEALY
A Professional Corporation
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 974-1900
Fax:    (415) 974-6433
Email: brian@tw2law.com

Attorney for Judgment Creditor Crystal Lei

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMAS YAN, | Case No.: 11-CV-1814-RS (JSC) |
| Appellant, | |
| vs. | **JUDGMENT CREDITOR CRYSTAL** |
| | **LEI'S NOTICE OF MOTION AND** |
| CRYSTAL LEI et al., | **MOTION FOR FURTHER CIVIL** |
| | **CONTEMPT AND SANCTIONS ON** |
| Appellees. | **JUDGMENT DEBTOR DEMAS YAN** |
| | |
| | Judge:         Hon. Jacqueline Scott Corley |
| | Hearing Date:  April 4, 2019 |
| | Time:          9:00 A.M. |
| | Place:         Court Rm. F, 15 Floor |
| | 450 Golden Gate Ave. S.F. |

## MOTION AND NOTICE OF MOTION

NOTICE IS HEREBY GIVEN THAT, on the date and time specified above, the Honorable Court will hear moving party Crystal Lei ("Lei")'s motion for further contempt and sanctions on Debtor Demas Yan aka Dennis Yan ("Yan").

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Yan is an adjudicated vexatious litigant in both State and Federal Courts. As Yan has willfully failed to comply with this Court's February 9, 2018, Order Re Sanctions, Award of Fees and Costs, and Production ("the Sanction Order" – Dkt. No. 83) among other conduct of obstructing judgment enforcement, Lei hereby respectfully moves this Honorable Court for further contempt and sanction pursuant to the Federal Rules of Civil Procedure and Local Rules 18 U.S.C. section 401 and 18 U.S. Code section 1509. This motion is based upon the attached memorandum of points and authorities, supporting declarations, and the pleadings and records in this case.

### FACTUAL BACKGROUND/PROCEDURAL HISTORY

On June 24, 2014, the Ninth Circuit Court of Appeals awarded Appellees Lei, Wei Suen, Bryant Fu, and Stella Hong Chen a total of $35,004.71 as sanctions from Yan after the latter filed a frivolous appeal in Case No. 12-15204. As of this day, Yan has paid none of the sanctions[1] and refuses to produce complete and legitimate tax documents as this Court ordered.

One June 27, 2017, Lei conducted a debtor examination in this Court. Lei sought information regarding Yan's assets and conveyances for the purposes of enforcing the judgment and subpoenaed Yan's financial records, including his tax returns.

On July 24, 2017, the Court ordered Yan to show cause why he should not be held in contempt for failing to produce the subpoenaed documents for his debtor's examination (Dkt. No. 52).

---

[1] As of the date of the hearing, the total amount of unsatisfied sanctions Yan has refused to pay in this Court and other courts exceeds $300,000.

On August 10, 2017, the Court held a hearing on the order to show cause. It ordered Yan to produce several financial documents including his 2014, 2015, and 2016 tax returns (Dkt. Nos. 59 & 60).

On October 27, 2017, the Court held an additional hearing on Yan's objection to producing his tax returns. After argument, the Court issued four additional orders requiring Yan to produce his tax returns (Dkt. Nos. 64, 68, 69, 72, 83).

After six months of Yan's repeated and repetitious objections, multiple Orders, and Yan's continuing refusal to produce his tax returns, this Court, on February 9, 2018, issued The Sanction Order (Dkt. No. 83).

On February 28, 2018, Yan filed a motion asking this Court to stay the Sanction Order. This Court denied that motion on March 12, 2018.

On March 8, 2018, Yan filed an appeal to the Ninth Circuit Court of Appeal of the Order requiring him to produce his tax returns.

On July 22, 2018, Yan directed an email to Lei only containing modified portions of what is purported to be Yan's tax returns for years 2014, 2015, and 2016 in one 6-page attachment.

