Brian S. Healy, State Bar No. 112371
TIERNEY, WATSON & HEALY
A Professional Corporation
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 974-1900
Fax:    (415) 974-6433
Email:  brian@tw2law.com

Attorney for Judgment Creditor
Crystal Lei

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMAS YAN, | Case No.:  11-CV-1814-RS (JSC) |
| Appellant, | |
| vs. | **JUDGMENT CREDITOR CRYSTAL LEI'S APPLICATION FOR AN ORDER FINDING DEBTOR DEMAS YAN IN FURTHER CIVIL CONTEMPT, SANCTIONS, AND INCARCERATION** |
| CRYSTAL LEI et al., | |
| Appellees. | |
| | Judge:         Hon. Jacqueline Scott Corley |
| | Hearing Date: November 14, 2019 |
| | Time:          9:00 a.m. |
| | Place:         Court Rm. F, 15 Floor |
| | 450 Golden Gate Ave.  S.F. |

## INTRODUCTION

Judgment Debtor, Demas Yan and third-party examinee, Tina Yan ("Tina") did not appear for their examinations on September 25, 2019 in further frustration of judgment creditor Crystal Lei ("LEI") judgment enforcement efforts. Lei respectfully requests the Honorable Court to issue an order finding Debtor Demas Yan a/k/a Dennis Yan ("Yan") in further contempt and sanctions for Yan's willful failure to comply with the Court's August 7, 2019 order setting an Order of Examination for September 25, 2019.

Lei requests the Court also address the ongoing failure of Demas Yan to comply with the following Orders:

(1) this Court's February 9, 2018 Order Re Sanctions, Award of Fees and Costs, and Production ("the Sanction Order" – Dkt. No. 83); and

(2) this Court's April 10, 2019 Order Re: Judgment Debtor Demas Yan's Compliance with Court's Orders to Produce Tax Returns ("the Compliance Order" – Dkt. No. 128). [1]

## FACTUAL BACKGROUND/PROCEDURAL HISTORY

On June 24, 2014, the Ninth Circuit Court of Appeals awarded Appellees Lei, Wei Suen, Bryant Fu, and Stella Hong Chen a total of $35,004.71 as sanctions from Yan after the latter filed a frivolous appeal in Case No. 12-15204. As of this day, Yan has paid none of the sanctions and refuses to produce complete, genuine and official tax documents as this Court ordered.

One June 27, 2017, Lei conducted a debtor examination in this Court. Lei sought information regarding Yan's assets and conveyances for the purposes of enforcing the judgment and subpoenaed Yan's financial records, including his tax returns.

---

[1] It cannot be that Yan fails to understand the nature of or how to comply with the Orders of this Court because he was a practicing attorney for about 10 years before his disbarment in March of 2018.

On July 24, 2017, the Court ordered Yan to show cause why he should not be held in contempt for failing to produce the subpoenaed documents for his debtor's examination (Dkt. No. 52).

On August 10, 2017, the Court held a hearing on the order to show cause. It ordered Yan to produce several financial documents including his 2014, 2015, and 2016 tax returns (Dkt. Nos. 59 & 60).

On October 27, 2017, the Court held an additional hearing on Yan's objection to producing his tax returns. After argument, the Court issued four additional orders requiring Yan to produce his tax returns (Dkt. Nos. 64, 68, 69, 72, 83).

After six months of Yan's repeated and repetitious objections, multiple Orders, and Yan's continuing refusal to produce his tax returns, this Court, on February 9, 2018, issued the Sanction Order (Dkt. No. 83) specifying that "Mr. Yan shall be sanctioned $500 for every day after February 20, 2018 that he does not comply with this Order and produce the documents."

On February 28, 2018, Yan filed a motion asking this Court to stay the Sanction Order. This Court denied that motion on March 12, 2018.

On March 8, 2018, Yan filed an appeal to the Ninth Circuit Court of Appeal of the Order requiring him to produce his tax returns.

On July 22, 2018, Yan directed an email to Lei only containing modified portions of what is purported to be Yan's tax returns for years 2014, 2015, and 2016 in one 6-page attachment.

On July 26, 2018, Lei responded with a letter rejecting Yan's submission because the attachment did not contain complete and genuine tax returns filed with the IRS. Additionally, Lei demanded that Yan comply with the Order of producing the compete copy of the official tax returns. Yan has refused to comply.

On September 18, 2018, the Ninth Circuit Court of Appeal dismissed Yan's appeal.

On February 26, 2019, due to Yan's continuously refused to produce the required official tax returns, Lei file a motion for further contempt.

On April 4, 2019, the Court held a hearing.

On April 10, 2019, the Court issued the Compliance Order.

On or about August 7, 2019, this Court issued the Examination Orders as to Yan and his mother, Tina Yan ("Tina"), a third party.

