UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

                    Appellant,

        v.

CRYSTAL LEI, et al.

                    Appellees.

Case No.  11-cv-01814-RS   (JSC)

**REPORT AND RECOMMENDATION RE: JUDGMENT CREDITOR'S APPLICATION FOR CIVIL CONTEMPT, SANCTIONS, AND INCARCERATION**

Re: Dkt. No. 136

In June 2014, the Ninth Circuit awarded sanctions in the amount of $35,004.71 to Appellees Crystal Lei, Wei Suen, Bryant Fu, and Stella Hong Chen against Appellant Demas Yan for filing a frivolous appeal arising out of a bankruptcy action.  (Dkt. No. 36.)  Mr. Yan has yet to pay those sanctions.  In May 2017, the district court referred this matter to the undersigned for post-judgment collections.  (Dkt. No. 41.)  Now before the Court is Ms. Lei's application for an order finding Demas Yan in civil contempt and issuing sanctions for Mr. Yan's failure to comply with the Court's previous orders and failure to appear for a judgment debtor's examination on September 25, 2019, despite this Court's order that he so appear.  (Dkt. No. 136.)  Having considered the application, the Court vacates the hearing scheduled for November 14, 2019, *see* N.D. Cal. Civ. L.R. 7-1(b), and RECOMMENDS that the district court GRANT Ms. Lei's application in its entirety.

## BACKGROUND

Mr. Yan's noncompliance with this Court's previous orders is well-documented.  The Court ordered Mr. Yan to appear for a judgment debtor examination on June 27, 2017; however, Mr. Yan failed to bring subpoenaed documents to the examination and at Appellees' request the

1    Court terminated the examination and ordered Mr. Yan to produce the subpoenaed documents to

2    Appellees.  (Dkt. No. 52.)  Mr. Yan failed to do so, and in July 2017 the Court issued an order to

3    show cause ("OSC") to Mr. Yan to explain why he should not be held in contempt.  (*Id.*)  The

4    Court held a hearing on the OSC in August 2017 and issued an order discharging the OSC and

5    compelling Mr. Yan to produce the subpoenaed documents, including his tax returns for 2014-

6    2016.  (Dkt. No. 60.)

7         The Court issued another OSC to Mr. Yan on October 3, 2017, after he failed to comply

8    with the Court's August 2017 Order.  (Dkt. No. 64.)  Mr. Yan responded to the OSC, (Dkt. No.

9    65), and the Court held a hearing on October 27, 2017, (Dkt. No. 68).  Following the hearing the

10   Court issued another order compelling Mr. Yan to produce all documents responsive the Judgment

11   Creditor's request.  (Dkt. No. 69.)

12        On November 28, 2017, the Court issued its third order compelling Mr. Yan to produce the

13   subpoenaed documents after the Court's *in camera* review of documents that Mr. Yan claimed

14   were privileged.  (Dkt. No. 72.)  Following Mr. Yan's continued noncompliance, and upon Ms.

15   Lei's motion, the Court issued an order on February 9, 2018 ("Sanctions Order") compelling Mr.

16   Yan to produce the same documents and ordering monetary sanctions in the amount of $500 per

17   day for each day after February 20, 2018 that Mr. Yan failed to comply with the Sanctions Order.

18   (Dkt. No. 83.)  Mr. Yan filed a motion to stay the Sanctions Order on February 18, 2018, (Dkt.

19   No. 84), which the Court denied on March 12, 2018, (Dkt. No. 90).  Mr. Yan also appealed the

20   Sanctions Order to the Ninth Circuit, (Dkt. No. 89); the Ninth Circuit subsequently dismissed that

21   appeal for failure to prosecute, (Dkt. No. 105).

22        In February 2019, Ms. Lei filed a "motion for further civil contempt and sanctions" against

23   Mr. Yan.  (Dkt. No. 119.)  The Court held a hearing on that motion, at which Mr. Yan failed to

24   appear.  (Dkt. No. 126.)  On April 10, 2019, the Court issued an order on Ms. Lei's motion and

25   ordered Mr. Yan to comply with this Court's previous orders dated August 10, 2017, October 30,

26   2017, November 28, 2017, and February 9, 2018, and produce official copies of his tax returns for

27   the years 2014-2016, along with other financial documents.  (Dkt. No. 128 (citing Dkt. Nos. 60,

28   69, 72, 83).)  The Court ordered Mr. Yan to produce the records to Judgment Creditor's counsel

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   Brian S. Healy within 14 days and warned Mr. Yan that failure to comply would result in a report

2   and recommendation to the district court regarding civil contempt and sanctions.  (*Id.* (citing 28

3   U.S.C. § 636(e)).)  Mr. Healy attests that Mr. Yan did not fully comply with the Court's April

4   2019 Order; specifically, Mr. Healy received "one email from Demas Yan on April 24, 2019 [that]

5   transmitted 20 pages of unsigned and incomplete tax returns [with] no schedules."  (*See* Dkt. No.

