Brian S. Healy, State Bar No. 112371
TIERNEY, WATSON & HEALY
A Professional Corporation
351 California Street, Suite 600
San Francisco, CA 94104
Phone: (415) 974-1900
Fax:    (415) 974-6433
Email:  brian@tw2law.com

Attorney for Judgment Creditor
Crystal Lei

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DEMAS YAN, | ) Case No.:  11-CV-1814-RS (JSC) |
|           Appellant, | ) |
| vs. | ) **JUDGMENT CREDITOR CRYSTAL** |
|    | ) **LEI'S REPLY TO DECLARATION OF** |
| CRYSTAL LEI et al., | ) **DEMAS YAN IN OPPOSITION TO** |
|    | ) **REPORT AND RECOMMENDATION** |
|    | ) **RE: JUDGEMENT CREDITOR'S** |
|           Appellees. | ) **APPLICATION FOR CIVIL** |
|    | ) **CONTEMPT, SANCTIONS, AND** |
|    | ) **INCARCERATION** |
|    | ) |
|    | ) Re: Dkt. No. 140 |
|    | )      Dkt. No. 136 |
|    | ) |
|    | ) Judge:      Hon. Jacqueline Scott Corley |
|    | ) Place:      Court Rm. F, 15 Floor |
|    | )                450 Golden Gate Ave.  S.F. |

Judgment Creditor, Crystal Lei ("Lei"), hereby respectfully submits her Reply to the Declaration of Demas Yan in Opposition to Report and Recommendation Re: Judgment Creditor's Application for Civil Contempt, Sanctions, and Incarceration (Dkt. No. 140).

Over the last 2 ½ years, Yan had been compelled no less than 5 times to produce his tax returns (Dkt nos. 60, 69, 72, 83, 128). Yan has failed to comply every time and has instead played games by vexatiously multiplying the litigation proceedings at Lei's detriment by increasing Lei's costs and preventing Lei from examining Yan's finances. Despite sanctions, Yan continues to be in defiance of this Court's Orders.

Because Yan has made multiple attempts to hinder enforcement and to pass-off altered and incomplete tax returns as official, Yan should be found in contempt and ordered to comply with all requested relief in the Report and Recommendation Re: Judgment Creditor's Application for Civil Contempt, Sanctions, and Incarceration (Dkt. No. 139).

### Tax Returns are Incomplete and Have Been Altered/Tampered.

Yan's claim that he has "timely and fully complied with the court's April 2019 Order" is fraud on the Court as shown by the following:

Yan directed an email to Lei on July 22, 2018 containing modified portions of what purport to be Yan's complete tax returns for years 2014, 2015, and 2016 in one 6-page attachment. On July 26, 2018, Lei sent an email rejecting Yan's submission of incomplete tax returns and demanded compliance with this Court's Order (Dkt No. 83). Yan failed to provide any response.

The pages of his purported tax returns submitted to Lei contained visible alterations that are not consistent with official tax returns processed and accepted by the IRS – for example, official tax returns submitted to the IRS do not contain redactions of account and social security numbers, visible alterations to fonts on various forms, missing forms and incomplete schedules. See ¶6-7 of the concurrently filed Declaration of Brian S. Healy in Support of Judgment Creditor Crystal Lei's Reply to Declaration of Demas Yan in Opposition to Report and Recommendation Re: Judgment Creditor's Application for Civil Contempt, Sanctions, and Incarceration ("Healy Reply Declaration").

Submissions to the IRS of defective returns would result in a rejection of these tax returns. Therefore, the tax returns provided by Yan have been altered, are not genuine and are not official copies as required to be provided to Lei by this Court's Order.

After this Court again ordered Yan to provide office copies of his tax returns (Dkt. No. 128), Yan again reproduced the same pages to Lei's counsel on April 24, 2019 with 14 additional pages in an email attachment which Yan purports to be schedules. However, no complete schedules were attached[1]. For example, Yan has been an owner/manager of 547 Investments, LLC which receives rental income from the property located at 547 23rd Avenue in San Francisco and therefore required to file Schedule K-1 given his association with the business entity as part of his tax returns. See **Exhibit A** for Yan's testimony that he is a manager of the LLC receiving checks issued to his name and ¶8 of the Healy Reply Declaration. Another glaring deficiency in Yan's submission of his purported tax returns are the lack of Forms W-2 that are required attachments.

Further investigations of Yan's finances show a discrepancy between Yan's actual income and the income reported on Mr. Yan's purported tax returns – Yan sold his Hong Kong real estate in 2015 for HK$2.81 million but his tax returns fail to reflect the sale because Yan has tampered with the tax returns provided to Lei. See the certified copy of the Hong Kong Land Registry's record of the sale of the property as **Exhibit B** at the Healy Reply Declaration.

