DEMAS YAN
1433 7th Ave.
San Francisco, CA 94122
Phone (415) 867-5797
Appellant in Pro Se

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>　　　　Appellant,<br><br>　　vs.<br><br>TONY FU et al.,<br><br>　　　　Appellees. | Case No.: 3:11-CV-01814-RS<br><br>DEMAS YAN'S RESPONSE TO ORDER TO SHOW CAUSE WHY THE RELIEF SOUGHT IN APPELLEES "MOTION FOR ENTRY OF JUDGMENT FOR ACCRUED SANCTIONS, AND FOR ORDER TO SHOW CAUSE RE IMPRISONMENT OF DEMAS YAN FOR CONTEMPT" SHOULD NOT BE GRANTED<br><br>Date: 11/1/2022<br>Time: 11:00 AM<br>Location: AT&T Conference Line<br>Dial In: 888-684-8852<br>Access Code: 1868782<br><br>Magistrate Judge Illman |

To the Court:

Movant Crystal Lei's motion should not be granted for the following reasons:

I had in fact produced the tax returns per the court's order, Document 128 Filed on 04/10/19 (Appellee RJN, Ex. B). In that order, the Court ordered that I produce tax returns for years 2014, 2015, and 2016, and gave me a choice of either (1) sign IRS form 4506, or (2) produce the requested tax returns directly to Mr. Healy. I choose option 2 and sent the returns directly to him on April 24, 2019. I had sent the returns with all schedules filed. Specifically, the 2014 return has Schedule D; the 2015 return has schedules C, D, and SE; and the 2016 return has schedules C, D, SE, and 8962. Mr. Healy's prior allegation to the court that I had not provide schedules was false. Mr. Healy acknowledged that he received the email on April 24, 2019, but he made the false allegation, without any basis or evidence, that the returns were

altered/incomplete.  Mr. Healy appears to believe that tax returns must have wet signatures, but that is not required for e-filing of returns.  If Mr. Healy does not know this, he can check with the IRS or by perusing the IRS website at https://www.irs.gov/e-file-providers/frequently-asked-questions-for-irs-efile-signature-authorization.

If the court still doubts that the tax returns send on April 24, 2019 were incomplete or altered, I can produce for the court's review of the official IRS tax transcripts for those tax years, which will prove that the returns sent on April 24, 2019 contained the same data as in the IRS transcripts, *provided* that my production of the tax transcripts to the court would not be a waiver of my fifth amendment right against self-incrimination, which I had invoked all through out the proceedings in this action and which I reaffirm here.  I explain further below.

Shortly after I sent the email on 4/24/19 responsive to the order filed as Document 128 on 04/10/19, the IRS instigated a multi-year audit on or around 4/30/2019, which is still active and on-going.  If the court questions this co-incidence, I can provide proof to the court, provided again that it would not be a waiver of my fifth amendment privilege.  Because of this change of circumstance since around April of 2019, I have the constitution right against self-incrimination which I have not waived.  Privilege against self-incrimination apples to testimony as well as compel production of documents.  "Act of Production" is tantamount to testimony as to existence, custody, and authentication of documents. *United States v. Doe* 465 U.S. 605 (1984). The Fifth Amendment privilege can be raised at any time or any stage of a proceeding.  A waiver of the Fifth Amendment privilege at one state of a proceeding is not a waiver of that right for other stages." *United States v. TrejoZambrano*, 582 F.2d 460, 464 (9th Cir.1978).  "The right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re Master Key Litig*., 507 F.2d 292, 293 (9th Cir. 1974) (citing *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951)).  There is no requirement that a criminal action be ongoing, and in fact, one may assert the privilege against self-incrimination even when "the federal government and the states do not appear particularly interested in bringing criminal actions." *Master Key*, 507 F.2d at 293. The fact that the Fifth Amendment privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection. *Lefkowitz v. Cunningham,* 431 U.S. 801, 805 (1977).  It is well-established that the Fifth-Amendment privilege extends to answers that would furnish a link in the chain of evidence

needed to prosecute the claimant.  *Master Key*, 507 F.2d at 294.

