**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MICHAEL K. JOHNSON, SB# 130193
  E-Mail: Michael.Johnson@lewisbrisbois.com
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Telephone: 925.357.3456
Facsimile: 925.478.3260

**TIERNEY, WATSON & HEALY PC**
BRIAN S. HEALY, SB# 112371
  E-Mail: brian@tw2law.com
48 Gold St, Fl 1
San Francisco, California 94133-5103
Telephone: 415.974.1900
Facsimile: 415.974.6433

Attorneys for Judgment Creditor
CRYSTAL LEI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAS YAN,<br><br>        Appellant,<br><br>    vs.<br><br>CRYSTAL LEI, et al,<br><br>        Appellees. | Case No. 11-CV-1814-RS (RMI)<br><br>**JUDGMENT CREDITOR CRYSTAL LEI'S REPLY TO DEBTOR DEMAS YAN'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:   November 1, 2022<br>Time:   11:00 a.m.<br>Place:  AT&T Conference Line<br>Judge:  Hon. Robert M. Illman |

   Judgment creditor Crystal Lei ("Lei") hereby replies to Demas Yan ("Yan")'s Response to Order To Show Cause (Dkt. 151) ("Response") filed late on October 27, 2022.

**REQUESTED RELIEF**

1. Judgment to be entered in favor of Crystal Lei and against Demas Yan for accrued sanctions in the amount of $857,500, calculated at $500 per day for 1,715 days from February 20, 2018 through November 1, 2022.

2. Hold Demas Yan in civil contempt and order for the incarceration of Demas Yan until he complies with this Court's order compelling him to sign IRS Form 4506 to produce

all tax returns for years 2014 and onward in addition to daily sanctions of $500 per day.

3. Order for the expansion of January 15, 2020, Order to include tax returns to present and require production to be appended to IRS Form 4506 in the provision above.

## **DISCUSSION**

### A.  Yan's Untimely Response Should Be Disregarded

Yan's Response (both Dkt. 151 and 152) is 10 days late and procedurally defective.  The Response is substantively to Lei's Motion for Entry of Judgment for Accrued Sanctions, and for Order to Show Cause re Imprisonment of Demas Yan for Contempt (the "Motion"), and Yan's Response was due October 17, 2022 per Docket No. 145.  The Clerk's Notice setting the hearing (Dkt. 149) did not reopen the time to submit opposition to the Motion.  Regardless, Yan's Response merely reiterates arguments that this Court already rejected in prior proceedings.

### B.  Yan's Arguments Have Already Been Rejected, and His Production of Fraudulent Documents Necessitated Order for Signature on IRS Form 4506

There is nothing in Yan's Response that was not already reviewed and adjudged through this Court's numerous prior orders regarding Yan's refusal to produce his tax returns.  Yan argues that he produced his returns on April 24, 2019.  However, this argument was previously rejected by the Magistrate Judge and District Judge in the Report and Recommendations issued November 12, 2019 by Judge Corley (RJN Ex. C, Dkt. 139) and the Order Adopting Report And Recommendation issued January 15, 2020 by Judge Seeborg.  (RJN Ex. D, Dkt. 143.)   The document that Yan produced was not a true and correct copy of the returns filed, and Lei reported Yan's adulterated production to the Court, which resulted in the Court's orders.  Yan is plainly in contempt of the Court's repeated orders and he has flouted the Court's orders for years.  Stronger steps are clearly needed.

The January 15, 2020, Order rejected Yan's attempt to pass off altered tax return documents.  Indeed, this Court ordered that Yan "shall comply with each of the six numbered provisions set out above." (RJN Ex. D, at p. 2:22-23.)   The six provisions are:

(1) compelling Mr. Yan to appear at a judgment debtor's examination;

**(2) directing Mr. Yan to, within 10 days of the order, sign IRS Form**

> 4506 requesting that the IRS send copies of Mr. Yan's tax returns for the years 2014-2018 directly to Mr. Healy;
>
> (3) directing Mr. Yan to, within 10 days of the district court's order, **produce all documents requested pursuant to the subpoena served concurrently with the Order of Examination**;
>
> (4) adopting and expanding the Court's February 2018 Sanction Order, (Dkt. No. 83), **to monetarily sanction Mr. Yan daily until he fully complies with the order** to produce his official tax returns for the years 2014-2018;
>
> (5) directing Mr. Yan to pay the reasonable attorney fees incurred in connection with the instant motion in the amount of $2,500; and
>
> **(6) warning Mr. Yan that refusal to comply with the order will result in further sanctions and possible incarceration.**

(RJN Ex. D, at pp. 1:24-2:11, emphasis added.)  Yan hasn't complied with any.

