UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| YAN,<br><br>           Plaintiff,<br><br>   v.<br><br>FU,<br><br>           Defendant. | Case No. 11-cv-01814-RS (RMI)<br><br>**REPORT AND RECOMMENDATIONS**<br>Re: Dkt. No. 145 |

Now pending before the court is a Motion (dkt. 145) filed by Appellee and Judgment Creditor Crystal Lei ("Ms. Lei") seeking an entry of judgment in her favor for the amount of $862,000.00 (comprised of the accrued sum of 1,724 days of $500 daily sanctions), and an order directing the imprisonment of Appellant and Judgment Debtor Demas Yan ("Mr. Yan") "for civil contempt based on his willful noncompliance with this Court's orders, unless [Mr.] Yan fully complies with the Court's prior orders by producing his tax returns and paying all sanctions owed to [Ms.] Lei." *Id*. at 2. Mr. Yan has filed a response (dkt. 151), Ms. Lei has filed a reply (dkt. 153), and the undersigned heard oral argument on November 1, 2022 (dkt. 154). For the reasons stated below, the undersigned recommends that Ms. Lei's Motion (dkt. 145) be granted in part (as to Mr. Yan's arrest and imprisonment for civil contempt) and denied in part (as to the award of $862,000.00 of coercive civil fines to Ms. Lei personally). The two matters presented in Ms. Lei's Motion are exceedingly straightforward and require very little discussion.

As for the first matter, Ms. Lei has been trying to secure Mr. Yan's tax returns since at least 2017. *See generally* Renewed App. for OSC re. Contempt (dkt. 62). Specifically, in September of 2017, Lei suggested that "it is appropriate and necessary that [Mr.] Yan be held in

contempt for his willful and knowing failure to comply with this Court's order and the subpoena and sanctions *payable to [Ms.] Lei* in the amount of $6,407.50 plus $500.00 per day for each day of non-production after the Court ordered production date of August 31, 2017 should be ordered." *See* Ms. Lei's Mem. (dkt. 62-1) at 4 (emphasis added). Thereafter, in early February of 2018, Judge Corley entered an order directing Mr. Yan to produce his personal tax returns for the years 2014, 2015, and 2016, and also directing that "Mr. Yan shall be sanctioned $500 for every day after February 20, 2018 that he does not comply with this Order and produce the documents." *See* Order of February 9, 2018 (dkt. 83) at 4. Mr. Yan then requested a stay (dkt. 84), which was denied (dkt. 90). As late as April of 2018, Mr. Yan had still not obeyed Judge Corley's order, and he was once again ordered to either produce the tax returns in question, or to execute an IRS Form 4506 (release) such that Ms. Lei's counsel could secure the returns directly from the IRS. *See* Order of April 10, 2019 (dkt. 128) at 1. Several months later, Judge Corley entered a report and recommendation that recommended, *inter alia*, as follows: (1) that Mr. Yan be ordered to appear at a judgment debtor's examination; (2) that Mr. Yan be ordered to sign an IRS form 4506 for Mr. Yan's tax returns from 2014 to 2018; (3) to adopt the court's February 2018 sanctions order (dkt. 83) "to monetarily sanction Mr. Yan daily until he fully complies with the order to produce his official tax returns for the years 2014-2018"; (4) directing Mr. Yan to pay the reasonable attorney fee incurred in connection with the instant motion in the amount of $2500; and, (5) warning Mr. Yan that his continued refusal to comply with the order will result in further sanctions and possible incarceration. *See* R&R (dkt. 139) at 4. Judge Corley's recommendations were adopted in full, and Mr. Yan was once again ordered to comply with the numbered provisions set forth in the report and recommendation. *See* Order of January 15, 2020 (dkt. 143) at 2.

      Ms. Lei submits that she is entitled to receive the accrued total of the $500 daily coercive sanction (multiplied by 1,724 days of Mr. Yan's disobedience), to wit $862,000.00. *See* Ms. Lei's Mot. (dkt. 145) at 2. Ms. Lei's explanation for her suggested entitlement to these sums is that "[t]he court [did] not state that the sanction shall be payable to the court Clerk, which it would have done if that had been the court's intent." *See* Ms. Lei's Resp. (dkt. 161) at 2. The undersigned finds this suggestion to be unpersuasive. Ms. Lei also contends that because the court "adopted

1    Appellee's application for sanctions 'in its entirety,'" the only reasonable interpretation is that the

2    court intended Ms. Lei to be the beneficiary of the $500 daily coercive sanction amounts. *See* Ms.

3    Lei's Resp. (dkt. 161) at 2. That is an extraordinary proposition for which the undersigned can find

4    no support.

