DEMAS YAN
100 Pine St #1250
San Francisco, CA 94111
Phone (415) 867-5797
Appellant in Pro Se

UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

    Appellant,

vs.

TONY FU et al.,

    Appellees.

Case No.: 3:11-CV-01814-RS

DEMAS YAN'S OBJECTION TO REPORT AND RECOMMENDATIONS re [145] MOTION Motion for Entry of Judgment for Accrued Sanctions and for Order to Show Cause re Imprisonment of Demas Yan for Contempt filed by Crystal Lei

Objections due by 12/5/2022
Signed by Judge on 11/21/2022
Magistrate Judge: Robert M. Illman

Defendant YAN objects to the REPORT AND RECOMMENDATIONS (Report)(Doc. #162) as follows:

THE REPORT OMITTED YAN'S OFFER OF PROOF THAT HE HAD COMPLIED WITH ORDER FOR PRODUCTION OF TAX RETURNS

The Report recommended "Mr. Yan's arrest and his custodial imprisonment" for the stated reason that "[t]he undersigned finds that Mr. Yan has clearly been in contempt by disobeying numerous orders of this court for at least several years." But this finding ignored Yan's offer of proof that he had complied with the original court order [Document 128 Filed on 04/10/19] to produce tax returns for years 2014 to 2016. Plaintiffs' counsel had made the unsubstantiated allegation that the tax returns produced by Yan had been altered. To proof the falsity of that accusation, Yan had offered to provide, for the Court and plaintiffs' review, the official IRS tax

- 1 -

transcripts for those tax years - which will prove that the returns sent on April 24, 2019 had not been altered. Plaintiffs'rejected that offer out-of-hand, which demonstrates that plaintiffs have no real interest in obtaining the data on those tax returns.

Without verifying Yan's offer of proof that in fact the returns produced on April 24, 2019 were actual returns in accordance with the court order, the Court is not justified in stating that Yan had been in contempt.

THE REPORT OMITTED YAN'S ASSERTION OF THE PRIVILEGE AGAINST SELF INCRIMINATION

Yan had offered to provide proof that there is an active IRS audit of Yan's tax returns, which occurred soon after the original court order [Document 128] was filed on 04/10/19. Since the audit is a new fact and change in circumstance, Yan is justified in asserting the privilege.

Plaintffs, in their response to Yan's assertion of this privilege, had cited to *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs. ("AAOT")*, 96 Civ. 9056 (JGK) (AJP), 1998 U.S. Dist. LEXIS 14401 (S.D.N.Y. Sep. 11, 1998), arguing that information voluntarily provided in tax returns are not privileged. Plaintiffs are confusion the issues. Here, Yan is objecting to the compelled production of tax returns. *AAOT* actually supports Yan's position, stating that there is an "act of production" privilege against self-incrimation:

> The courts, however, have adopted the "act of production" doctrine to protect individuals from incriminating themselves by having to produce documents under appropriate circumstances: "While the contents of voluntarily prepared documents are not privileged, the act of producing them" may be privileged. (Citations.) The act of producing documents may be privileged because "the act of producing evidence in response to a subpoena . . . has communicative aspects of its own, wholly aside from the contents of the papers produced." (Citations) The act of production "may require incriminating testimony in two situations: (1) 'if the existence and location of the subpoenaed papers

are unknown . . .'; or (2) where production would 'implicitly authenticate' the documents." (Citations.)

*[Id.* at 1998 U.S. Dist. LEXIS 14401, *34-35.]

The right against self incrimination is provided by the Fifth Amendment to the US Constitution**.** The Fifth Amendment privilege can be raised at any time or any stage of a proceeding.  A waiver of the Fifth Amendment privilege at one state of a proceeding is not a waiver of that right for other stages." *United States v. TrejoZambrano*, 582 F.2d 460, 464 (9th Cir.1978).  Hence, Yan has the right to assert the privilege, and the Court should not equate the assertion of privilege as contempt of court.

CONCLUSION

Yan is still willing to provide the official tax transcripts to resolve this dispute, if Plaintiffs' motive is really in getting the data to the tax returns.  For the reasons stated, the Court should revise the Report accordingly.

Dated:  11/30/2022
/s/Demas Yan

- 3 -