UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAS YAN,

    Appellant,

v.

CRYSTAL LEI, et al.,

    Appellees.

Case No. 11-cv-01814-RS

**ORDER**

The assigned magistrate judge has issued a Report and Recommendation for the disposition of appellee Crystal Lei's motion requesting entry of a monetary judgment for accrued sanctions against appellant Demas Yan and in her favor, as well as an order holding Yan in civil contempt and imprisoning him until such time as he obeys a prior court order to execute IRS Form 4506 for tax years 2014 through 2018. Also pending is Lei's motion to expand the scope of the magistrate judge's recommendation to include tax years 2019 through 2021.

The record reflects the lengthy history of Yan's litigation misconduct in this and related matters growing out of his underlying bankruptcy proceeding, including a determination by the Ninth Circuit that his appeal of the initial decision herein was frivolous and sanctionable. The Circuit Court ultimately awarded attorney fees and non-taxable expenses in the amount of $35,004.71 in favor of Crystal Lei, Wei Suen, Bryant Fu, and Stella Hong Chen and against Yan.

Yan's subsequent recalcitrance and repeated flouting of court orders in connection with Lei's efforts to recover that award is summarized in the pending Report and Recommendation and

in an earlier Report and Recommendation issued by the previously assigned magistrate judge. See Dkt. No. 139. Yan's pattern of evasiveness and presentation of frivolous arguments has persisted through the proceedings that led to the current Report and Recommendation and in his objection to it. See Dkt. No. 163

The magistrate judge recommends denying Lei's motion to the extent it requests entry of a monetary judgment in her favor for $862,000 in sanctions that have been accruing on a daily basis since January 15, 2020. See Dkt. 143. The magistrate judge correctly concluded that nothing in that sanction order permits payment of the daily sanctions to Lei. No party has objected to that portion of the Report and Recommendation, and it is hereby adopted. While the amount remains due and owing to the court registry, no further action on it will be taken at this juncture. This ruling, however, does not relieve Yan of his obligation to pay Lei the sum of $2500 awarded as attorney fees in the January 15, 2020, order, or the earlier award of $7,968.75 in fees as provided by an order issued March 19, 2018. Dkt. No. 91. Nor, of course, does it relieve Yan of his obligation to pay the $35,004.71 awarded by the Ninth Circuit.

The magistrate judge further recommends that Yan be found in civil contempt such that a warrant issues to secure his arrest and custodial imprisonment until he obeys the court's orders for him to execute the IRS Form 4506 for the tax years from 2014 to 2018. As noted, Lei moves to expand the scope of Yan's obligation to execute Form 4506 to include tax years 2019 through 2021. Lei's request arises from the fact that Yan has delayed his compliance with the prior orders for years, such that more recent tax year returns should be available. Yan has not responded to Lei's motion to include the additional years.

Although Yan cannot yet be held in contempt for not having previously executed Form 4506 for tax years 2019 through 2021, it is appropriate to include those years in this order as to what Yan must now do. It is appropriate now to hold Yan in civil contempt for his failure to comply with prior orders to provide Lei with an executed Form 4506 for each tax year from 2014 through 2018.

Yan's objection to the Report and Recommendation asserts the magistrate judge failed to

consider his "offer of proof" that he had complied with the original court order to produce his tax returns for tax years 2014 -2018. This argument is frivolous because the orders requiring Yan to execute Form 4506 for the years in question expressly rejected his contention that he had adequately satisfied his obligation to produce the returns. See, e.g., Dkt. Nos. 128, 143. Yan's further objection that he has a Fifth Amendment privilege not to comply is likewise frivolous, and has been rejected in prior orders. See, e.g., Dkt. No. 72.

Accordingly, the recommendation to hold Yan in civil contempt and to issue a warrant to secure his arrest and custodial imprisonment will be adopted, with the following condition. In the event that no later than 5:00 p.m., February 2, 2023, Yan files a declaration that he has caused a fully executed Form 4506 for each tax year from 2014 through 2021 to be delivered to Lei's counsel of record, no final finding of contempt will issue. If Yan does not comply, however, an order finding him in contempt and issuing a warrant for his arrest and imprisonment will be entered without further notice.

**IT IS SO ORDERED**.

Dated: January 23, 2023

_____
RICHARD SEEBORG
Chief United States District Judge