On July 26, 2018, Lei responded with a letter rejecting Yan's submission because the attachment did not contain complete and genuine tax returns filed with the IRS. Additionally, Lei demanded that Yan comply with the Order of producing the compete copy of the official tax returns. Yan has refused to comply. See Yan's email at the Declaration of Brian Healy ("Healy Declaration") as **Exhibit A** and see Lei's response at the Healy Declaration as **Exhibit B**.

On September 18, 2018, the Ninth Circuit Court of Appeal dismissed Yan's appeal.

//

//

//

# LEGAL ARGUMENT

## A. Yan's Willful Refusal to Comply With The Sanction Order

The Sanction Order imposes a $500 per diem sanction on Yan for each day after February 20, 2018, that he fails to comply with the order and produce his tax returns in full. Yet, nearly a year after the February 20, 2018, deadline for Yan to produce his tax returns, Yan continues knowingly and willfully to violate the Sanction Order and thus continues to engage in contempt of Court.

At best, Yan's efforts to comply have been half-hearted and meager. They have been limited to Yan's July 22, 2018, email to Lei with a 6-page attachment purporting to be his tax returns for years 2014, 2015, and 2016, but with no schedules, attachments or amendments. Further, the purported returns were heavily altered and redacted. Please see the email attached with Yan's purported tax returns at the Healy Declaration as **Exhibit A**. Despite Lei's demand that Yan provide true, genuine copies of his tax returns filed with the IRS, as ordered, Yan continues to refuse to produce genuine, unaltered tax return documents in compliance with the Sanction Order.

Also, Yan has assets to sufficiently satisfy all current judgments and sanctions. Yan has millions of dollars' worth of assets that he conveyed fraudulently to family and friends to put them out of reach of creditors. After he conveyed these assets, in San Francisco Superior Court case no. CGC–14–537574, a lawsuit brought against Yan by judgment creditor Charles Li ("Li"), a jury awarded a verdict against Yan for the fraudulent transfer of over $1 million of property to family members, Cheuk Tin Yan (father), Tina Yan (mother), Thai Ming Chiu (brother-in-law), and Kaman Liu (brother-in-law). Please see the Jury Verdict, issued on April 14, 2014, at the Healy Declaration as **Exhibit C**.

More recently, Yan has sought to prevent creditors from obtaining recourse by transferring fraudulently additional property, currently valued at over $2 million. Please see the Declaration of Duy Thai ("Thai Declaration") at the Healy Declaration as **Exhibit D**.

Additionally, Yan obtained proceeds from the sale of a property he owned in Hong Kong and sold for over HK$2.8 million.  At his debtor's examination, Yan was evasive in responding to questions about the date of sale.  Yan stated he sold it many years ago, despite it being sold in 2015.  Please see the Hong Kong Land Registry documenting Yan's sale of his property in 2015 at the Healy Declaration as **Exhibit E**.  Also see page 33 to 34 of the transcript of the Order of Examination where Yan testified about his Hong Kong property at the Healy Declaration as **Exhibit F**.  In another money transaction, Yan also asserted, incredibly, that he did know what he did with the money that was released to him at the conclusion of his bankruptcy proceeding, even though it was a significant amount.  See the Cash Receipts and Disbursements Record at the Healy Declaration as **Exhibit G**.

It cannot be that Yan fails to understand the nature of or how to comply with the orders of this Court because he was a practicing attorney for almost 10 years before his disbarment in March of 2018.   The disbarment establishes that Yan is entirely of a dishonest character including misleading judges and that he cannot ever be taken at his word.  The State Bar of California found against him in 27 counts of misconduct that included, but were not limited to, lying under penalty of perjury to the Ninth Circuit, using his position as an attorney to cause harm to others, and vexatiously multiplying frivolous litigation to harass those against whom he asserted grievances.  Please see the media release from the State Bar of California for a summary of Yan's disbarment at the Healy Declaration as **Exhibit H**.

### B.  Obstruction of Judgment Enforcement Efforts

At the June 27, 2017, debtor examination, Yan testified under oath that only one other person lives with him at his 1433 7th Avenue property, that the occupant is not his wife or any of his children, and that he does not know where his wife lives because they have been separated. Please see pages 28 to 29 of the transcript of the debtor examination at the Healy Declaration as **Exhibit F**.