On August 17, 2019, the third-party Examination Order was properly served on Tina.

On August 19, 2019, the Examination Order was properly served on Yan.

On September 23, 2019, at about 8:44 pm, on the eve of the debtor Examination, Yan emailed Lei's attorney stating that "I will not appear because there is a standing restraining order that I stay 100 yards away from your clients Bryant, Tony, and Crystal."

On September 25, 2019, Yan and Tina did not show up for the debtor Examination.


## LEGAL ARGUMENT

### A. Contempt Re: Yan's Willful Refusal to Comply With the Examination Order

On August 7, 2019, this Court issued an Examination Order setting an Order of Examination for September 25, 2019, at 9:00 a.m.

On August 19, 2019, Demas Yan was personally served the Examination Order and document subpoena requiring his personal appearance on September 25, 2019 at the Debtor's Examination.

On September 23, 2019 at about 8:44 pm, on the eve of the debtor Examination, Yan emailed Lei's attorney stating that "I will not appear because there is a standing restraining order that I stay 100 yards away from your clients Bryant, Tony, and Crystal."

At no time between being served with the Examination Order on August 19, 2019 to September 23, 2019, did Demas Yan attempt to "meet and confer" or discuss the issue in any way.

On September 25, 2019, Yan did not make an appearance for his debtor's Examination.

**B. Yan's Willful Refusal to Comply With the Sanction Order**

The Sanction Order imposes a $500 per diem sanction on Yan for each day after February 20, 2018, that he fails to comply with the order and produce his tax returns in full.

Yet, over a year after the February 20, 2018, deadline for Yan to produce his tax returns, Yan continues knowingly and willfully to violate the Sanction Order and thus continues to engage in contempt of Court.

Despite Lei's repeat demand that Yan provide true, genuine copies of his official tax returns filed with the IRS, as ordered, Yan continues to refuse to produce genuine, unaltered official tax return documents in compliance with the Sanction Order. The copies received have been unsigned, and do not include any schedules filed with the taxing authorities.

**C. Contempt Re: Yan's Willful Refusal to Comply With the Compliance Order**

Yan has refused to provide full, unaltered, genuine, official tax returns in compliance with this Court's April 10, 2019 Compliance Order. Yan has been piecemealing the release of portions of his purported copies of his tax returns; however, Yan has not yet provided full, complete copies of his official tax returns.

Yan is playing fast and loose with the Court and he has caused Lei to file motions repeatedly and for multiple Orders to be issued that have not yielded Yan's compliance. Instead, Yan continues to cause and multiply the litigation proceedings. Therefore, Yan's willful and repeat conduct to obstruct Lei's judgment enforcement efforts is a contempt of Court.

Yan has demonstrated a continued unwillingness to produce his full tax returns and therefore he must be ordered to sign IRS Form 4506 to direct the IRS to send the tax returns to Lei to prevent further delay and multiplication of the judgment enforcement proceedings.

///

///

///

### D. Further Contempt Is Necessary and Incarceration Is Appropriate

Yan should be held in further contempt because he is not affected by monetary contempt sanctions not due to an inability to pay them, but rather by an active willful refusal to pay them while engaged in frustrating enforcement efforts.

Yan has demonstrated that he has insulated himself from the consequences of unfavorable judgments by making fraudulent transfer of assets and valuables to family members – See San Francisco Superior Court Case No. CGC 14 537574, entitled Charles Li v. Chiu, et.al

Contemptuous obstruction of the enforcement of a Court order is punishable by imprisonment pursuant to 18 U.S. Code section 1509.  Incarceration now is necessary to enforce and ensure compliance with the orders that Yan refuses to obey.  There is no public interest in allowing Yan to stand in defiance of lawful orders to an unchallengeable legal obligation.

"It is firmly established that the power to punish for contempts is inherent in all courts. This power reaches both conduct before the court and that beyond the court's confines, for the underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings. Rather, it was disobedience to the orders of the judiciary, regardless of whether such disobedience interfered with the conduct of trial." See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) at 44.

A court may hold in civil contempt any person who willfully disobeys a specific and definite order of the court. *Shuffler v. Heritage Bank,* 720 F.2d 1146 (9th Cir. 1983); Rule 70 of the Federal Rules of Civil Procedure.

A person fails to act as ordered by the court when he fails to take all reasonable steps within his power to comply with the court's order. *Shuffler v. Heritage Bank, supra,* 720 F.2d at 1146-1147.

Although civil contempt sanctions were ordered to compel Yan to produce his tax returns, Yan has continued to refuse and Lei has good cause to fear that they are not sufficient to protect Lei's right to potential recovery of assets Yan has fraudulently transferred.  Given Yan's

history of acting in contempt of court and the instant $500 per day fine that does not appear to have convinced Yan to amend his behavior and purge his contempt, Yan should be held in further contempt and arrest warrant should be issued.