6   137 at ¶ 9.)

7        On August 7, 2019, the Court ordered Mr. Yan and third-party examinee Tina Yan to

8   appear for judgment debtor's examinations on September 25, 2019.  (Dkt. Nos. 131 & 132.)  Mr.

9   Yan and Ms. Yan were properly served with notice of the examinations on August 19, 2019.  (Dkt.

10  Nos. 133 & 134.)  Mr. Healy also served Mr. Yan with a subpoena duces tecum and declaration

11  describing the documents to be produced at examination.  (Dkt. No. 133 at 2; *see also* Dkt. No.

12  137, Ex. A.)

13       Mr. Healy attests that Mr. Yan emailed him on September 23, 2019, stating that Mr. Yan

14  "'will not appear [at the examination] because there is a standing restraining order that [Mr. Yan]

15  stay 100 yards away from [Mr. Healy's] clients Bryant, Tony, and Crystal.'"  (Dkt. No. 137 at ¶

16  6.)  Mr. Healy further attests that Mr. Yan did not request that Mr. Healy's clients not attend the

17  examination, "nor did he seek the involvement of the Court in seeking a protective order."  (*Id.* at

18  ¶ 7.)  Mr. Healy attended the examination as scheduled on September 25, 2019, but Mr. Yan did

19  not appear.  (*Id.* at ¶ 8.)

20       Plaintiff filed the instant motion on October 3, 2019.  Mr. Yan has not opposed the motion

21  or otherwise contacted the Court.  Mr. Healy attests that he incurred attorney's fees of $2,500 in

22  drafting the April 2019 contempt motion and appearing at the hearing on same, "preparing for and

23  attending the schedule[d] debtor's examination," and drafting the instant motion.  (*Id.* at ¶ 11.)

24                              **DISCUSSION**

25       "A court has power to adjudge in civil contempt any person who willfully disobeys a

26  specific and definite order requiring him to do or to refrain from doing an act."  *Shuffler v.*

27  *Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983).  "A person fails to act as ordered by the court

28  when he fails to take all the reasonable steps within [his] power to insure compliance with the

1    [court's] order [ ]." *Id.* (alterations in original) (internal quotation marks and citation omitted).

2        The record demonstrates that Mr. Yan has repeatedly failed to comply with this Court's

3    previous orders.  It is thus clear that Mr. Yan does not respect this Court's authority or appreciate

4    the gravity of his willful failure to comply.  Mr. Yan's behavior is especially troubling given that

5    he is a former practicing attorney.

6        28 U.S.C. § 636(e) "requires a magistrate to refer contempt charges to a district court

7    judge." *Grimes v. City and Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  While this

8    Court has the authority to impose sanctions for violating the Court's various orders, *see id.*, given

9    that Appellees specifically ask for a finding of contempt and they also ask for an order compelling

10   Mr. Yan to sign IRS forms, and given the likelihood that he will continue to ignore this Court's

11   orders, the Court recommends that the district court judge, rather than this Court, grant Ms. Lei's

12   application for civil contempt and sanctions.

### CONCLUSION

13

14       For the reasons stated above, the Court recommends that the district court judge grant Ms.

15   Lei's application for civil contempt in its entirety and issue an order:

16       (1)  compelling Mr. Yan to appear at a judgment debtor's examination;

17       (2)  directing Mr. Yan to, within 10 days of the order, sign IRS Form 4506 requesting that

18   the IRS send copies of Mr. Yan's tax returns for the years 2014-2018 directly to Mr. Healy;

19       (3)  directing Mr. Yan to, within 10 days of the district court's order, produce all

20   documents requested pursuant to the subpoena served concurrently with the Order of Examination;

21       (4)  adopting and expanding the Court's February 2018 Sanction Order, (Dkt. No. 83), to

22   monetarily sanction Mr. Yan daily until he fully complies with the order to produce his official tax

23   returns for the years 2014-2018;

24       (5)  directing Mr. Yan to pay the reasonable attorney fees incurred in connection with the

25   instant motion in the amount of $2,500; and

26       (6)  warning Mr. Yan that refusal to comply with the order will result in further sanctions

27   and possible incarceration.

28       Any party may file objections to this report and recommendation with the district court

United States District Court
Northern District of California

4

judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

P. 72(b); N.D. Cal. Civ. L.R. 72.  Failure to file an objection may waive the right to review of the

issue in the district court.

      **IT IS SO ORDERED.**

Dated: November 12, 2019

 

 

 

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YAN,

            Plaintiff,

     v.

FU,

            Defendant.

Case No. 11-cv-01814-RS   (JSC)

**CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

       That on November 12, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demas W Yan
100 Pine St #1250
San Francisco, CA 94111

Dated: November 12, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

6