Lei's counsel informed Yan of the deficiency in his production of official tax returns which have yielded no response. Yan is pretending to be in compliance while playing fast and loose to continue withhold his true tax returns. It is therefore undisputed that Yan is continuing

---

[1] A typographical error where the word "complete" was accidentally omitted and should have read "no complete schedules were attached to any of the tax returns" in the Declaration of Brian S. Healy in Support of following Hearing on Judgment Creditor Crystal Lei's Motion for Further Civil Contempt and Sanctions on Judgment Debtor Demas Yan filed October 3, 2019 (Dkt No. 137).

to obstruct the disclosure of his official tax returns and it is becoming clear that he cannot be trusted to produce genuine official copies of the tax returns.

### Yan is Acting in Bad Faith to Withhold Production of Official Tax Returns

The Declaration of Demas Yan in Opposition to Report and Recommendation re: Judgment Creditor's Application for Civil Contempt, Sanctions, and Incarceration ("Yan's Opposition") seeks to mislead this Court.

Yan has waived his right to challenge the evidence and contents of his purported tax returns when he refused to respond to Lei's objection concerning the defects with the purported tax returns and when he did not oppose both of Lei's motions for contempt filed February 26, 2019 (Dkt No. 119) and October 3, 2019 (Dkt. No. 136) despite being served and receiving ECF notifications.

Suddenly now, Yan claims to have purportedly submitted completed official tax returns and schedule without needing to sign them.  Yan declares that he is not required to wet sign the tax returns because they are e-filed, yet he refuses to provide evidence of any existence of an electronic signature authorization (form 8879) that Yan tacitly admits is required when directing this Court to view the IRS's policy on e-file signature authorization at ¶2 of the Yan Declaration (Dkt. No. 140).  However, Yan refused to respond when Lei's counsel noted this deficiency to Yan.  See ¶10 of the Declaration of Brian S. Healy following Hearing on Judgment Creditor Crystal Lei's Motion for Further Civil Contempt and Sanctions on Judgment Debtor Demas Yan filed October 3, 2019 (Dkt. No. 137).

Throughout the multiple motions and emails demanding his compliance, Yan has continuously acted in bad faith despite being given numerous opportunities to either explain his non-compliance by responding or providing official copies of his tax returns.  Despite Yan's claim, the tax returns he produced are not official copies evidenced by heavy alterations and tampering to the IRS forms, and missing schedules.

1   Yan opportunistically objects at the last minute after requiring Lei to file motions just to

2   cause Lei to incur ever increasing costs.

3   Yan has demonstrated that he cannot be trusted[2] to produce unaltered tax returns filed

4   with the IRS, so he should be compelled to sign IRS Form 4506 to authorize the IRS to send tax

5   returns directly to Lei's counsel for tax years 2014-2018 which Yan has not objected to signing.

6

7   **Yan's Failure to Appear for the Order of Examination Is Not Justified**

8   Yan falsely alleges in his Declaration that Lei, her counsel and Bryant Fu have withheld

9   relevant information from this Court to defame Lei, her counsel, and Bryant Fu and obstruct the

10  Order of Examination ("OEX"). Yan waived his arguments when he did not raise them at the

11  time that Lei made her applications to this Court.  As will be shown, Yan has been

12  misrepresenting and omitting facts to mislead this Court.

13  Yan, a disbarred attorney, purports to argue on Tina Yan's behalf to collaterally prevent

14  her from being examined by alleging that "Mr. Healy and his clients Crystal Lei and Bryant Fu

15  have unclean hands in withholding relevant information, making false allegations, and

16  misleading this court to issue third-party examination order as to Tina Yan." ¶3 of Yan's

17  Opposition. The application filed by Lei does not relate to the failure of Tina Yan to attend her

18  third-party examination.  As such, the issued raised by Mr. Yan regarding the propriety of her

19  examination is simply not relevant to the current proceeding.

20  To the extent this Court views those issues as relevant, the judgment in favor of Tina Yan

21  was based on the San Francisco Superior Court's conclusion that the doctrine of collateral

22  [2] Yan has been caught lying by both Federal and State Courts numerous times.  For example,
23  Yan membership to the Bar of the Ninth Circuit Court of Appeal was rescinded in 2016 for
    knowingly and willfully lying about pending disciplinary proceedings by the State Bar of
24  California and doing so to mislead the Court. See the Final Order as **Exhibit C** at the Healy
    Reply Declaration.  Yan was also disciplined by the California State Bar Court in 2013 for
25  knowingly misrepresenting his income under penalty of perjury to obtain government
    unemployment benefits.  In 2018 Yan was disbarred for 27 counts of misconducts among which
    includes Yan's lack of candor and disrespect towards Courts.

estoppel was not applicable to Lei's case against Tina Yan.  In addition, the judgment in favor of Tina Yan referenced by Yan is not final because Yan has appealed from the judgment and a cross-appeal is pending to resolve the apparent conflict in judgment.