Furthermore, movant Crystal Lei comes to this court with unclean hands and ulterior motive.  The fact that Ms. Lei files this motion more than three years after the original order in 04/10/19 should say something about the importance or lack thereof of the tax returns that she seeks.  She has ulterior motive, and that is to obtain money sanctions to offset a judgment that was assigned in 2018 to me for collection against her based on her sham divorce from TONY FU to defraud their creditors during marriage.  Attached as Exhibit A is a copy of that assignment and declaration by the third-party creditor.

It would be a complete injustice if the court orders sanctions against me when I had in fact complied with the court's original order filed on 04/10/19.  It would also be a miscarriage of justice if the court sanctions me for my invocation of constitution right against self-incrimination.

Dated:  10/25/2022

/s/Demas Yan

# EXHIBIT A

DECLARATION

TO THE BANKRUPTCY COURT AND INTERESTED PARTIES IN RELATED ACTIONS:

I, FLORENCE FUNG, declare:

1. I am a judgment creditor against debtor, TONY FU AKA TONY D.X. FU aka DONG XING FU (Fu), in a judgment entered in San Francisco Superior Court case no. CGC-00-311712 on 10/9/2003 and renewed on 12/27/2013 pursuant to court order granting Application for Renewal of Judgment (Judgment).

2. Prior to FU's filing of Chapter 7 in Bankruptcy Case No. 17-41205 on 5/5/17, I had assigned the Judgment to Demas Yan aka Dennis Yan, Kaman Liu, and Thai Ming Chiu, as co-assignees, to help me enforce and collect on the judgment.

3. The assignees have impartial position and better knowledge of the legal proceedings to help me enforce and collect on the judgment. I do not live in the county and it is difficult for me to attend to the proceedings. My deceased father and I believe that FU is not a rational person. Instead of repairing the construction defects, FU went for collection and instead of paying off the judgement, FU would hide assets and gone through a sham divorce.

4. FU has told my deceased father and me that he has legal means to ignore and dishonor the judgment against him. FU started the arbitration hearing proceedings against us in 1999 to collect on about $20k of disputed construction work. We had to file counter claim against FU for defective and unfinished construction work. Then, FU refused to pay his then lawyer and FU also refused to pay his share of the arbitration fees, Fu try to stop the arbitration case. When we paid FU's share of arbitration fees, FU wrote several letters to the arbitrator to try to disqualify and then change the arbitrator. When this failed, FU dragged the arbitration case for several years so that his legal wife, legal son and his legal assets all disappeared. FU told my deceased father and me that he can earn money using other people's identity and licenses. Basically, FU told us that we cannot collect on the judgment because we cannot find his assets. FU lives in multi-million dollar house, drives and buys European luxury vehicles, sends his son Bryant FU to private schools and takes his wife to overseas trips, etc. Even though I do not understand the judgment collection, my father told me that we have to maintain and enforce this judgment. So, the original 2003 judgment of approximately $70k was renewed in 2013 to approximately $155k. Now, it is worth about $200k on paper. Please confirm the judgment and allow the collection effort to proceed.

5. I have information that FU on or about May 25, 2018, had stated and convinced various news reporters Ms. LingChia KU, Mr. Nam KWOK and Ms. Jo WAN of the Chinese News Channel on KTSF 26 that he has a claim against me for $24,000 since 1999 and that he will soon take legal action against me. This information was reported and aired on video broadcast on May 25, 2018 on KTSF 26 at both 7 pm and 10 pm news programs in which Fu was interviewed by Channel 26 news reporter. Since FU alleges

that he has a $24,000 claim against me but he had not declare it in his bankruptcy petition, that is further evidence of fraud.

6. Thai Ming Chiu had filed adversary proceeding # 17-04056 in Fu's bankruptcy case objecting to Fu's discharge of debts. As a result, Mr. Chiu has incurred significant expenses in attempting to enforce the judgment because of Fu's tactics in obstruction. I believe Mr. Dennis Yan is better qualified in terms of his knowledge of the facts to enforcement the Judgment. I would like Mr. Yan, as co-assignee of the Judgment, to substitute for Mr. Chiu in adversary proceeding # 17-04056 and hereby ask the court to approve the same.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signature _____  8/13/2018

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of SAN FRANCISCO
Subscribed and sworn to (or affirmed) before me on this 13th day of AUGUST, 2018 by FLORENCE FUNG proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

SURINDER KUMAR
COMM. # 2080623
NOTARY PUBLIC • CALIFORNIA
SAN FRANCISCO COUNTY
Comm. Expires OCT. 2, 2018