Given Yan's fraudulent conduct with his prior productions, the only certain way for Lei's counsel to receive copies of what actually was filed with the IRS is for Yan to sign IRS Form 4506.  Yan's offer to produce a tax transcript only to the Court is non-compliant with the Court's prior orders and would serve no purpose but to further burden the Court.  A tax transcript does not include all of the information in his actual returns that Lei needs to enforce the judgments she obtained against Yan.

Yan is playing games with this Court.  His pleading is another unjustified, bad faith diversion to evade this Court's orders.  Yan's refusal to sign IRS 4506 is unreasonable and calculated to obstruct Lei's judgment enforcement efforts.

**C. No Fifth Amendment Privilege to Tax Returns**

Yan seems to want it both ways by arguing that he has already produced his tax returns but at the same time claiming that he may invoke the Fifth Amendment privilege against self-incrimination.  Yan argues that he is under an IRS tax audit since 2019, yet he provides no evidence of such an audit nor any facts implicating possible criminal prosecution based on production of his personal tax returns – which the taxing authorities already have – to Lei.

The authorities Yan cites in support of his claimed right not to comply are inapposite in a case where the only issue is Yan's refusal to comply with prior production orders.  Yan primarily

cites *United States v. Doe*, 465 U.S. 605 (1984) which only resolved the issues of "whether, and to what extent, the Fifth Amendment privilege against compelled self-incrimination applies to the business records of a sole proprietorship," with no mention of tax returns being privileged. Indeed, Yan raised the same argument of privilege against self-incrimination regarding the production of tax returns *and this Court expressly rejected them*. (*See* Dkt. No. 72 ["Mr. Yan has failed to show he has a reasonable belief of criminal prosecution based on production of his personal tax returns."])

There is no merit to Yan's claim for privilege under the Fifth Amendment for withholding his tax returns.  Yan voluntarily filed tax returns and they are in the possession of the Federal Government, thus producing them now is not an act of self-incrimination.  The voluntary filing of tax returns represents a waiver of privilege with respect to those returns.  (*Garner v. United States*, 424 U.S. 648, 665 (1976) [holding that incriminating disclosures on tax returns were not protected by the Fifth Amendment privilege since they were not compelled incriminations]; *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs.*, 96 Civ. 9056 (JGK)(AJP), 1998 U.S. Dist. LEXIS 14401, at *62 n.21 (S.D.N.Y. Sep. 11, 1998) ["While the filing of tax returns is compelled and the information provided by the taxpayer in the return is considered to be testimonial, this 'testimony' is voluntary, not compelled. This is because an individual may rely on the Fifth Amendment privilege instead of revealing information in her tax return. Since this testimony is voluntary, it is not within the Fifth Amendment privilege."])

### D.  Yan's "Unclean Hands" Argument is a Frivolous Attempt to Smear Ms. Lei

Yan's argument of unclean hands against Lei is frivolous and a more appropriate reflection on Yan himself.  Yan contends that he is an assignee of a judgment against Tony Fu, but he has not obtained any judgment against Lei nor is there any basis for such a judgment or claim by Yan against Lei.  Thus, Yan's allegations are frivolous.  Contrary to Yan's portrayals of Lei as someone acting illegitimately in multiple ways, she only has engaged in the lawful enforcement of her judgments and sanctions awards against Yan, a debtor who has maliciously defrauded creditors and vexatiously multiplied litigation proceedings to evade payment of just debts, judgments and sanctions.  Yan's allegations are frivolous, fraudulent and malicious.