5    While the undersigned has not been able to identify a single case where court-imposed

6    coercive fines have simply been handed over to a party opponent, the overwhelming weight of

7    case authorities direct that such fines are payable to the court. "Where the purpose of a civil

8    contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is

9    proper." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992). The

10   purpose of the sanction is what determines whether it is a criminal sanction or a coercive civil

11   sanction. *See id*. "If the sanction is intended to punish past conduct and is imposed for a definite

12   amount or period without regard to the contemnor's future conduct, it is criminal." *Id*. On the

13   other hand, if the sanction is conditioned upon continued noncompliance and intended only to

14   coerce the contemnor to comply in the with the Court's orders (as would be the case here), then

15   the sanction is a coercive civil sanction. *Id*. (affirming award of $10,000-per-day sanction for

16   every day the plaintiff failed to produce documents).

17   When the sanction is a civil coercive sanction, it should be payable to the court. *See id*. at

18   1482; *see also General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) ("If

19   the fine, or any portion of the fine, is coercive, it should be payable to the court, not General

20   Signal."); *see also Winner Corp. v. H.A. Caesar & Co.*, 511 F.2d 1010, 1015 (6th Cir. 1975)

21   (explaining that the purpose of limiting a prevailing party to actual losses in civil contempt actions

22   would be defeated by allowing prevailing party to collect coercive civil contempt fine); *Woods v.*

23   *O'Brien*, 78 F. Supp. 221, 222-23 (D. Mass. 1948) (compensatory portion of contempt award

24   payable to complainant, coercive portion payable to the United States if defendant failed to

25   comply with court order within 30 days); *cf. United States v. United Mine Workers*, 330 U.S. 258,

26   304, 67 S. Ct. 677, 701 (1947) (noting that <u>compensatory</u> contempt award is payable to

27   complainant and, by contrast, implying that <u>coercive</u> fine is not payable to complainant); *see also*

28   *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 779 (9th Cir. 1983) (same); *RG*

3

*Abrams Ins. v. Abrams*, No. 2:21-cv-00194-FLA (MAAx), 2021 U.S. Dist. LEXIS 216815, at *28 (C.D. Cal. Nov. 9, 2021) ("One type of civil contempt coercive sanction is a per diem fine payable to the court and imposed for each day a contemnor fails to comply with an affirmative court order."); *DUSA Pharm., Inc. v. Skin Deep*, No. CIV-F-05-1482 AWI SMS, 2007 U.S. Dist. LEXIS 33841, at *5 (E.D. Cal. Apr. 21, 2007) ("If the fine, or any portion of the fine, is coercive, it should be payable to the court."). Thus, because Judge Corley's report and recommendation did not suggest that the coercive sanctions should be given to Ms. Lei, and also because there is no support for it in the law, Ms. Lei's request to channel the accrued sums of the court's coercive daily fine amounts into her pockets should be denied.

The second matter presented in Ms. Lei's Motion (dkt. 145 at 9) requests that Mr. Yan be found in civil contempt and imprisoned until such time as he – at long last – obeys the court's order to execute the IRS Form 4506 for the tax years in question. Under Federal Rule of Civil Procedure 37(b)(2)(A)(vii), a party's failure to comply with a discovery order may be treated "as contempt of court." A civil contempt of this nature is designed to compel a party's obedience to a specific and definite court order after that party failed to take all reasonable steps to comply. *See Go-Video, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). A fine and imprisonment can be imposed for civil contempt by serving "as coercive sanctions to compel the contemnor to do what the law made it his duty to do." *See* § 703 Distinction from Civil Contempt, 3A Fed. Prac. & Proc. Crim. § 703 (4th ed.) (quoting *Penfield Co. v. Securities and Exchange Commission*, 330 U.S. 585, 590 (1947)). Contempt fines are issued to "coerce the defendant into compliance with the court's order, [or] . . . [to] compensate the complainant for losses sustained." *Bingman v. Ward*, 100 F.3d 653, 656 (9th Cir. 1996). In civil contempt proceedings, the court may "assess attorneys' fees . . . 'as part of the fine to be levied on the defendant.'" *Donovan v. Burlington N., Inc.*, 781 F.2d 680, 682 (9th Cir. 1986) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258 (1975)).

Imprisonment for civil contempt cannot be imposed for a fixed term, but is limited to remedial or coercive imprisonment until the person convicted complies with the court's order. *See United Mine Workers of Am.*, 330 U.S. at 372 n. 37. Such imprisonment is permissible in civil

1   contempt when the contemnor is given the option of earlier release if he or she complies. *See Int'l*
2   *Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (citing *Shillitani v.*
3   *United States*, 384 U.S. 364, 370 n. 6 (1966) (upholding as civil "a determinate [2-year] sentence
4   which includes a purge clause.")). In such circumstances, a civil contemnor can be said to "[carry]
5   the keys of his prison in his own pocket," and is able to purge the contempt in order to obtain his
6   release by committing the very affirmative act which the contemnor had been ordered to effectuate
7   in the first place. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quoting
8   *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442 (1911)). Courts have power in contempt
9   proceedings to impose conditional imprisonment to compel a person to obey a valid order. *Uphaus*
10  *v. Wyman*, 360 U.S. 72, 79 (1959). Once a civil contemnor complies with the underlying order, the
11  contempt is purged and the contemnor is free. *Turner v. Rogers*, 564 U.S. 431, 442 (2011) (citing
12  *Hicks v. Feiock*, 485 U.S. 624, 638, n. 9 (1988)).