However, Yan's testimony was not credible, as established by eye witness accounts from a process server, hired by Li, who performed a stake-out and confirmed that Yan's wife, Mei Ling Fang a/k/a Lily Yan, does indeed live with Yan and has been living with Yan for many years.  Please see paragraph 9 of the Thai Declaration at the Healy Declaration as **Exhibit D**.

More egregiously, Yan falsely testified at the June 27, 2017, debtor examination that his wife does not hold any notes from others or have deeds of trust in her favor.  Public records showed, however, that Yan issued a deed of trust to his wife ("the 2007 Deed") for Yan's 547 23rd Avenue, San Francisco property ("Subject Property") in 2007 for a purported debt he owes to her.  Please see page 72 of the transcript of the June 27, 2017, Order of Examination at the Healy Declaration as **Exhibit F**.  Nonetheless, prior to the June 27, 2017, debtor examination, Yan previously had testified at a debtor examination conducted by Li on May 19, 2015, that the 2007 Deed was not valid.  Please see the Thai Declaration at the Healy Declaration as **Exhibit D**. Yan's assertion was entirely false.  Just as Li was about to sell the Subject Property for the satisfaction of his judgment, a Notice of Trustee's Sale to auction the Subject Property was recorded on November 1, 2018, by a trustee named Vi Dan Tran ("Tran") who Yan's wife purportedly appointed to execute on the 2007 Deed.  Tran is a close associate and business partner to Yan in several businesses operating in California.  Li's attorney identified this Trustee Sale of the Subject Property as an attempt to interfere with Li's ability to collect his judgment.

Given Yan's tenacity to produce false testimony and obstruct judgment enforcement efforts despite sanctions and contempt of court, Lei believes that Yan has willfully not provided key financial documentation and that he altered documentation provided to Lei and the Court. The financial documents and invoices Yan provided to Lei omit any payment or invoices Yan has received or made for legal services he performed for Tran who was Yan's client in Advance Merchant Finance 1, LLC v. Harry's Oakland Auto Service LLC, RG15-767302 (Alameda County Superior Court).  Please see the paragraph 7 of the Thai Declaration at the Healy Declaration as **Exhibit D**.  Yan also willfully omitted financial documents concerning the

business he operates in partnership with Tran. Please see paragraph 5 of the Thai Declaration at the Healy Declaration as **Exhibit D** which states in part, "[H]owever, she would give my notice to the person who 'runs' the shop and pays her salary.  That person, she said, was Dennis Yan, the name defendant Demas Yan frequently goes by."  Yan's conduct shows that Yan has actively obstructed judgment collection efforts and that he is hiding assets behind family members and business partners including Tran.

### C. Further Contempt Is Necessary and Incarceration Is Appropriate

Yan should be held in further contempt because he is not affected by monetary contempt sanctions not due to an inability to pay them, but rather by an active refusal to pay them while engaged in frustrating enforcement efforts. Yan has demonstrated that he seeks to insulate himself from the consequences of unfavorable judgments and is unfazed by the continuously accruing sanctions in this Court that currently amount to over $204,000 (as of the date of the hearing).

Contemptuous obstruction of the enforcement of a Court order is punishable by imprisonment pursuant to 18 U.S. Code section 1509.  Incarceration now is necessary to enforce and ensure compliance with the orders that Yan refuses to obey because monetary sanctions have no effect in persuading Yan to purge his contempt of court.  There is no public interest in allowing Yan to stand in defiance of lawful orders to an unchallengeable legal obligation.

"It is firmly established that the power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings. Rather, it was disobedience to the orders of the judiciary, regardless of whether such disobedience interfered with the conduct of trial." See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) at 44.