Also, the United States Supreme Court has held that the power to punish for contempts is inherent in all courts, and as part of the board, discretionary contempt powers inherit in this Court's authority, Civil contempt such as Yan's failure to comply with the Sanction Order, the Compliance Order, and the Examination Order is punishable pursuant to 18 U.S.C. section 401. That section states, in part:

> § 401. Power of court
>
> A court of the United States shall have power to punish by... imprisonment... such contempt of its authority... as -
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

See 18 U.S.C. § 401(3). Also see *Canterbury Belts, Ltd. v. Lane Walker Rudkin, Ltd.,* 869 F.2d 34, 35 (2nd Cir. 1989); *United States v. Ayer,* 866 F.2d 571, 572 (2nd Cir. 1988); *United States v. International Brotherhood of Teamsters,* 726 F.Supp. 943, 948 (S.D.N.Y. 1989).

"Incarceration has long been established as an appropriate sanction for civil contempt." *United States v. Bayshore Associates*, 934 F.2d at 1400 (citing *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. at 632 ("If the relief provided is a sentence of imprisonment, it is remedial if 'the defendant stands committed unless and until he performs the affirmative act required by the court's order,' and is punitive if 'the sentence is limited to imprisonment for a definite period.'"); *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 1535, 16 L.Ed.2d 622 (1966) ("Where contempt consists of a refusal to obey a court order to testify at any stage in judicial proceedings, the witness may be confined until compliance."); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. at 442, 31 S.Ct. at 498 ("If a defendant should refuse to pay alimony, or to

surrender property ordered to be turned over to a receiver, or to make a conveyance required by a decree for specific performance, he could be committed until he complied with the order")).

In the interest of justice, the Court should hold Yan in further civil contempt and impose further sanctions against Yan to force compliance with the Court's Sanction Order, the Compliance Order, and the Examination Order. Based upon the facts set forth above and Yan's continued disobedience of the Court's orders, it is readily apparent that such disobedience by Yan is both intentional and willful.

Therefore, this Court should impose the "paradigmatic coercive, civil contempt sanction" of incarceration to compel compliance with its order. *International Union. United Mine Workers of America v. Bagwell*, 512 U.S. 821, 828 (1994).   And Yan should be incarcerated until he purges himself of contempt and complies with the Court's Sanction Order, the Compliance Order, and the Examination Order.   Under the circumstances of Yan's continued non-compliance, it is appropriate for the Court to make Yan aware that his contempt of this Court will place not only more of his assets at risk, but also his freedom in jeopardy.

### E.  Yan's Refusal to Comply Warrants Incarceration.

The Order to Appear for Examination specifies that "If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding."

Yan's repeat and willful refusal to comply has not been dissuaded by monetary sanctions. Therefore, to enforce compliance, if you continues to flaunt the orders of this Court, incarcerated to dissuade any further refusal to comply should be considered.

FURTHER CONTEMPT AGAINST YAN                Case No. 3:11-cv-01814-RS (JSC)  --  8

**F.  Yan Shall be Responsible for Costs and Attorney's fee**

Yan must be sanctioned for their willful refusal to appear for their duly scheduled Examinations.  Yan has wasted Lei's resources and they must be punished for their refusals to appear, and they must compensate Lei for the attorney's fees and costs.  Lei has incurred attorney's fees and costs totaling $2,500 in connection with expenses for Yan's refusal to appear for examination.

## CONCLUSION

For the reasons set forth above, Lei respectfully requests that this Court make or issue an order that:

(1) Compels Demas Yan to appear at an Order of Examination

(2) within 10 days of the order, Demas Yan is directed to sign IRS Form 4506 requesting copies of tax returns for the year of 2014, 2015, 2016, 2017, and 2018 directly from the IRS to be sent to Brian Healy, attorney for judgment creditor, Crystal Lei.

(3)  within 10 days of the order, Demas Yan is directed to produce all documents requested pursuant to the civil subpoena was served concurrently with the Order of Examination.

(4)  Adopting and expanding this Court's February 9, 2018, Order Re Sanctions, Award of Fees and Costs, and Production ("the Sanction Order" – Dkt. No. 83) that Demas Yan be monetarily sanctioned until his full compliance with this Order to produce the official tax returns for the year 2014, 2015, 2016, 2017, and 2018.

(5)  Demas Yan shall be responsible to pay reasonable attorney fees incurred in this proceeding in the amount of $2,500.

///

///

///

1     (6)  That the Court reserve the right to issue further sanctions as it deems appropriate for

2 the ongoing refusal to comply with orders of this Court.

3

4 Dated: October 3, 2019

5

6                          Respectfully Submitted,

7

8                          _____

9                          Brian S. Healy
                         Attorney for Judgment Creditor Crystal Lei

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25