Yan's Opposition continues making more false representations to distract this Court from his non-compliance by alleging that "Ms. Lei used the TRO as the reason to not attend a notice deposition of her … Ms. Lei has also insisted that I must stay away from her at all times without exception."  ¶4-5 of Yan's Opposition.  Bryant Fu, Tony Fu, and Lei obtained civil harassment restraining orders against Yan because the Court found inter alia clear and convincing evidence[3] that Yan has engaged in a continuous course of conduct to harass these three individuals.  See pages 20-23 of the transcript of the Restraining Order hearing as **Exhibit D** of the Healy Declaration.

Yan raised the same argument of the Restraining Order being used by Lei to avoid deposition before the San Francisco Superior Court during the hearing on granting the Restraining Order.  The Court explicitly found Yan's allegation to be false because the evidence showed that Yan did not properly serve Lei with the subpoena[4] for deposition in a Bankruptcy Court case and that Lei was not given her witness fee as a third-party deponent.  See page 19 to 20 of the transcript of the Restraining Order hearing as **Exhibit D** of the Healy Reply Declaration.

The transcript at Exhibit B of Yan's Opposition further supports the Superior Court's finding which shows Lei testimony that she was not properly served with a subpoena and was

---

[3] The evidence the Court considered in granting the Restraining Order against Yan included ongoing harassment of Bryant Fu and his family directed by Yan that included Yan's outburst during the last OEX held in this Court on June 27, 2017 where Yan shouted that he will kill Tony Fu and harm Bryant Fu, attendees to the OEX.  See page 7, line 8 of the transcript showing Yan's outburst of violent language as **Exhibit E** of the Healy Reply Declaration.

[4] United States Bankruptcy Court had found that Yan made illegal reproduction of the Bankruptcy Court Clerk's signature to create fraudulent subpoenas that were served to Lei during a hearing on October 17, 2018 in case no. 4:17-AP-4056.

not provided the witness fee on page 3, lines 2-8 of the transcript.  Yan's argument that the Restraining Order was used as a mechanism for preventing lawful discovery is not only false but also shows Yan's attitude of contempt towards this Court by misleading this Court and disparaging Lei.

Although Yan claims "Ms. Lei has also insisted that I must stay away from her at all times without exceptions", Lei has never prevented Yan from accessing the Court or lawful proceedings.  It is apparent that Yan is taking the matters out of context and purposefully misquoting Lei.  Yan understands that the Restraining Order is not a bar to Court proceedings because he raised the same argument to the Bankruptcy Court he was told during a hearing to the effect that a restraining order does not restrain him from participating in pending litigation at the hearing on October 17, 2018 in case no. 4:17-AP-4056 – the same hearing where Yan was admonished for making illegal reproductions of the Bankruptcy Court Clerk's signature to alter subpoenas without authorization.

In sum, a full month had passed after Yan was personally served the Order of Examination and subpoena duces tecum on August 19, 2019 yet he did not communicate to Lei or the Court for accommodations or a protective order within such broad length of time, Yan's failure to appear for his debtor examination was willful and in bad faith.

///
///
///
///
///
///
///
///

LEI REPLY TO YAN OPPOSITION          Case No. 3:11-cv-01814-RS (JSC)  --  7

1

2                                   **CONCLUSION**

3          When viewing the facts in their entirety, it is obvious that Yan has knowingly omitted

4   details to mislead this Court and to slander Lei.  Yan demonstrates no good cause for failing to

5   appear, produce any documents requested as part of the Order of Examination, and for failing to

6   provide his official tax returns.  It has become apparent over the last several years that Yan does

7   not respect the power and authority of this Court despite repeated Orders compelling his

8   compliance to which he has willfully and repeatedly flouted.  Enough is enough.  Therefore,

9   Yan's Opposition should be rejected and the recommendation of U.S. Magistrate Judge

10  Jacqueline Scott Corley of November 12, 2019 should be adopted.

11

12  Dated: December 2, 2019

13                                   Respectfully Submitted,

14

15

16

17                                   Brian S. Healy
                                     Attorney for Judgment Creditor Crystal Lei

18

19

20

21

22

23

24

25