On page 3 of Yan's Response, he inaccurately argues that his tax returns are not important because three years have passed since the April 10, 2019, order compelling the returns' production.[1] However, Yan conveniently ignores that Lei has made continuous efforts since then to compel Yan's production of tax returns in this case and in other post-judgment collection cases against Yan. Lei's motions resulting in the November 12, 2019 Report and Recommendation and the January 15, 2020 Order Adopting Report And Recommendation (RJN Exs. C and D) are just two examples within the 102 docket entries in this case dealing with Yan's refusal to submit to lawful judgment enforcement. The Orders, Order of Examinations and subpoenas served to Yan have always demanded the production of recent tax returns up to the latest tax year. (E.g., Dkt. Nos. 50, 60, 69, 72, 83, 128, 137, 139, 143.)

Lei has also continued to pursue Yan in California State Court to obtain his latest tax records without waiving any rights to have Yan's tax returns compelled in this case. (*See,* Supplemental Declaration of Crystal Lei, Exhibit E, Request for Production of Documents to Demas Yan, Request No. 58.) Yan should not be allowed now to bootstrap his refusal to comply with lawful court orders by rechallenging the Court's prior orders and contorting it into a staleness contention caused by Yan's own obstructive tactics.

### E. Civil Contempt and Incarceration

In short, nowhere in Yan's pleading does he justify his years-long refusal to obey this Court's duly-issued order that he produce the returns. Civil contempt is "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply". (*Institute of Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014). Yan has no good faith basis for refusal to produce his tax returns, especially when all that is required to purge his contempt and comply with this Court's production order is simply to sign IRS Form 4506 and produce the returns.

The accrual of $500 in daily sanctions (to $857,500 as of November 1, 2022) and the

---

[1] It can and should be inferred from this argument that Yan is delaying the production to harm Lei and devalue the information contained in his tax returns to directly hinder or inhibit collection actions that would be based on information contained in the tax returns.

explicit warning about possible incarceration should have been enough to compel Yan's compliance to sign IRS Form 4506.  That he prefers to remain exposed provides a strong inference that the tax returns would establish the extent of Yan's efforts to evade his judgment creditors, and the disclosure of returns could finally allow Lei to be made whole on her judgments and sanctions against Yan.

The Court should expand its civil contempt of Yan to include incarceration until he complies with producing complete and genuine tax returns to Lei by signing IRS Form 4506.  The Supreme Court has held that civil contempt sanction of indefinite imprisonment to enforce compliance to a lawful order is well within the vested powers of the Court.  Supreme Court Justice Ginsburg opined the following:

> The civil contempt sanction, *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911) instructs, is designed "to coerce the defendant to do the thing required by the order for the benefit of the complainant," rather than "to vindicate the authority of the law." 221 U.S., at 442, 31 S.Ct., at 498. The sanction operates coercively because it applies continuously until the defendant performs the discrete, "affirmative act" required by the court's order, for example, production of a document or presentation of testimony. *Ibid*. The civil contemnor thus " 'carries the keys of his prison in his own pocket' ": At any moment, "[h]e can end the sentence and discharge himself ... by doing what he had previously refused to do." *Ibid.*, quoting *In re Nevitt*, 117 F. 448, 461 (CA8 1902).

(*International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 844 (1994).)

As of the January 15, 2020 Order (Dkt. No. 143) Yan was already found to be in civil contempt.  That Yan remains in contempt of this Court's orders and continues to act in defiance to this Court's authority has forced Lei to request this Court to incarcerate him.  Since multiple orders compelling his compliance (Dkt. Nos. 60, 69, 72, 83, 128, 143) and monetary sanctions have failed to coerce Yan to purge his contempt of this Court's production orders, incarceration for his civil contempt is necessary and fully justified.

## CONCLUSION

Yan has failed to show cause why the relief sought in Lei's "Motion for Entry of Judgment for Accrued Sanctions, and for Order to Show Cause re Imprisonment of Demas Yan for Contempt" should not be granted.  Accordingly, the Court should

(1) enter judgment in favor of Crystal Lei against Demas Yan for $857,500,

(2) incarcerate Demas Yan until he signs IRS Form 4506 releasing tax returns to Crystal Lei in addition to continuing sanctions of $500 per day for noncompliance, and

(3) expand the January 15, 2020 order to include returns for tax years 2019 to present.

DATED: October 31, 2022        LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  */s/ Michael K. Johnson*
        MICHAEL K. JOHNSON
        Attorneys for Judgment Creditor
        CRYSTAL LEI