13        Civil contempt being coercive in nature, another option available to courts whose orders
14  have been disregarded and flouted is criminal contempt – which is punitive in nature. The
15  authority to order criminal contempt sanctions derives from 18 U.S.C. § 401, which provides, *inter*
16  *alia*, that "[a] court of the United States shall have power to punish by fine or imprisonment, or
17  both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its
18  lawful . . . order." A court may find criminal contempt if evidence beyond a reasonable doubt
19  establishes that "(1) there is a clear and definite order of the Court that imposes obligations upon
20  the alleged contemnor, (2) actual knowledge of the order by the alleged contemnor, and (3) willful
21  disobedience of the order by the alleged contemnor." *See Madrid v. Woodford*, No. C-903094-
22  THE, 2004 U.S. Dist. LEXIS 23255, 2004 WL 2623924, at *5 (N.D. Cal. Nov. 17, 2004).
23  "[A]ctual knowledge of the order is all that is required; neither formal notice nor personal service
24  is necessary to support a conviction for criminal contempt." *United States v. Rylander*, 714 F.2d
25  996, 1003 (9th Cir. 1983). When a court enters a sentence for criminal contempt, the sentence is
26  "punitive in [] nature and [] imposed for the purpose of vindicating the authority of the court."
27  *United Mine Workers of Am.*, 330 U.S. at 302. Additionally, "imprisonment for a definite period
28  of time, regardless of the contemnor's future actions, is criminal because the contemnor is

furnished no key." *Lasar*, 399 F.3d at 1110. If a court elects to impose criminal penalties, the defendant must be afforded the protections that the Constitution requires of criminal proceedings. *See Bagwell*, 512 U.S. at 826. "These protections include the privilege against self-incrimination, proof beyond a reasonable doubt, and, in cases where a contemnor faces imprisonment of more than six months, the right to a jury trial." *Von Haar v. City of Mountain View*, No. 10-CV-02995-LHK, 2012 U.S. Dist. LEXIS 164411, 2012 WL 5828511, at *9 (N.D. Cal. Nov. 15, 2012) (citing *Int'l Union*, 512 U.S. at 826-27). The right to a jury trial can, therefore, become necessary when serious criminal sanction fines are imposed. *Int'l Union*, 512 U.S. at 833. Thus, be it for civil or criminal contempt, courts have broad contempt powers to punish by fine or imprisonment those who disobey or resist court orders, *see* 18 U.S.C. § 401, and courts have broad discretion in determining whether and to what extent they should exercise their contempt powers. *See Green v. United States*, 356 U.S. 165, 188 (1958).

   The undersigned finds that Mr. Yan has clearly been in contempt by disobeying <u>numerous</u> orders of this court for at least several years. Years ago, Mr. Yan was repeatedly ordered by Judges Corley and Seeborg to execute the IRS Form 4506 (*see* R&R (dkt. 139) at 4; *see also* Order of January 15, 2020 (dkt. 143) at 2) – he has ignored those orders with impunity. Mr. Yan was given yet another chance to purge his longstanding contempt by the undersigned. On November 1, 2022, during oral argument at his show cause hearing, the undersigned once again ordered Mr. Yan "to sign and execute the IRS Form 4506 for the tax years in question forthwith" (*see* dkt. 154) –Mr. Yan ignored that order as well. Clearly, the imposition of the $500 daily fine has failed to induce Mr. Yan's obedience. Indeed, Mr. Yan has ignored and flouted the orders of this court for such a length of time now as to leave the court with only two choices – the court can overlook his longstanding and continuing course of contempt for judicial authority (thereby indirectly establishing that compliance with the orders of this court is not necessarily mandatory), or the court can find him in civil contempt and commit him to the custody of the U.S. Marshal until such time as he obeys the court's orders and executes the IRS Form 4506 for the tax years in question. The undersigned concludes that Mr. Yan has left this court no alterative but to find him in civil contempt and to order his imprisonment until such time that he purges his contempt by

executing the IRS Form 4506. One way or another, Mr. Yan must be made to understand that the orders of this court must be obeyed.

### CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Ms. Lei's Motion (dkt. 145) be **DENIED** to the extent it seeks an award of $862,000.00 worth of court-imposed coercive civil fines to be paid directly to her; and, **GRANTED** as to the request to find Mr. Yan in civil contempt such that a warrant should issue to secure Mr. Yan's arrest and his custodial imprisonment until such time that he obeys the court's orders for him to execute the IRS Form 4506 for the tax years from 2014 to 2018.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: November 21, 2022

ROBERT M. ILLMAN
United States Magistrate Judge