A court may hold in civil contempt any person who willfully disobeys a specific and definite order of the court. *Shuffler v. Heritage Bank,* 720 F.2d 1146 (9th Cir. 1983); Rule 70 of the Federal Rules of Civil Procedure. A person fails to act as ordered by the court when he fails to take all reasonable steps within his power to comply with the court's order. *Shuffler v. Heritage Bank, supra,* 720 F.2d at 1146-1147. Although civil contempt sanctions were ordered to compel Yan to produce his tax returns, Yan has continued to refuse and Lei has good cause to fear that they are not sufficient to protect Lei's right to potential recovery of assets Yan has secreted. The Sanction Order alone will amount to over $204,000 by the hearing date with Yan making no effort to stop it from further increasing. Thus, given Yan's history of acting in contempt of court and the instant $500 per day fine that does not appear to have convinced Yan to amend his behavior and purge his contempt, Yan should be held in further contempt.[2]

Also, the United States Supreme Court has held that the power to punish for contempts is inherent in all courts, and as part of the board, discretionary contempt powers inherit in this Court's authority, Civil contempt such as Yan's failure to comply with the Sanction Order, is punishable pursuant to 18 U.S.C. section 401. That section states, in part:

§ 401. Power of court

A court of the United States shall have power to punish by... imprisonment... such contempt of its authority... as -

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

See 18 U.S.C. § 401(3). Also see *Canterbury Belts, Ltd. v. Lane Walker Rudkin, Ltd.,* 869 F.2d 34, 35 (2nd Cir. 1989); *United States v. Ayer,* 866 F.2d 571, 572 (2nd Cir. 1988); *United States v. International Brotherhood of Teamsters,* 726 F.Supp. 943, 948 (S.D.N.Y. 1989).

---

[2] Also, please see the Thai Declaration at the Healy Declaration as **Exhibit D** for facts evidencing Yan's recent efforts in preventing Li's judgment enforcement.

"Incarceration has long been established as an appropriate sanction for civil contempt." *United States v. Bavshore Associates*, 934 F.2d at 1400 (citing *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. at 632 ("If the relief provided is a sentence of imprisonment, it is remedial if 'the defendant stands committed unless and until he performs the affirmative act required by the court's order,' and is punitive if 'the sentence is limited to imprisonment for a definite period.'"); *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966) ("Where contempt consists of a refusal to obey a court order to testify at any stage in judicial proceedings, the witness may be confined until compliance."); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. at 442, 31 S.Ct. at 498 ("If a defendant should refuse to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance required by a decree for specific performance, he could be committed until he complied with the order")).

In the interest of justice, the Court should grant the motion, hold Yan in civil contempt, and impose further sanctions against Yan to force compliance with the Court's Sanction Order. Based upon the facts set forth above and Yan's continued disobedience of the Court's order, it is readily apparent that such disobedience by Yan is both intentional and willful.

Therefore, this Court should impose the "paradigmatic coercive, civil contempt sanction" of incarceration to compel compliance with its order. *International Union. United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828 (1994).    And Yan should be incarcerated until he purges himself of contempt and complies with the Court's Sanction Order.    Under the circumstances of Yan's continued non-compliance, it is appropriate for the Court to make Yan aware that his contempt of this Court will place not only more of his assets at risk, but also his freedom in jeopardy.

//

//

## CONCLUSION

For the reasons set forth above, Lei respectfully requests that this Court grant the motion and order that Yan, within 30 days of the order, produce official copies of his tax returns in full by directing Yan to sign IRS Form 4506 requesting copies of tax returns directly from the IRS to be sent to Brian Healy, attorney for judgment creditor, Crystal Lei.  If Yan refuse to sign the IRS Form, the Court should order that Yan be incarcerated until he purges himself of his contempt by complying with the order.

Due to Yan's false testimony during his debtor examination to deceive the Court and Lei, the Court should further order that Yan must surrender all relevant financial records, in particular, the records showing the whereabouts of the proceeds from the sale of his Hong Kong property shown at **Exhibit E** of the Healy Declaration, and all records with respect to any financial institution accounts over which Yan has signature authority within the past 10 years.

Dated: February 21, 2019

Respectfully Submitted,

Brian S. Healy
Attorney for Judgment Creditor Crystal Lei